ORIGINAL

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   CHARLENE M. MORROW (CSB No. 136411)
    cmorrow@fenwick.com
2   VIRGINIA K. DEMARCHI (CSB No. 168633)
    vdemarchi@fenwick.com
3   RACHAEL G. SAMBERG (CSB No. 223694)
    rsamberg@fenwick.com
4   KIMBERLY CULP (CSB No. 238839)
    kculp@fenwick.com
5   SALAM RAFEEDIE (CBS No. 250191)
    srafeedie@fenwick.com
6   FENWICK & WEST LLP
    Silicon Valley Center
7   801 California Street
    Mountain View, CA 94041
8   Telephone: (650) 988-8500
    Facsimile: (650) 938-5200
9
    Attorneys for Plaintiff
10  JOBY, INC.

11              UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13

14  JOBY, INC.,                          Case No. _____

15                Plaintiff,             **COMPLAINT FOR TRADE DRESS
                                         INFRINGEMENT; UNFAIR
16  v.                                   COMPETITION AND FALSE
                                         DESIGNATION OF ORIGIN;
17  TOCAD AMERICA, INC.,                 CALIFORNIA STATUTORY UNFAIR
                                         COMPETITION; CALIFORNIA
18                Defendant.             STATUTORY FALSE ADVERTISING;
                                         AND CALIFORNIA COMMON LAW
19                                       UNFAIR COMPETITION**

20                                       **DEMAND FOR JURY TRIAL**

21

22      Plaintiff Joby, Inc. ("Joby") hereby avers for its Complaint against Defendants ToCAD

23  America, Inc. ("Tocad") as follows:

24                            **PARTIES**

25      1.      Plaintiff Joby, Inc. f/k/a Joby Design, Inc., is a California corporation with its

26  principal place of business at 1535 Mission Street, San Francisco, California 94103.

27      2.      On information and belief, defendant Tocad is a Delaware corporation with its

28  principal place of business at 53 Green Pond Road, Ste 5, Rockaway, New Jersey 07866.

COMPLAINT FOR TRADE DRESS INFRINGEMENT

1

## JURISDICTION

2    3.    Joby files this action against Tocad for trade dress infringement, false designation

3  of origin and unfair competition under the Lanham Act (15 U.S.C. § 1051, *et seq*.), and for a

4  related claims of statutory unfair competition and false advertising under of the laws of the State

5  of California and California common law unfair competition.  This Court has subject matter

6  jurisdiction of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b),

7  and 1367.  In addition, because there is complete diversity among the parties and because the

8  amount in controversy well exceeds $75,000, exclusive of interest and costs, the Court has

9  jurisdiction of this action pursuant to 28 U.S.C. § 1332(a).

10    4.    Joby avers upon information and belief that Tocad has committed the acts

11  complained of within the Northern District of California.  Joby further avers upon information

12  and belief that Tocad engages in substantial business within this District, including promoting its

13  infringing product to customers in this District, and that this business and other activity would

14  constitute sufficient contact with this District to subject Tocad to personal jurisdiction within this

15  District.

16

## VENUE

17    5.    Because Tocad is subject to personal jurisdiction in the Northern District of

18  California by virtue of the acts averred upon information and belief in paragraph 4, venue is

19  proper in this Court pursuant to 28 U.S.C. §§ 1391(b).

20

## INTRADISTRICT ASSIGNMENT

21    6.    This action is properly assigned to the San Francisco Division of the United States

22  District Court for the Northern District of California because Tocad's wrongful acts have

23  damaged, and will continue to damage, Joby at its principal place of business in the City and

24  County of San Francisco and because those wrongful acts are occurring in, and will continue to

25  occur in, among other locations, the County of San Francisco, and are directed against Joby's

26  intellectual property situated in the County of San Francisco.

