# Exhibit K




Michael O. Warnecke
PHONE: (312) 324-8549
FAX: (312) 324-9549
EMAIL: MWarnecke@perkinscoie.com

131 S. Dearborn Street, Suite 1700
Chicago, IL 60603-5559
PHONE: 312.324.8400
FAX: 312.324.9400
www.perkinscoie.com

October 4, 2007

### VIA FACSIMILE AND U.S. MAIL

Rachael G. Samberg
Fenwick & West LLP
555 California Street, 12th Floor
San Francisco, CA 94104

Re:   Joby Gorillapod

Dear Rachael

I am writing this letter in response to your October 1, 2007, letter to Photographic Research Organization, Inc. ("PRO"). As you know, I represent Tocad, the company which supplies the "Promaster Robopod Tripod." I am surprised that you wrote to one of Tocad's customers since there have been several letters back and forth between your firm (Ms. Morrow) and me since April 2007 regarding Gorillapod and Tocad's Flexpod product. As part of our dialogue, we raised the issue regarding Joby making unfounded comments on your client's product (Gorillapod) being patented and asked you to clarify. Finally, you admitted no patent had been granted and said a patent application had been published (your September 6, 2007, letter). To this day, there is still no patent protection granted by the PTO.

In our September 7, 2007, letter, we raised again the issue of baseless comments being made by Joby representatives to, among others, PRO. We asked for information on the admitted prior public use some ten years before the patent filing date and you have provided no information. Now, Joby's response is to harass one of our valuable customers on an issue we have been dealing with as the supplier. We can only conclude you wish to engage in unfair competition, a position we will not tolerate. Also, your statement in your October 1, 2007, letter that Joby will sue "for patent infringement" is nonsense. No patent has issued and, thus, no rights exist to collect any damages, even under § 154. (See (d)(2)(3)).

Now, as to your § 43(a) claim, you know that there is a significant burden on Joby's shoulders to prove distinctiveness. What evidence do you have to support such a claim of distinctiveness?

LEGAL13616983.1

ANCHORAGE · BEIJING · BELLEVUE · BOISE · CHICAGO · DENVER · LOS ANGELES
MENLO PARK · OLYMPIA · PHOENIX · PORTLAND · SAN FRANCISCO · SEATTLE · WASHINGTON, D.C.
Perkins Coie LLP and Affiliates

Rachael G. Samberg
October 4, 2007
Page 2

Bottom line is:

1. Joby has no existing patent protection and should refrain from suggesting it has, unless and until the PTO grants a patent.

2. There is a significant issue of prior public use by the inventor himself, as admitted in his declaration. You have not responded to my request for details.

3. There is no objective evidence of the distinctiveness of the Gorillapod which would bring into play § 43(a).

4. Your decision to send a letter to our customer at the same time you were dealing with Tocad, the supplier, perspicuously reveals Joby's intention to engage in unfair competition and harassment. This type of activity is clearly actionable.

Sincerely,

Michael O. Warnecke

MOW:mkc

cc:  Richard Darrow

LEGAL13616983.1