# Exhibit M

**FENWICK & WEST LLP**

SILICON VALLEY CENTER    801 CALIFORNIA STREET    MOUNTAIN VIEW, CA 94041
TEL 650.988.8500    FAX 650.938.5200    WWW.FENWICK.COM

December 21, 2007

VIRGINIA K. DEMARCHI

EMAIL VDEMARCHI@FENWICK.COM
DIRECT DIAL (650) 335-7967

**VIA U.S. MAIL AND FACSIMILE**
(312-324-9400)

Michael O. Warnecke
Perkins Coie
131 S. Dearborn Street, Suite 1700
Chicago, IL 60603-5559

Re:   Joby *Gorillapod*

Dear Mr. Warnecke,

We decline to respond to the gratuitous posturing and general incivility in your letters of October 4, 2007. We instead write to put Tocad on notice that Joby's patent Application No. 20070212163 has been published. As with Joby's other published patent application of which Tocad is already on notice, any continued use, sale, offer for sale, making, or importation of Tocad's knock-off products risks potential liability for a royalty up through the time of the patent's issuance. *See* 35 U.S.C. § 154.

We disagree with your position that because Joby's present patent claims have not been approved, its provisional rights notice is somehow ineffective. Over the course of prosecuting any patent, various claims are rejected then amended and accepted. That does not make the published application – or formal notice thereof – any less valid or effective with respect to Joby's rights or Tocad's liability for its actions. The provisional notice will be effective as long as at least one claim that issues is substantially similar to material in the published application, and as you know, multiple published applications are pending.

Please also note that Joby is presently pursuing design patent applications. At the appropriate juncture, we will provide more information on them.

Moreover, Tocad's posturing with respect to the status of Joby's patent applications does not absolve Tocad of its accruing liability for trade dress infringement and false advertising. As you are aware, trade dress protects non-functional aspects of a product and can "include features such as size, shape, color or color combinations, texture, graphics, or even particular sales techniques." *See, e.g. Two Pesos v. Taco Cabana*, 505 U.S. 763, 764 n.1 (1992). In evaluating trade dress infringement, among other things, a court considers the likelihood of confusion.

Michael O. Warnecke
December 21, 2007
Page 2

Joby's trade dress is highly distinctive. In fact, your client and its distributors have traded on the distinctiveness of the trade dress in the marketing collateral used to promote Tocad's knock-offs. Tocad's protestations notwithstanding, it is apparent from the images themselves that the product depicted in the marketing collateral used to promote Tocad's knock-offs is, in fact, a Joby Gorillapod. As for the likelihood of confusion, the Tocad knock-offs employ trade dress that is nearly identical to Joby's. The trade dress is used with the same products, which are sold through similar trade channels. Customers have been, and will continue to be, confused.

We understand, and appreciate, that your client is moving towards a new design of its product (*i.e.*, the FlexPod Plus) in an apparent effort to design around Joby's pending patent claims. However, the changes Tocad may have made or may make to its product to avoid patent infringement do not absolve Tocad of the accruing trade dress and false advertising liability with respect to the FlexPod and FlexPod Plus, both of which copy Gorillapod's look and both of which are advertised and promoted in a way that trades on the association of that design with Joby's product.

We must insist that Tocad immediately cease using the Gorillapod's distinctive design and cease all sales, offers for sale, making, and/or importation of the knock-offs of Joby's Gorillapod product. We enclose as a courtesy a copy of the complaint we have filed, but not yet served, against Tocad. We would prefer to resolve this dispute amicably and without resort to litigation. If your client will agree to make meaningful changes to the FlexPod trade dress and advertising, please advise at your earliest convenience.

Sincerely,

*Virginia K. DeMarchi*
Virginia K. DeMarchi

Enclosure

cc:   Sam Raha, Joby CEO

25933/00402/LIT/1277714.1