**PERKINS COIE LLP**
MICHAEL O. WARNECKE, IL Bar No. 2942291
Email: MWarnecke@perkinscoie.com
*(Pro Hac Vice Application Pending)*
DEBRA R. BERNARD, IL Bar No. 6191217
Email: DBernard@perkinscoie.com
*(Pro Hac Vice Application Pending)*
BRANDY R. MCMILLION, IL Bar No. 6294679
Email: BMcMillion@perkinscoie.com
*(Pro Hac Vice Application Pending)*
131 South Dearborn Street, Suite 1700
Chicago, IL 60603-5559
Telephone: 312.324.8400
Facsimile: 312.324.9400

**PERKINS COIE LLP**
JASON YURASEK (SBN 202131)
Email: JYurasek@perkinscoie.com
Four Embarcadero Center
Suite 2400
San Francisco, CA 94111-4131
Telephone: 415.344.7021
Facsimile: 415.344.7221

Attorneys for Defendant

TOCAD AMERICA, INC.

RECEIVED
2008 APR -7 P 4:59
RICHARD W. WIEKING, CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA.

FILED
APR - 7 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ORIGINAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOBY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TOCAD AMERICA, INC.,<br><br>Defendant. | Case No. 3:07-cv-06455-~~EDL~~ SI<br><br>**ANSWER TO COMPLAINT AFFIRMATIVE DEFENSE AND COUNTERCLAIM** |

29

Defendants ToCAD America, Inc. ("Tocad") hereby answers Plaintiff Joby, Inc.'s ("Joby") Complaint for Trade Dress Infringement; Unfair Competition and False Designation of

Origin; California Statutory Unfair Competition; California Statutory False Advertising; and California Common Law Unfair Competition as follows:

**PARTIES**

1. Plaintiff Joby, Inc. f/k/a Joby Design, Inc., is a California corporation with its principal place of business at 1535 Mission Street, San Francisco, California 94103.

**ANSWER**: Defendant admits the allegations in Paragraph 1 of the Complaint.

2. On information and belief, defendant Tocad is a Delaware corporation with its principal place of business at 53 Green Pond Road, Ste 5, Rockaway, New Jersey 07866.

**ANSWER**: Defendant admits the allegations in Paragraph 2 of the Complaint.

**JURISDICTION**

3. Joby files this action against Tocad for trade dress infringement, false designation of origin and unfair competition under the Lanham Act (15 U.S.C. § 1051, et seq.), and for a related claims of statutory unfair competition and false advertising under of the laws of the State of California and California common law unfair competition. This Court has subject matter jurisdiction of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367. In addition, because there is complete diversity among the parties and because the amount in controversy well exceeds $75,000, exclusive of interest and costs, the Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332(a).

**ANSWER**: Defendant admits that Plaintiff filed this action against Defendant alleging various causes of action as alleged in Paragraph 3 of the Complaint. Defendant admits that based on the allegations of the Lanham Act violation, this Court has subject matter jurisdiction of this action. Defendant denies that the amount in controversy "well exceeds" $75,000 and further denies the remaining allegations in Paragraph 3 of the Complaint.

4. Joby avers upon information and belief that Tocad has committed the acts complained of within the Northern District of California. Joby further avers upon information and belief that Tocad engages in substantial business within this District, including promoting its infringing product to customers in this District, and that this business and other activity would

constitute sufficient contact with this District to subject Tocad to personal jurisdiction within this District.

**ANSWER:** Defendant admits that it promotes its product in such a way that those promotions may reach customers in this District. Defendant admits that it is subject to personal jurisdiction within this District but denies the remaining allegations of Paragraph 4 of the Complaint.

**VENUE**

5. Because Tocad is subject to personal jurisdiction in the Northern District of California by virtue of the acts averred upon information and belief in paragraph 4, venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b).

**ANSWER:** Defendant admits that venue is proper in the Northern District of California and denies any remaining allegations in Paragraph 5 of the Complaint.

**INTRADISTRICT ASSIGNMENT**

6. This action is properly assigned to the San Francisco Division of the United States District Court for the Northern District of California because Tocad's wrongful acts have damaged, and will continue to damage, Joby at its principal place of business in the City and County of San Francisco and because those wrongful acts are occurring in, and will continue to occur in, among other locations, the County of San Francisco, and are directed against Joby's intellectual property situated in the County of San Francisco.