27  ///

28  ///

COMPLAINT FOR TRADE DRESS INFRINGEMENT                                              2

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1

## JOBY'S GORILLAPOD® TRIPOD AND TRADE DRESS

2      7.      Joby is, and for many years, has been, engaged in the design, development,

3  manufacture, marketing, and sale of a flexible camera tripod called the "Gorillapod®." Joby sells

4  the Gorillapod® in interstate commerce throughout the nation, including in this judicial district.

5      8.      Joby uses a distinctive design for the Gorillapod®. Joby has consistently used this

6  design in interstate commerce since early 2006. Through such use, and through Joby's marketing

7  and promotional efforts, the Gorillapod® design has come to be associated with Joby and/or with

8  the Gorillapod® brand. Joby's distinctive design includes, but is not limited to the non-functional

9  aspects of multiple rounded segments (or "balls") appearing in a "chain," "string" or series

10  arrangement for each leg of the tripod, with each segment having a ring around the middle.

11  Representative images of the Gorillapod® design are attached hereto as Exhibit A.

12      9.      Joby, its distributors and its retailers have spent approximately $1 million since

13  early 2006 to market, advertise and otherwise promote the Gorillapod®, including its distinctive

14  design, in interstate commerce. Virtually all of Joby's marketing and advertising of the

15  Gorillapod® have used the distinctive Gorillapod® design described above.

16      10.      As a result of the consistent use by Joby of the Gorillapod® design since early

17  2006 and Joby's extensive marketing, advertising other promotion of the tripod, all in interstate

18  commerce, the Gorillapod® has become well known and recognized by purchasers by its

19  distinctive design.

20

## TOCAD'S FLEXIBLE CAMERA TRIPOD

21      11.      Upon information and belief, Tocad is also engaged in the design, development,

22  manufacture, marketing, and sale of flexible camera tripods. Tocad manufactures, markets and

23  sells flexible camera tripods called the "FlexPod" and the "FlexPod Plus" (collectively,

24  "FlexPod"), which is a knock-off of Joby's Gorillapod®. Tocad markets and sells the FlexPod in

25  competition with Joby's Gorillapod®. Joby's Gorillapod® and Tocad's FlexPod are distributed

26  in common channels in interstate commerce.

27      12.      Upon information and belief, Tocad has attempted to increase its sales of the

28  FlexPod by using a design that is confusingly similar to Joby's Gorillapod® design. Upon

COMPLAINT FOR TRADE DRESS INFRINGEMENT                                          3

1    information and belief, Tocad has marketed, advertised, promoted, offered for sale and sold, and

2    will continue to market, advertise, promote, offer to sell and sell the FlexPod with the intent to

3    benefit from Joby's reputation, to deceive purchasers as to the source, origin, affiliation or

4    sponsorship of the FlexPod, and to profit from consumer demand for and the goodwill built up in

5    Joby's Gorillapod® and its design. A representative image of the FlexPod Plus is attached hereto

6    as Exhibit B, and a representative image of the FlexPod is attached hereto as Exhibit C.

7        13.    Upon information and belief, Tocad and/or its distributors have used an image or

8    images of Joby's Gorillapod® in advertisements and promotions of the FlexPod.

9        14.    Purchasers of Joby's Gorillapod® have been, and are currently being, confused by

10    Tocad's use of Gorillapod®'s design.

11

### FIRST CLAIM FOR RELIEF

12

**(Trade Dress Infringement and False Designation of Origin, Lanham Act)**

13        15.    Paragraphs 1 - 14 above are hereby incorporated by reference as if fully set forth

14    this in this claim.

15        16.    Joby's Gorillapod® trade dress is inherently distinctive and/or has acquired

16    secondary meaning.

17        17.    Joby's Gorillapod® trade dress is non-functional.

18        18.    Joby has used the Gorillapod® trade dress in connection with its flexible camera

19    tripod since significantly prior to Tocad's first use of its trade dress for its FlexPod tripods.