**ANSWER:** Defendant admits that this action is properly assigned to the San Francisco Division of the United States District Court but denies the remaining allegations in Paragraph 6 of the Complaint.

**JOBY'S GORILLAPOD® TRIPOD AND TRADE DRESS**

7. Joby is, and for many years, has been, engaged in the design, development, manufacture, marketing, and sale of a flexible camera tripod called the "Gorillapod®." Joby sells the Gorillapod® in interstate commerce throughout the nation, including in this judicial district.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint.

8. Joby uses a distinctive design for the Gorillapod®. Joby has consistently used this design in interstate commerce since early 2006. Through such use, and through Joby's marketing and promotional efforts, the Gorillapod® design has come to be associated with Joby and/or with the Gorillapod® brand. Joby's distinctive design includes, but is not limited to the non-functional aspects of multiple rounded segments (or "balls") appearing in a "chain," "string" or series arrangement for each leg of the tripod, with each segment having a ring around the middle. Representative images of the Gorillapod® design are attached hereto as Exhibit A.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint.

9. Joby, its distributors and its retailers have spent approximately $1 million since early 2006 to market, advertise and otherwise promote the Gorillapod®, including its distinctive design, in interstate commerce. Virtually all of Joby's marketing and advertising of the Gorillapod® have used the distinctive Gorillapod® design described above.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint.

10. As a result of the consistent use by Joby of the Gorillapod® design since early 2006 and Joby's extensive marketing, advertising other promotion of the tripod, all in interstate commerce, the Gorillapod® has become well known and recognized by purchasers by its distinctive design.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint.

## TOCAD'S FLEXIBLE CAMERA TRIPOD

11. Upon information and belief, Tocad is also engaged in the design, development, manufacture, marketing, and sale of flexible camera tripods. Tocad manufactures, markets and sells flexible camera tripods called the "FlexPod" and the "FlexPod Plus" (collectively, "FlexPod"), which is a knock-off of Joby' s Gorillapod®. Tocad markets and sells the FlexPod in competition with Joby's Gorillapod®. Joby's Gorillapod® and Tocad's FlexPod are distributed in common channels in interstate commerce.

**ANSWER:** Defendant admits that Defendant is engaged in the design, development, manufacture, marketing, and sale of flexible camera tripod and manufactures, markets and sells flexible camera tripods called the "FlexPod" and the "FlexPod Plus" (collectively , "Flexpod") as alleged in Paragraph 11 of the Complaint. Defendant denies that the FlexPod is a "knock-off" of Plaintiff's Gorillapod®. Defendant is without knowledge or information sufficient to form a belief as to the truth of whether Gorillapod® and FlexPod are distributed in common channels in interstate commerce.

12. Upon information and belief, Tocad has attempted to increase its sales of the FlexPod by using a design that is confusingly similar to Joby's Gorillapod® design. Upon information and belief, Tocad has marketed, advertised, promoted, offered for sale and sold, and will continue to market, advertise, promote, offer to sell and sell the FlexPod with the intent to benefit from Joby's reputation, to deceive purchasers as to the source, origin, affiliation or sponsorship of the FlexPod, and to profit from consumer demand for and the goodwill built up in Joby's Gorillapod® and its design. A representative image of the FlexPod Plus is attached hereto as Exhibit B, and a representative image of the FlexPod is attached hereto as Exhibit C.

**ANSWER:** Defendant denies the allegations in Paragraph 12 of the Complaint except for the last sentence. Defendant admits that Exhibits B and C appear to be representative images of the FlexPod Plus and FlexPod respectively.

13. Upon information and belief, Tocad and/or its distributors have used an image or images of Joby's Gorillapod® in advertisements and promotions of the FlexPod.

**ANSWER:** Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Purchasers of Joby's Gorillapod® have been, and are currently being, confused by Tocad's use of Gorillapod®'s design.

**ANSWER:** Defendant denies the allegations in Paragraph 14 of the Complaint.

## FIRST CLAIM FOR RELIEF

**(Trade Dress Infringement and False Designation of Origin, Lanham Act)**

15. Paragraphs 1–14 above are hereby incorporated by reference as if fully set forth this in this claim.

**ANSWER**: Defendant repeats and realleges its answers to Paragraphs 1-14 of the Complaint as though fully set forth herein.

16. Joby's Gorillapod® trade dress is inherently distinctive and/or has acquired secondary meaning.

**ANSWER**: Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Joby's Gorillapod® trade dress is non-functional.

**ANSWER**: Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Joby has used the Gorillapod® trade dress in connection with its flexible camera tripod since significantly prior to Tocad's first use of its trade dress for its FlexPod tripods.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.