20        19.    Tocad uses the FlexPod trade dress for the same type of products for which Joby

21    uses its Gorillapod® trade dress. Tocad's FlexPod trade dress is so similar to Joby's distinctive

22    Gorillapod® trade dress as to be likely to cause confusion, mistake or deception among

23    purchasers, users and the public as to the source, origin, sponsorship or quality of goods, and is

24    likely to confuse the public into believing that Joby is the source or sponsor of Tocad's goods and

25    services, thereby causing loss, damage and injury to Joby and to the purchasing public.

26        20.    Tocad knew, or by the exercise of reasonable care should have known, that its

27    adoption, commencement of use in commerce and continuing use of the Gorillapod® trade dress

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    in connection with its flexible camera tripod would cause confusion, mistake, or deception among
2    purchases, users and the public.

3        21.    Upon information and belief, Tocad knew of Joby's prior use of the Gorillapod®
4    trade dress, and by adopting, commencing to use, and continuing to use the Gorillapod® trade
5    dress, Tocad intended to and did induce and intends to and will induce customers to purchase its
6    flexible camera tripod products by trading off the extensive goodwill built up by Joby in its
7    Gorillapod® trade dress.

8        22.    Upon information and belief, the foregoing conduct by Tocad has been knowing,
9    deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard
10    of Joby's rights.

11       23.    The foregoing actions of Tocad violate Joby's rights under Section 43(a) of the
12    Lanham Act, 15 U.S.C. § 1125(a).

13       24.    Tocad's wrongful conduct, as averred above, has permitted and will permit it to
14    make substantial sales and profits on the strength of Joby's nationwide marketing, advertising,
15    sales and consumer recognition. Joby seeks an accounting of Tocad's profits, and requests that
16    the Court grant Joby three times that amount in the Court's discretion.

17       25.    As a direct and proximate result of Tocad's wrongful conduct, as averred above,
18    Joby has been and will be deprived of substantial sales of its flexible camera tripods in an amount
19    as yet unknown but to be determined at trial, and has been and will be deprived of the value of its
20    Gorillapod® trade dress as a commercial asset, in an amount as yet unknown but to be
21    determined at trial. Joby seeks its actual damages, and requests that the Court grant Joby three
22    times that amount of its actual damages in the Court's discretion.

23       26.    Joby has no adequate remedy at law for Tocad's continuing violation of its rights
24    as set forth above. Joby seeks preliminary and permanent injunctive relief.

25       27.    Pursuant to 15 U.S.C. § 1118, Joby asks the Court for an order forcing Tocad to
26    deliver up for destruction all labels, signs, prints, advertisements, and other materials in the
27    possession of Tocad that infringe upon Joby's rights.

28    ///

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

## SECOND CLAIM FOR RELIEF

### (Unfair Competition, Lanham Act)

28.    Paragraphs 1 - 27 above are hereby incorporated by reference as if fully set forth this in this claim.

29.    Tocad's conduct, as averred above, includes the making of false or misleading representations or statements of fact that are likely to cause confusion, mistake or deception among purchasers, users and the public as to the source, origin, sponsorship or quality of goods, and is likely to confuse the public into believing that Joby is the source or sponsor of Tocad's goods and services, thereby causing loss, damage and injury to Joby and to the purchasing public.

30.    Tocad knew, or by the exercise of reasonable care should have known, that its adoption, commencement of use in commerce and continuing use of the Gorillapod® design in connection with its flexible camera tripod would cause confusion, mistake, or deception among purchases, users and the public.

31.    Upon information and belief, Tocad knew of Joby's prior use of the Gorillapod® design, and by adopting, commencing to use, and continuing to use the Gorillapod® design, Tocad intended to and did induce and intends to and will induce customers to purchase its flexible camera tripod products by trading off the extensive goodwill built up by Joby in its Gorillapod® design.

32.    Upon information and belief, the foregoing conduct by Tocad has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Joby's rights.