19. Tocad uses the FlexPod trade dress for the same type of products for which Joby uses its Gorillapod® trade dress. Tocad's FlexPod trade dress is so similar to Joby's distinctive Gorillapod® trade dress as to be likely to cause confusion, mistake or deception among purchasers, users and the public as to the source, origin, sponsorship or quality of goods, and is likely to confuse the public into believing that Joby is the source or sponsor of Tocad's goods and services, thereby causing loss, damage and injury to Joby and to the purchasing public

**ANSWER**: Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Tocad knew, or by the exercise of reasonable care should have known, that its adoption, commencement of use in commerce and continuing use of the Gorillapod® trade dress in connection with its flexible camera tripod would cause confusion, mistake, or deception among purchases, users and the public.

**ANSWER**: Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Upon information and belief, Tocad knew of Joby's prior use of the Gorillapod® trade dress, and by adopting, commencing to use, and continuing to use the Gorillapod® trade dress, Tocad intended to and did induce and intends to and will induce customers to purchase its flexible camera tripod products by trading off the extensive goodwill built up by Joby in its Gorillapod® trade dress.

**ANSWER:** Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Upon information and belief, the foregoing conduct by Tocad has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Joby's rights.

**ANSWER:** Defendant denies the allegations in Paragraph 22 of the Complaint.

23. The foregoing actions of Tocad violate Joby's rights under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

**ANSWER:** Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Tocad's wrongful conduct, as averred above, has permitted and will permit it to make substantial sales and profits on the strength of Joby's nationwide marketing, advertising, sales and consumer recognition. Joby seeks an accounting of Tocad's profits, and requests that the Court grant Joby three times that amount in the Court's discretion.

**ANSWER:** Defendant denies the allegations in the first sentence of Paragraph 24 of the Complaint. Defendant admits that Plaintiff seeks an accounting of Defendant's profits and requests that the Court grant Plaintiff three times that amount but denies that Plaintiff is entitled to such relief as requested in Paragraph 24.

25. As a direct and proximate result of Tocad's wrongful conduct, as averred above, Joby has been and will be deprived of substantial sales of its flexible camera tripods in an amount as yet unknown but to be determined at trial, and has been and will be deprived of the value of its Gorillapod® trade dress as a commercial asset, in an amount as yet unknown but to be determined at trial. Joby seeks its actual damages, and requests that the Court grant Joby three times that amount of its actual damages in the Court's discretion.

**ANSWER:** Defendant denies the allegations in the first sentence of Paragraph 25 of the Complaint. Defendant admits that Plaintiff seeks its actual damages and requests that the Court grant Plaintiff three times that amount but denies that Plaintiff is entitled to such relief as requested in Paragraph 25.

26. Joby has no adequate 'remedy at law for Tocad's continuing violation of its rights as set forth above. Joby seeks preliminary and permanent injunctive relief.

**ANSWER:** Defendant denies the allegations in the first sentence of Paragraph 26 of the Complaint. Defendant admits that Plaintiff seeks preliminary and permanent injunctive relief but denies that Plaintiff is entitled to such relief as requested in Paragraph 26.

27. Pursuant to 15 U.S.C. § 1118, Joby asks the Court for an order forcing Tocad to deliver up for destruction all labels, signs, prints, advertisements, and other materials in the possession of Tocad that infringe upon Joby's rights.

**ANSWER:** Defendant admits that Plaintiff is asking the Court for an order forcing Defendant to deliver up for destruction all labels, signs prints, advertisements, and other materials but denies that Plaintiff is entitled to such relief and denies that any such items infringe on Plaintiff's rights as alleged in Paragraph 27 of the Complaint.

**SECOND CLAIM FOR RELIEF**

**(Unfair Competition, Lanham Act)**

28. Paragraphs 1–27 above are hereby incorporated by reference as if fully set forth this in this claim.

**ANSWER:** Defendant repeats and realleges its answers to Paragraphs 1-27 of the Complaint as though fully set forth herein.

29. Tocad's conduct, as averred above, includes the making of false or misleading representations or statements of fact that are likely to cause confusion, mistake or deception among purchasers, users and the public as to the source, origin, sponsorship or quality of goods, and is likely to confuse the public into believing that Joby is the source or sponsor of Tocad's goods and services, thereby causing loss, damage and injury to Joby and to the purchasing public.