33.    By its use of Joby's Gorillapod® design in connection with its flexible camera tripods in advertisements and promotions, Tocad has engaged in acts which constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34.    Tocad's unfair competition, as averred above, has permitted and will permit it to make substantial sales and profits on the strength of Joby's nationwide marketing, advertising, sales and consumer recognition. Joby seeks an accounting of Tocad's profits, and requests that the Court grant Joby three times that amount in the Court's discretion.

COMPLAINT FOR TRADE DRESS INFRINGEMENT                                                     6

1    35.    As a direct and proximate result of Tocad's unfair competition, as averred above,

2    Joby has been and will be deprived of substantial sales of its flexible camera tripods in an amount

3    as yet unknown but to be determined at trial, and has been and will be deprived of the value of its

4    Gorillapod® design as a commercial asset, in an amount as yet unknown but to be determined at

5    trial. Joby seeks its actual damages, and requests that the Court grant Joby three times that

6    amount of its actual damages in the Court's discretion.

7    36.    Joby has no adequate remedy at law for Tocad's continuing violation of its rights

8    as set forth above. Joby seeks preliminary and permanent injunctive relief.

9    37.    Pursuant to 15 U.S.C. § 1118, Joby asks the Court for an order forcing Tocad to

10    deliver up for destruction all labels, signs, prints, advertisements, and other materials in the

11    possession of Tocad that infringe upon Joby's rights.

12                              **THIRD CLAIM FOR RELIEF**

13              **(Unfair Competition, California Business and Professions Code)**

14    38.    Paragraphs 1 - 37 above are hereby incorporated by reference as if fully set forth in

15    this claim.

16    39.    By marketing, advertising, promoting and using the Gorillapod® design, Tocad

17    has engaged in unfair competition including unlawful, unfair and fraudulent business practices, in

18    violation of Joby's rights and in violation of California Business and Professions Code Sections

19    17200 through 17208.

20    40.    Tocad's use of Joby's Gorillapod® design is in violation and derogation of Joby's

21    rights and is likely to cause confusion, mistake and deception among purchasers and the public as

22    to the source, origin, sponsorship, or quality of Tocad's flexible camera tripods, thereby causing

23    loss, damage and injury to Joby and to the purchasing public.

24    41.    Tocad knew, or by the exercise of reasonable care should have known, that its

25    adoption, commencement of use in commerce and continuing use of the Gorillapod® design in

26    connection with its flexible camera tripod would cause confusion, mistake, or deception among

27    purchases, users and the public.

28    42.    Upon information and belief, Tocad knew of Joby's prior use of the Gorillapod®

COMPLAINT FOR TRADE DRESS INFRINGEMENT                                              7

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    design, and by adopting, commencing to use, and continuing to use the Gorillapod® design,

2    Tocad intended to and did induce and intends to and will induce customers to purchase its flexible

3    camera tripod products by trading off the extensive goodwill built up by Joby in its Gorillapod®

4    design.

5    43.    Upon information and belief, the foregoing conduct by Tocad has been knowing,

6    deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard

7    of Joby's rights.

8    44.    As a direct and proximate result of Tocad's wrongful conduct, as averred above,

9    Joby has been and will be deprived of substantial sales of its flexible camera tripods in an amount

10    as yet unknown but to be determined at trial, and has been and will be deprived of the value of its

11    Gorillapod® design as a commercial asset, in an amount as yet unknown but to be determined at

12    trial. Joby seeks an accounting and restitution from Tocad in an amount to be determined at trial.

13    45.    As a direct and proximate result of Tocad's violation of California Business and

14    Professions Code Sections 17200 through 17208, Joby has suffered and will continue to suffer

15    irreparable harm, including, but not limited to, harm to its business reputation and goodwill. Joby

16    has no adequate remedy at law for Tocad's continuing violation of its rights as set forth above.