**ANSWER:** Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Tocad knew, or by the exercise of reasonable care should have known, that its adoption, commencement of use in commerce and continuing use of the Gorillapod® design in connection with its flexible camera tripod would cause confusion, mistake, or deception among purchases, users and the public.

**ANSWER:** Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Upon information and belief, Tocad knew of Joby's prior use of the Gorillapod® design, and by adopting, commencing to use, and continuing to use the Gorillapod® design, Tocad intended to and did induce and intends to and will induce customers to purchase its flexible camera tripod products by trading off the extensive goodwill built up by Joby in its Gorillapod® design.

**ANSWER:** Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Upon information and belief, the foregoing conduct by Tocad has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Joby's rights.

**ANSWER:** Defendant denies the allegations in Paragraph 32 of the Complaint.

33. By its use of Joby's Gorillapod® design in connection with its flexible camera tripods in advertisements and promotions, Tocad has engaged in acts which constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**ANSWER:** Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Tocad's unfair competition, as averred above, has permitted and will permit it to make substantial sales and profits on the strength of Joby's nationwide marketing, advertising, sales and consumer recognition. Joby seeks an accounting of Tocad's profits, and requests that the Court grant Joby three times that amount in the Court's discretion.

**ANSWER:** Defendant denies the allegations in the first sentence of Paragraph 34 of the Complaint. Defendant admits that Plaintiff seeks an accounting of Defendant's profits and requests that the Court grant Plaintiff three times that amount but denies that Plaintiff is entitled to such relief as requested in Paragraph 34.

35. As a direct and proximate result of Tocad's unfair competition, as averred above, Joby has been and will be deprived of substantial sales of its flexible camera tripods in an amount as yet unknown but to be determined at trial, and has been and will be deprived of the value of its Gorillapod® design as a commercial asset, in an amount as yet unknown but to be determined at trial. Joby seeks its actual damages, and requests that the Court grant Joby three times that amount of its actual damages in the Court's discretion.

**ANSWER:** Defendant denies the allegations in the first sentence of Paragraph 35 of the Complaint. Defendant admits that Plaintiff seeks its actual damages and requests that the Court grant Plaintiff three times that amount but denies that Plaintiff is entitled to such relief as requested in Paragraph 35.

36. Joby has no adequate remedy at law for Tocad's continuing violation of its rights as set forth above. Joby seeks preliminary and permanent injunctive relief.

**ANSWER:** Defendant denies the allegations in the first sentence of Paragraph 36 of the Complaint. Defendant admits that Plaintiff seeks preliminary and permanent injunctive relief but denies that Plaintiff is entitled to such relief as requested in Paragraph 36.

37. Pursuant to 15 U.S.C. § 1118, Joby asks the Court for an order forcing Tocad to deliver up for destruction all labels, signs, prints, advertisements, and other materials in the possession of Tocad that infringe upon Joby's rights.

**ANSWER:** Defendant admits that Plaintiff is asking the Court for an order forcing Defendant to deliver up for destruction all labels, signs prints, advertisements, and other materials but denies that Plaintiff is entitled to such relief and denies that any such items infringe on Plaintiff's rights as alleged in Paragraph 37 of the Complaint.

**THIRD CLAIM FOR RELIEF**

**(Unfair Competition, California Business and Professions Code)**

38. Paragraphs 1–37 above are hereby incorporated by reference as if fully set forth in this claim.

**ANSWER:** Defendant repeats and realleges its answers to Paragraphs 1-37 of the Complaint as though fully set forth herein.

39. By marketing, advertising, promoting and using the Gorillapod® design, Tocad has engaged in unfair competition including unlawful, unfair and fraudulent business practices, in violation of Joby's rights and in violation of California Business and Professions Code Sections 17200 through 17208.

**ANSWER:** Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Tocad's use of Joby's Gorillapod® design is in violation and derogation of Joby's rights and is likely to cause confusion, mistake and deception among purchasers and the public as to the source, origin, sponsorship, or quality of Tocad's flexible camera tripods, thereby causing loss, damage and injury to Joby and to the purchasing public.

**ANSWER:** Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Tocad knew, or by the exercise of reasonable care should have known, that its adoption, commencement of use in commerce and continuing use of the Gorillapod® design in connection with its flexible camera tripod would cause confusion, mistake, or deception among purchases, users and the public.