17    Joby seeks preliminary and permanent injunctive relief.

18    **FOURTH CLAIM FOR RELIEF**

19    **(False Advertising, California Business and Professions Code)**

20    46.    Paragraphs 1 - 45 above are hereby incorporated by reference as if fully set forth in

21    this claim.

22    47.    Tocad's conduct, as averred above, includes the making of false or misleading

23    representations or statements of fact that are likely to cause confusion, mistake or deception

24    among purchasers, users and the public as to the nature, characteristics, qualities, source, origin,

25    or sponsorship of goods, and is likely to confuse the public into believing that Joby is the source

26    or sponsor of Tocad's goods and services, thereby causing loss, damage and injury to Joby and to

27    the purchasing public in violation of California Business and Professions Code § 17500.

28    48.    Tocad knew, or by the exercise of reasonable care should have known, that its

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

COMPLAINT FOR TRADE DRESS INFRINGEMENT    8

1    false advertising would cause confusion, mistake, or deception among purchases, users and the
2    public.

3        49.    Upon information and belief, Tocad knew of Joby's prior use of the Gorillapod®
4    design, and by adopting, commencing to use, and continuing to use the Gorillapod® design in its
5    advertising and promotions, Tocad intended to and did induce and intends to and will induce
6    customers to purchase its flexible camera tripod products by trading off the extensive goodwill
7    built up by Joby in its Gorillapod® design.

8        50.    Upon information and belief, the foregoing conduct by Tocad has been knowing,
9    deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard
10   of Joby's rights.

11       51.    As a direct and proximate result of Tocad's false advertising, as averred above,
12   Joby has been and will be deprived of substantial sales of its flexible camera tripods in an amount
13   as yet unknown but to be determined at trial, and has been and will be deprived of the value of its
14   Gorillapod® design as a commercial asset, in an amount as yet unknown but to be determined at
15   trial. Joby seeks an accounting and restitution from Tocad in an amount to be determined at trial.

16       52.    As a direct and proximate result of Tocad's false advertising, Joby has suffered
17   and will continue to suffer irreparable harm, including, but not limited to, harm to its business
18   reputation and goodwill. Joby has no adequate remedy at law for Tocad's continuing violation of
19   its rights as set forth above. Joby seeks preliminary and permanent injunctive relief.

20                           **FIFTH CLAIM FOR RELIEF**

21                        **(Common Law Unfair Competition)**

22       53.    Paragraphs 1 - 52 above are hereby incorporated by reference as if fully set forth in
23   this claim.

24       54.    By marketing, advertising, promoting and using the Gorillapod® design, Tocad
25   has engaged in unfair competition including unlawful, unfair and fraudulent business practices, in
26   violation of Joby's rights and in violation of common law of the State of California.

27       55.    Tocad's use of Joby's Gorillapod® design is in violation and derogation of Joby's
28   rights and is likely to cause confusion, mistake and deception among purchasers and the public as

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  to the source, origin, sponsorship, or quality of Tocad's flexible camera tripods, thereby causing

2  loss, damage and injury to Joby and to the purchasing public.

3      56.     Tocad knew, or by the exercise of reasonable care should have known, that its

4  adoption, commencement of use in commerce and continuing use of the Gorillapod® design in

5  connection with its flexible camera tripod would cause confusion, mistake, or deception among

6  purchases, users and the public.

7      57.     Upon information and belief, Tocad knew of Joby's prior use of the Gorillapod®

8  design, and by adopting, commencing to use, and continuing to use the Gorillapod® design,

9  Tocad intended to and did induce and intends to and will induce customers to purchase its flexible

10  camera tripod products by trading off the extensive goodwill built up by Joby in its Gorillapod®

11  design.

12      58.     Upon information and belief, the foregoing conduct by Tocad has been knowing,

13  deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard

14  of Joby's rights.

15      59.     Tocad's wrongful conduct, as averred above, has permitted and will permit it to

16  make substantial sales and profits on the strength of Joby's nationwide marketing, advertising,

17  sales and consumer recognition.  Joby seeks disgorgement of Tocad's profits due to this unfair

18  competition.