**ANSWER:** Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Upon information and belief, Tocad knew of Joby's prior use of the Gorillapod® design, and by adopting, commencing to use, and continuing to use the Gorillapod® design, Tocad intended to and did induce and intends to and will induce customers to purchase its flexible camera tripod products by trading off the extensive goodwill built up by Joby in its Gorillapod® design.

**ANSWER:** Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Upon information and belief, the foregoing conduct by Tocad has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Joby's rights.

**ANSWER:** Defendant denies the allegations in Paragraph 43 of the Complaint.

44. As a direct and proximate result of Tocad's wrongful conduct, as averred above, Joby has been and will be deprived of substantial sales of its flexible camera tripods in an amount as yet unknown but to be determined at trial, and has been and will be deprived of the value of its Gorillapod® design as a commercial asset, in an amount as yet unknown but to be determined at trial. Joby seeks an accounting and restitution from Tocad in an amount to be determined at trial.

**ANSWER:** Defendant denies the allegations in the first sentence of Paragraph 44 of the Complaint. Defendant admits that Plaintiff seeks an accounting and restitution but denies that Plaintiff is entitled to such relief.

45. As a direct and proximate result of Tocad's violation of California Business and Professions Code Sections 17200 through 17208, Joby has suffered and will continue to suffer irreparable harm, including, but not limited to, harm to its business reputation and goodwill. Joby has no adequate remedy at law for Tocad's continuing violation of its rights as set forth above. Joby seeks preliminary and permanent injunctive relief.

**ANSWER:** Defendant denies the allegations in the first sentence of Paragraph 45 of the Complaint. Defendant admits that Plaintiff seeks preliminary and permanent injunctive relief but denies that Plaintiff is entitled to such relief.

## FOURTH CLAIM FOR RELIEF

**(False Advertising, California Business and Professions Code)**

46. Paragraphs 1–45 above are hereby incorporated by reference as if fully set forth in this claim.

**ANSWER:** Defendant repeats and realleges its answers to Paragraphs 1-45 of the Complaint as though fully set forth herein.

47. Tocad's conduct, as averred above, includes the making of false or misleading representations or statements of fact that are likely to cause confusion, mistake or deception among purchasers, users and the public as to the nature, characteristics, qualities, source, origin, or sponsorship of goods, and is likely to confuse the public into believing that Joby is the source or sponsor of Tocad's goods and services, thereby causing loss, damage and injury to Joby and to the purchasing public in violation of California Business and Professions Code § 17500.

**ANSWER:** Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Tocad knew, or by the exercise of reasonable care should have known, that its false advertising would cause confusion, mistake, or deception among purchases, users and the public.

**ANSWER:** Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Upon information and belief, Tocad knew of Joby's prior use of the Gorillapod® design, and by adopting, commencing to use, and continuing to use the Gorillapod® design in its advertising and promotions, Tocad intended to and did induce and intends to and will induce

customers to purchase its flexible camera tripod products by trading off the extensive goodwill built up by Joby in its Gorillapod® design.

**ANSWER:** Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Upon information and belief, the foregoing conduct by Tocad has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Joby's rights.

**ANSWER:** Defendant denies the allegations in Paragraph 50 of the Complaint.

51. As a direct and proximate result of Tocad's false advertising, as averred above, Joby has been and will be deprived of substantial sales of its flexible camera tripods in an amount as yet unknown but to be determined at trial, and has been and will be deprived of the value of its Gorillapod® design as a commercial asset, in an amount as yet unknown but to be determined at trial. Joby seeks an accounting and restitution from Tocad in an amount to be determined at trial.

**ANSWER:** Defendant denies the allegations in the first sentence of Paragraph 51 of the Complaint. Defendant admits that Plaintiff seeks an accounting and restitution but denies that Plaintiff is entitled to such relief.

52. As a direct and proximate result of Tocad's false advertising, Joby has suffered and will continue to suffer irreparable harm, including, but not limited to, harm to its business reputation and goodwill. Joby has no adequate remedy at law for Tocad's continuing violation of its rights as set forth above. Joby seeks preliminary and permanent injunctive relief.

**ANSWER:** Defendant denies the allegations in Paragraph 52 of the Complaint. Defendant admits that Plaintiff seeks preliminary and permanent injunctive relief but denies that Plaintiff is entitled to such relief.