19      60.     As a direct and proximate result of Tocad's wrongful conduct, as averred above,

20  Joby has been and will be deprived of substantial sales of its flexible camera tripods in an amount

21  as yet unknown but to be determined at trial, and has been and will be deprived of the value of its

22  Gorillapod® design as a commercial asset, in an amount as yet unknown but to be determined at

23  trial.  Joby seeks its actual and/or compensatory damages.

24      61.     As a direct and proximate result of Tocad's violation of California Business and

25  Professions Code Sections 17200 through 17208, Joby has suffered and will continue to suffer

26  irreparable harm, including, but not limited to, harm to its business reputation and goodwill.  Joby

27  has no adequate remedy at law for Tocad's continuing violation of its rights as set forth above.

28  Joby seeks preliminary and permanent injunctive relief.

COMPLAINT FOR TRADE DRESS INFRINGEMENT                                                    10

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    62.    Joby seeks exemplary and/or punitive damages for Tocad's intentional

2    misconduct.

3    **PRAYER FOR RELIEF**

4    **WHEREFORE,** Joby prays for judgment in its favor and against Tocad as follows:

5    1.    For an order from the Court, pursuant to 15 U.S.C. § 1116(a), Fed. R. Civ. P. 65,

6    and California Business and Professions Code § 17200, *et seq.*, preliminarily and permanently

7    enjoining and restraining Tocad, Tocad's officers, agents, servants, employees, attorneys and all

8    others in active concert or in participation with Tocad from using Joby's Gorillapod® design, any

9    colorable imitation of it, or any design confusingly similar to it, in connection with the promotion,

10    sale, display, or distribution of flexible camera tripods;

11    2.    For an order from the Court requiring that Tocad deliver up for destruction all labels,

12    signs, prints, advertisements, and other materials that infringe Joby's statutory and common law

13    trade dress rights, or are a result of any false designation of origin or unfair competition by

14    Tocad;

15    3.    For an order from the Court directing Tocad, pursuant to 15 U.S.C. §1118(a), to file

16    with this Court and serve upon Joby within 30 days after service of the injunction, a report in

17    writing under oath setting forth in detail the manner an form in which Tocad has complied with

18    the injunction;

19    4.    For an accounting of all profits received by Tocad from the sale of flexible camera

20    tripods that infringe on Joby's statutory and common law trade dress rights and for damages

21    sustained by Joby because of Tocad's infringement, false designation of origin and unfair

22    competition;

23    5.    For an award to Joby of damages in an amount equal to three times Tocad's profits;

24    6.    For an award of actual and/or compensatory damages;

25    7.    For an award of up to three times the amount of Joby's actual and/or compensatory

26    damages in an amount to be determined;

27    8.    For an award of punitive or exemplary damages in an amount to be determined;

28    9.    For an award of Joby's costs, including reasonable attorneys' fees, of this action; and

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    10. For an order awarding Joby such other and further relief as the Court deems just and

2    proper.

3

4    Dated: December 21, 2007                    FENWICK & WEST LLP

5

6                                               By: _Virginia K. DeMarchi_
                                                   Virginia K. DeMarchi
7

8                                               Attorneys for Plaintiff
                                                JOBY, INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    **JURY DEMAND**

2       Pursuant to Fed. R. Civ. P. 38 and Local Rule 3-6, Joby demands a jury trial on all issues

3    triable to a jury.

4

5                                           FENWICK & WEST LLP

6

7                                           By: Virginia K. DeMarchi
                                                Virginia K. DeMarchi

8                                           Attorneys for Plaintiff
                                            JOBY, INC.
9

10
    25933/00400/LIT/1277314.6
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR TRADE DRESS INFRINGEMENT                                          13

# Exhibit A

EXHIBIT A



# Exhibit B



EXHIBIT B

# Exhibit C



EXHIBIT C