## FIFTH CLAIM FOR RELIEF

**(Common Law Unfair Competition)**

53. Paragraphs 1–52 above are hereby incorporated by reference as if fully set forth in this claim.

**ANSWER:** Defendant repeats and realleges its answers to Paragraphs 1-52 of the Complaint as though fully set forth herein.

54. By marketing, advertising, promoting and using the Gorillapod® design, Tocad has engaged in unfair competition including unlawful, unfair and fraudulent business practices, in violation of Joby's rights and in violation of common law of the State of California.

**ANSWER:** Defendant denies the allegations in Paragraph 54 of the Complaint.

55. Tocad's use of Joby's Gorillapod® design is in violation and derogation of Joby's rights and is likely to cause confusion, mistake and deception among purchasers and the public as to the source, origin, sponsorship, or quality of Tocad's flexible camera tripods, thereby causing loss, damage and injury to Joby and to the purchasing public.

**ANSWER:** Defendant denies the allegations in Paragraph 55 of the Complaint.

56. Tocad knew, or by the exercise of reasonable care should have known, that its adoption, commencement of use in commerce and continuing use of the Gorillapod® design in connection with its flexible camera tripod would cause confusion, mistake, or deception among purchases, users and the public.

**ANSWER:** Defendant denies the allegations in Paragraph 56 of the Complaint.

57. Upon information and belief, Tocad knew of Joby's prior use of the Gorillapod® design, and by adopting, commencing to use, and continuing to use the Gorillapod® design, Tocad intended to and did induce and intends to and will induce customers to purchase its flexible camera tripod products by trading off the extensive goodwill built up by Joby in its Gorillapod® design.

**ANSWER:** Defendant denies the allegations in Paragraph 57 of the Complaint.

58. Upon information and belief, the foregoing conduct by Tocad has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Joby's rights.

**ANSWER:** Defendant denies the allegations in Paragraph 58 of the Complaint.

59. Tocad's wrongful conduct, as averred above, has permitted and will permit it to make substantial sales and profits on the strength of Joby's nationwide marketing, advertising, sales and consumer recognition. Joby seeks disgorgement of Tocad's profits due to this unfair competition.

**ANSWER:** Defendant denies the allegations in the first sentence of Paragraph 59. Defendant admits that Plaintiff seeks disgorgement of Defendant's profits but denies that Plaintiff is entitled to such relief.

60. As a direct and proximate result of Tocad's wrongful conduct, as averred above, Joby has been and will be deprived of substantial sales of its flexible camera tripods in an amount as yet unknown but to be determined at trial, and has been and will be deprived of the value of its Gorillapod® design as a commercial asset, in an amount as yet unknown but to be determined at trial. Joby seeks its actual and/or compensatory damages.

**ANSWER:** Defendant denies the allegations in the first sentence of Paragraph 60. Defendant admits that Plaintiff seeks its actual and/or compensatory damages but denies that Plaintiff is entitled to such relief.

61. As a direct and proximate result of Tocad's violation of California Business and Professions Code Sections 17200 through 17208, Joby has suffered and will continue to suffer irreparable harm, including, but not limited to, harm to its business reputation and goodwill. Joby has no adequate remedy at law for Tocad's continuing violation of its rights as set forth above. Joby seeks preliminary and permanent injunctive relief.

**ANSWER:** Defendant denies the allegations in the first and second sentences of Paragraph 61. Defendant admits that Plaintiff seeks preliminary and permanent injunctive relief but denies that Plaintiff is entitled to such relief.

62. Joby seeks exemplary and/or punitive damages for Tocad's intentional misconduct.

**ANSWER:** Defendant denies the allegations to the extent they suggest that it engaged in any intentional misconduct. Defendant admits that Plaintiff seeks exemplary and/or punitive damages but denies that Plaintiff is entitled to such relief.

**AFFIRMATIVE DEFENSES**

By way of further answer to the Complaint, and as affirmative and additional defenses, Defendant alleges as follows:

**First Affirmative Defense**

1. The Complaint, in whole or in part, fails to state a claim for which relief may be granted.

**Second Affirmative Defense**

2. Defendant's design, development, manufacture, marketing, and sale of the "FlexPod" and/or the "FlexPod Plus" does not create a likelihood of confusion.

**Third Affirmative Defense**

3. Defendant's design, development, manufacture, marketing, and sale of the "FlexPod" and/or the "FlexPod Plus" have not caused any actual confusion.

**Fourth Affirmative Defense**

4. Plaintiffs alleged "Gorillapod®" trade dress is not distinctive.

**Fifth Affirmative Defense**

5. Plaintiffs alleged "Gorillapod®" trade dress has not acquired secondary meaning.

**Sixth Affirmative Defense**

6. Plaintiffs alleged "Gorillapod®" trade dress is functional.

**Seventh Affirmative Defense**

7. Plaintiffs claims and basis of relief are barred, in whole or in part, by equitable principles, including waiver, fraud, unclean hands and/or estoppel.

**Additional Affirmative Defenses Upon Discovery**

Defendant respectfully reserves the right to assert any and all additional affirmative defenses which may be determined during the course of discovery.

**PRAYER FOR RELIEF**

**WHEREFORE**, Defendant denies that Plaintiff is entitled to the items listed in Paragraphs 1-10 of the Prayer for Relief and requests that judgment be entered on all claims in Defendant's favor.

**COUNTERCLAIM**

Defendant ToCAD America, Inc. ("Tocad") counterclaims against Plaintiff Joby, Inc. ("Joby"), and alleges as follows:

**Parties, Jurisdiction and Venue**

1. Tocad is a Delaware corporation with its principal place of business in Rockaway, New Jersey.

2. Joby is a California corporation with its principal place of business in San Francisco, California.

3. This is an action for unfair competition under the laws of the State of California and California common law unfair competition. Subject matter jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1338, 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391 (b) and (c).

**First Claim for Relief**

**(Unfair Competition – California Business and Professions Code)**

5. Joby filed a patent application in the United States Patent and Trademark Office ("PTO") on January 3, 2006 for a Mounting Apparatus Using Ball and Socket Joints with Gripping Features ("Application No. 20070154254"). The Joby Gorillapod utilizes the technology in this patent application.

6. As part of that application, the Information Disclosure Statement included a Declaration of Inventor JoBen Bevirt which stated that 10 years prior to filing he had disclosed publicly a flexible tripod utilizing a series of connectors having ball and socket features.

7. In or around October 2007, Joby communicated with customers, known by Joby to be Tocad customers, threatening litigation for violations of Joby patents not yet issued, if they did not cease selling Tocad products.

8. On January 28, 2008 the PTO issued a final rejection of all the claims in Application No. 20070154254 based in part on the very prior art disclosed by JoBen Bevirt.

9. Joby knew or should have known, upon filing of the patent application, that it was not entitled to patent protection.

10. On February 19, 2008 Joby sent a letter to Fry Electronics, another known Tocad customer, again referencing Application No. 20070154254, and threatening litigation for violations of patent protection. Joby sent this letter with knowledge that the claims of that application had been rejected by the PTO. This letter is attached hereto as Exhibit 1.

11. Upon information and belief, Joby's conduct was knowing, deliberate, willful, and intended to halt competition. Joby's conduct is a misuse of the patent system and an improper attempt to stifle competition.

12. The aforesaid acts of Joby constitute unfair, unlawful, and fraudulent business practices in violation of California Business and Professions Code §§ 17200 *et. seq*.

13. As a direct and proximate result of Joby's conduct, Tocad has been and will continue to be deprived of sales, in an amount unknown but to be determined at trial. Tocad also has suffered and will continue to suffer irreparable harm, including but not limited to, harm to its business reputation and goodwill.

**<u>Second Claim for Relief</u>**

**(Unfair Competition – California Common Law)**

14. Tocad repeats and realleges the allegations contained in paragraphs 1-13 as if set forth herein.

15. The aforesaid acts of Joby constitute unfair competition including unlawful, unfair and fraudulent business practices, in violation of the common law of the State of California.

16. As a direct and proximate result of Joby's misconduct, Tocad has been and will continue to be deprived of sales, in an amount unknown but to be determined at trial. Tocad also has suffered and will continue to suffer irreparable harm, including but not limited to, harm to its business reputation and goodwill.

**<u>Third Claim for Relief</u>**

**(Tortious Interference with Prospective Relationship)**

17. Tocad repeats and realleges the allegations contained in paragraphs 1-16 as if set forth herein.

18.     Prior to Joby's conduct, Tocad had prospective economic relationships with customers and the potential for economic benefit.

19.     Joby had knowledge of these relationships and intentionally sought to disrupt them.

20.     As a result of Joby's conduct, Tocad's relationships with customers were disrupted.

21.     Joby's actions constitute an independent and wrongful act, including but not limited to misrepresentation of patent protection.

22.     Joby's conduct was the cause of disruption in Tocad's prospective relationships with its customers.

23.     As a direct and proximate result of Joby's misconduct, Tocad has been and will continue to be deprived of sales, in an amount unknown but to be determined at trial. Tocad also has suffered and will continue to suffer irreparable harm, including but not limited to, harm to its business reputation and goodwill.

## PRAYER FOR RELIEF

**WHEREFORE**, Tocad prays for judgment in its favor against Joby as follows:

A.     For an order from this Court, pursuant to 15 U.S.C. §1116(a) and Fed. R. Civ. P. 65 and California Business and Professions Code §17200 *et. seq.* preliminarily and permanently enjoining and restraining Joby from contacting any Tocad customers in an attempt to thwart competition;

B.     For an award of actual and/or compensatory damages, in an amount to be determined;

C.     For an award of punitive and exemplary damages in an amount to be determined;

D.     For an award for Tocad's costs, including reasonable attorneys fees, in pursuing this action; and

E.     For an award of any other such relief that this Court deems just and proper.

DATED: April 7, 2008

By: :
JASON YURASEK

Attorneys for Defendant
TOCAD AMERICA, INC.

ANSWER TO COMPLAINT FOR TRADE DRESS INFRINGEMENT -20- 64091-0006/LEGAL14125645.1

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38 and Local Rule 3-6, Tocad demands a jury trial on all issues triable to a jury.

**PERKINS COIE LLP**

By: ______________________________
JASON A. YURASEK

Attorney for Defendant
TOCAD AMERICA, INC.



FENWICK & WEST LLP

SILICON VALLEY CENTER 801 CALIFORNIA STREET MOUNTAIN VIEW, CA 94041
TEL 650.988.8500 FAX 650.938.5200 WWW.FENWICK.COM

February 19, 2008

VIRGINIA K. DEMARCHI

EMAIL VDEMARCHI@FENWICK.COM
DIRECT DIAL (650) 335-7967

**VIA FEDERAL EXPRESS**

Mr. John Fry
Chief Executive Officer
Fry's Electronics
600 East Brokaw Road
San Jose, California 95112

Re: Joby Gorillapod

Dear Mr. Fry:

We represent Joby, the makers of the Gorillapod® tripod, and the owners of the Gorillapod® trade name and intellectual property rights. It has recently come to Joby's attention that Fry's Electronics is selling, distributing and advertising the following flexible tripods: the Targus "Grypton," Sunpak "FlexPod," and the "Treefrog." All three products are unauthorized knock-offs of Joby's Gorillapod® and infringe Joby's intellectual property rights. Joby demands that Fry's immediately cease all sales, distribution and promotion of these infringing tripods.

First, Joby has applied for utility patents concerning aspects of the Gorillapod®. Please consider this formal notice that two of these applications, Application No. 20070154254 and Application No. 20070212163, have been published by the U.S. Patent and Trademark Office. Accordingly, any use, sale, offer for sale or importation of these knock-off tripods subjects Fry's to potential liability for royalties up through the time the patents issue. *See* 35 U.S.C. § 154(d).

In addition, Fry's sale of tripods that use the Gorillapod® design and trade dress subjects Fry's to potential liability for trade dress infringement and false advertising, even though Fry's does not manufacture these tripods itself. These knock-offs use a trade dress and design that is nearly identical to Joby's Gorillapod®, creating a high likelihood of confusion among consumers as to the nature, quality, characteristics and origin of the tripods, in violation of federal and state laws that protect against precisely this type of unfair competition, including without limitation Section 43(a) of the Lanham Act and California Business & Professions Code § 17200, *et seq.* The remedies available to Joby for Fry's sale and promotion of these knock-offs include, among other things, recovery of Fry's profits on these products, treble damages, attorneys' fees, and injunctive relief preventing further sale.

Fry's must immediately cease all sales, distribution and promotion of the Targus, Sunpak and Treefrog tripods identified above. We demand written confirmation by February 29, 2008 documenting the discontinuance of these activities. We wish to make clear that Joby expects to

resolve this matter amicably and without resort to litigation. Joby is prepared, however, to take all steps necessary to protect its rights if we fail to receive a satisfactory response from Fry's by February 29.

We look forward to your anticipated compliance. If you have any questions, you may contact me directly at (650) 335-7967.

Sincerely,

FENWICK & WEST LLP

Virginia K. DeMarchi

Virginia K. DeMarchi

KIC