CHARLENE M. MORROW (CSB NO. 136411)
cmorrow@fenwick.com
VIRGINIA K. DEMARCHI (CSB NO. 168633)
vdemarchi@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:    (650) 988-8500
Facsimile:    (650) 938-5200

Attorneys for Plaintiff
JOBY, INC.

MICHAEL O. WARNECKE (IL Bar No. 2942291)
mwarnecke@perkinscoie.com
DEBRA R. BERNARD (IL Bar No. 619217)
dbernard@perkinscoie.com
BRANDY R. MCMILLION (IL Bar No. 6294679)
bmcmillion@perkinscoie.com
PERKINS COIE LLP
131 S. Dearborn Street, Suite 1700
Chicago, IL 60603-5559
Telephone:    (312) 324-8587
Facsimile:    (312) 324-9587

JASON YURASEK (CSB No. 202131)
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone:    (415) 344-7021
Facsimile:    (415) 344-7221

Attorneys for Defendant
TOCAD AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOBY, INC., <br><br> Plaintiff, <br><br> v. <br><br> TOCAD AMERICA, INC., <br><br> Defendant. | Case No. 3:07-CV-06455 (SI) <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Date:    April 18, 2008 <br> Time:    2:00 p.m. <br> Place:   Courtroom No. 10, 19th Floor <br> Judge:   The Honorable Susan Illston |

1   Plaintiff Joby, Inc. ("Joby") and Defendant Tocad America, Inc. ("Tocad") submit this
2   Joint Case Management Statement and Proposed Order.

**I.  JURISDICTION AND SERVICE**

This is an action by Plaintiff for trade dress infringement, false designation of origin and unfair competition under the Lanham Act (15 U.S.C. § 1051, et seq.), and for related claims of statutory unfair competition and false advertising under of the laws of the State of California and California common law unfair competition. This Court has subject matter jurisdiction of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367. In addition, because there is complete diversity among the parties and because the amount in controversy exceeds $75,000, exclusive of interest and costs, the Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332(a).

There is no dispute regarding jurisdiction or service. No parties remain to be served.

**II.  CHRONOLOGY OF FACTS AND PRINCIPAL FACTUAL ISSUES IN DISPUTE**

**A.  Joby's Summary of Its Complaint Against Tocad**

Since early 2006 Joby has been offering for sale a flexible camera tripod called the "Gorillapod." The Gorillapod has a body section, with three legs made of rounded segments (or "balls") connected together; each of the segments in the legs has a ring around the middle in a color that contrasts with the color of the segment; each of the legs ends in a rounded "foot."

In late 2006, Tocad began offering a flexible tripod called the FlexPod, and in November 2007 also began offering a flexible tripod called the FlexPod Plus. Both are knock-offs of the Joby Gorillapod that use the same trade dress as the Gorillapod. Tocad also offers a monopod that has the same appearance as the Joby Gorillapod. Tocad markets and sells the FlexPod, the FlexPod Plus and the monopod in competition with Joby's Gorillapod. Tocad has used images of the Gorillapod in its marketing, advertising and promotion of the FlexPod. Joby has been harmed by Tocad's lower quality knock-offs of the Gorillapod.

The parties began exchanging correspondence in April 2007. Joby filed its complaint on December 21, 2007, and thereafter the parties engaged in settlement discussions. These discussions were unsuccessful, and negotiations ended March 14, 2008. Joby filed its motion for

preliminary injunction shortly thereafter.

The parties dispute at least the following factual issues:

1. Whether Joby's Gorillapod trade dress is aesthetic and non-functional.
2. Whether Joby's Gorillapod trade dress has acquired distinctiveness through secondary meaning.
3. Whether the Tocad monopod is relevant to this case.
4. Whether Tocad's trade dress for the FlexPod and the FlexPod Plus is likely to cause and has caused confusion, mistake or deception among purchasers, users and the public as to the source, origin, sponsorship or quality of the flexible tripods, and is likely to confuse and has confused the public into believing that Joby is the source or sponsor of Tocad's flexible tripods.
5. Whether Tocad intentionally copied Joby's Gorillapod trade dress.
6. Whether Tocad has used and is currently using images of Joby's Gorillapod in advertising and promotion of Tocad's flexible tripods.
7. Whether Tocad's use of images of Joby's Gorillapod in advertising and promotion of Tocad's flexible tripods is likely to cause and has caused confusion, mistake, or deception among purchasers, users and the public as to the source, origin, sponsorship or quality of the flexible tripods, and is likely to confuse and has confused the public into believing that Joby is the source or sponsor of Tocad's flexible tripods.
8. Whether Tocad's use of images of Joby's Gorillapod in advertising and promotion of Tocad's flexible tripods was willful and deliberate.
9. Whether Joby is entitled to compensatory damages from Tocad, and if so, in what amount.
10. Whether Joby is entitled to punitive or exemplary damages, and if so, in what amount.
11. Whether the case is exceptional, such that Joby is entitled to an award of reasonable attorneys' fees, and if so, in what amount.

/ / /

/ / /

**B.    Tocad's Summary of Its Counterclaim Against Joby**

Tocad began selling flexible tripods many years ago. The FlexPod and the FlexPod Plus were flexible tripod designs introduced by Tocad in October 2006 and November 2007. Joby developed the Gorillapod in 1996. In January 2006, Joby applied to patent the Gorillapod; and a continuation application was filed in May 2007. The original patent application (Application No. 20070154254) was rejected by the United States Patent and Trademark Office on January 28, 2008. In October 2007 and February 2008, Joby contacted several Tocad customers threatening litigation for violation of Joby's patent protection of the Gorillapod.

The counterclaim was filed on April 7, 2008. Joby has not yet responded to Tocad's counterclaim, as a response is not due until April 30, 2008. Given the current state of the proceedings, the parties dispute at least the following factual issues:

1.    Whether Tocad has accurately characterized in its complaint and in the foregoing description the status of the prosecution of Joby's published patent applications.

2.    Whether Tocad has accurately characterized in its complaint the communications by Joby to which the complaint refers.

3.    Whether the Gorillapod was developed in 1996 as Tocad asserts.

4.    Whether Joby knew or should have known, upon filing of its patent application for protection of the Gorillapod, that it was not entitled to patent protection.

5.    Whether Joby's conduct was knowing, deliberate, willful, and intended to halt competition.

6.    Whether Joby's conduct is a misuse of the patent system and an improper attempt to stifle competition.

7.    Whether prior to Joby's conduct, Tocad had prospective economic relationships with customers and the potential for economic benefit.

8.    Whether Joby had knowledge of Tocad's potential relationships and intentionally sought to disrupt them.

9.    Whether Tocad's relationships with customers were disrupted.

///

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:07-CV-06455 (SI)

4

1    10.  Whether Tocad is entitled to compensatory damages from Joby, and if so, in what
2    amount.

3    11.  Whether Tocad is entitled to punitive or exemplary damages from Joby, and if so,
4    in what amount.

## III. THE PRINCIPAL LEGAL ISSUES IN DISPUTE

### A. Joby's Complaint Against Tocad

The parties dispute at least the following legal issues:

1. Whether, as a matter of law, Joby has a protectable trade dress, whether it has been infringed, and whether Joby is entitled to the relief it requests.

### B. Tocad's Counterclaim Against Joby

The parties dispute at least the following legal issues:

1. Whether, as a matter of law, the facts averred in Tocad's counterclaims for unfair competition fail to state a claim upon which relief can be granted, in view of the provisions of 35 U.S.C. § 154(d).

2. Whether, as a matter of law, the facts averred in Tocad's counterclaim for tortious interference with prospective economic relationships fail to state a claim upon which relief can be granted, in view of the provisions of 35 U.S.C. § 154(d).

## IV. MOTIONS AND HEARINGS

Joby has filed a motion for preliminary injunction against Tocad. The Court has set a hearing date for May 16, 2008. Tocad intends to seek a continuance of the hearing date to May 30, 2008 to accommodate a conflict of its lead trial counsel.

## V. AMENDMENT OF PLEADINGS

No amendments to the pleadings are contemplated at this time. Tocad has advised Joby that it is investigating a new design for its flexible tripods. If and when that new tripod is offered for sale, Joby may need to amend the pleadings to include that product.

## VI. EVIDENCE PRESERVATION

Both parties believe that they have taken appropriate steps to preserve evidence, including that contained in email and other electronic documents, which may be relevant to the issues in the

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1 action.

## VII. DISCLOSURES

The parties conducted the conference required by Federal Rule of Civil Procedure 26(f) on March 31, 2008. The parties are due to make their initial disclosures in accordance with Federal Rule of Civil Procedure 26(a) on April 14, 2008.

## VIII. DISCOVERY

Both parties have served requests for production of documents and interrogatories. The parties do not believe any changes should be made in the form or requirement for disclosures under Rule 26(a). As indicated above, initial disclosures are due to be made on April 14, 2008. The parties do not propose any changes be made to the limitations on discovery set by the Federal Rules of Civil Procedure or the Local Rules of this Court. The parties propose separate deadlines be set for the completion of fact and expert discovery, as indicated below. The parties anticipate seeking entry of a Stipulated Protective Order governing pretrial discovery.

### A. Joby

Joby expects to require discovery on the following subjects: (1) Tocad's design and development of the FlexPod and the FlexPod Plus, including discovery relating to Tocad's access to and copying of the Gorillapod trade dress; (2) Tocad's marketing, advertising and promotion of the FlexPod and the FlexPod Plus; (3) communications with consumers, distributors, retailers or wholesalers about the Gorillapod and/or the FlexPod or the FlexPod Plus, including communications about the source, sponsorship, quality or appearance of the FlexPod or the FlexPod Plus; (4) the number of units of the FlexPod and FlexPod Plus sold by Tocad and in inventory; (5) the identity of Tocad's distributors and retailers and the channels through which the FlexPod and FlexPod Plus are sold; (6) Tocad's revenue, costs and profits for the FlexPod and the FlexPod Plus; and (7) Tocad's use of images of Joby's Gorillapod in marketing, advertising and promotion of the FlexPod and the FlexPod Plus.

Joby anticipates seeking the production of certain categories of documents on an expedited basis in support of its motion for preliminary injunction. In addition, Joby anticipates that it may require the depositions of declarants providing testimony in support of Tocad's

expected opposition to Joby's motion for a preliminary injunction, and that these depositions would need to be taken in time for Joby to prepare its reply. Joby has raised the issue of expedited discovery in connection with the preliminary injunction motion with Tocad, and hopes that the timing and scope of such discovery can be resolved by agreement.

### B. Tocad

Tocad expects to require discovery on the on the following subjects: (1) design, and manufacture of the Gorillapod; (2) advertising and marketing efforts for the Gorillapod; (3) identity of customers, distributors, and retailers of the Gorillapod product line; (4) sales figures for Gorillapods; (5) Joby communication with manufactures, customers and/or merchants about Tocad Flexpod products and competitor products; (6) Joby communication with Tocad customers regarding "possible patent protection" of the Gorillapod; (7) nature of the Gorillapod disclosures, and reduction to practice; and (8) Joby communication with manufacturers, customers and/or merchants evidencing confusion with respect to Flexpod products and/or other flexible tripods.

Tocad, additionally, anticipates needing expedited discovery in order to respond to Joby's Motion for Preliminary Injunction. Joby has proposed that expedited discovery be limited to certain categories of documents. Tocad has not yet responded to this proposal. The timing, however, will be dependent on the schedule of the involved parties, the scheduled date set for hearing, and the ability to retrieve information requested by both parties.

## IX. CLASS ACTIONS

This action is not a class action.

## X. RELATED CASES

There are no related cases.

## XI. RELIEF

### A. Joby

Joby seeks the following relief:

1. An order from the Court, pursuant to 15 U.S.C. § 1116(a), Federal Rule of Civil Procedure 65, and California Business and Professions Code § 17200, *et seq.*, preliminarily and permanently enjoining and restraining Tocad, Tocad's officers, agents, servants, employees,

attorneys and all others in active concert or in participation with Tocad from using Joby's Gorillapod design, any colorable imitation of it, or any design confusingly similar to it, in connection with the promotion, sale, display, or distribution of the FlexPod and FlexPod Plus flexible camera tripods and monopods;

2. An order from the Court requiring that Tocad deliver up for destruction all flexible camera tripods and monopods, labels, signs, prints, advertisements, and other materials that infringe Joby's statutory and common law trade dress rights, or are a result of any false designation of origin or unfair competition by Tocad;

3. An order from the Court directing Tocad, pursuant to 15 U.S.C. §1118(a), to file with this Court and serve upon Joby within 30 days after service of the injunction, a report in writing under oath setting forth in detail the manner an form in which Tocad has complied with the injunction;

4. An accounting of all profits received by Tocad from the sale of the FlexPod and FlexPod Plus flexible camera tripods and monopods that infringe on Joby's statutory and common law trade dress rights and for damages sustained by Joby because of Tocad's infringement, false designation of origin and unfair competition;

5. An award to Joby of actual and/or compensatory damages in an amount to be determined based on the Joby's lost sales;

6. An award of up to three times the amount of Joby's actual and/or compensatory damages in an amount to be determined;

7. An award to Joby of Tocad's profits from sales of the FlexPod and FlexPod Plus flexible camera tripods and monopods;

8. An award of punitive or exemplary damages in an amount to be determined; and

9. An award of Joby's costs, including reasonable attorneys' fees, of this action.

**B.   Tocad**

Tocad seeks the following relief:

1. An order from the Court, pursuant to 15 U.S.C. §1116(a) and Fed. R. Civ. P. 65 and California Business and Professions Code §17200 *et. seq.* preliminarily and permanently

1 enjoining and restraining Joby from contacting any Tocad customers in an attempt to thwart
2 competition;

3     2.    An award to Tocad of actual and/or compensatory damages, in an amount to be
4 determined;

5     3.    An award to Tocad for punitive and exemplary damages in an amount to be
6 determined;

7     4.    An award for Tocad's costs, including reasonable attorneys fees, in pursuing this
8 action; and

9     5.    An award of any other such relief that the Court deems just and proper.

## XII. SETTLEMENT AND ADR

### A. Joby

Joby has already engaged in extended correspondence and in-person discussions with Tocad to resolve this dispute without litigation. Those efforts were unsuccessful. Joby believes that further settlement efforts are unlikely to be productive at least until after a decision on Joby's pending motion for preliminary injunction.

### B. Tocad

Tocad has made several attempts to settle this matter. In fact, after being noticed with this action and having discussions with Joby, Tocad redesigned its product and ceased manufacturing the original Flexpod to assist in resolution of any alleged trade dress issues. When that was to no avail, Tocad continued attempts to resolve this matter without the need of costly litigation to both parties. Tocad offered to continue negotiations while a third redesign was undertaken. Tocad is again making significant changes to the Flexpod unit and plans to share these changes with Joby in late April. Tocad hopes that further settlement negotiations or mediation will help resolve this case.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to have a magistrate judge conduct all further proceedings in the case.

/ / /

## XIV. OTHER REFERENCES

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

The parties may file one or more motions seeking to narrow the issues in this case.

## XVI. EXPEDITED SCHEDULE

The parties' respective scheduling proposals are set forth in the next section.

## XVII. SCHEDULING

The parties' respective proposed schedules based on the Federal Rules of Civil Procedure and Local Rules are set forth below for the Court's consideration:

| Event | Joby's Proposed Schedule[1] | Tocad's Proposed Schedule[2,3] |
|---|---|---|
| Close of fact discovery | Aug. 29, 2008 | December 1, 2008 |
| Last day to serve initial expert reports | Sept. 8, 2008 | December 15, 2008 |
| Last day to serve rebuttal expert reports | Sept. 22, 2008 | January 16, 2009 |
| Close of expert discovery | Oct. 3, 2008 | February 6, 2009 |
| Last day to file dispositive motions | Oct. 3, 2008 | February 13, 2009 |
| Last day to file pretrial statement, jury instructions, stipulations re admissibility, motions in limine | Oct. 27, 2008 | March 6, 2009 |

---

[1] Joby proposes a schedule that would allow the case to be tried in November 2008, subject to the Court's availability. Joby believes this case will not require extensive discovery, and that such a schedule is reasonable in the circumstances. Ms. Bernard, one of the lawyers appearing for Tocad, has advised Joby that she is not available the week of November 17. However, Michael Warnecke, who is lead counsel for Tocad, has not indicated any conflict with this date, nor has Mr. Yurasek, the other partner who has appeared for Tocad in this matter.

[2] Tocad objects to Joby's schedule in that the close of expert discovery and the last day to file dispositive motions are on the same day. Additionally, Tocad has already informed Joby of its unavailability for trial the week of November 17, 2007 due to scheduling conflicts.

[3] Tocad was willing to accept Joby's accelerated trial schedule, in consideration for the Preliminary Injunction Motion being withdrawn. Tocad does not see the need to have two separate trials on the merits in such a short time frame. If the Court proceeds with Joby's Preliminary Injunction Motion and its current proposed trial schedule, then the trial would only be a few months after the Preliminary Injunction issue has been decided, therefore eliminating the need for any preliminary injunctive relief. Further, Tocad notes that its request for a trial in March 2009 is only one year after service of the initial complaint. Given that the average time for jury trials in the Northern District of California is 28 months, Tocad believes its requested trial schedule to be immensely reasonable. *See* **Exhibit A** – Federal Judicial Center, Median Time Intervals from Filing to Trial of Civil Cases.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:07-CV-06455 (SI)

10

| | | |
|---|---|---|
| Last day to file preliminary statement and instructions, oppositions to motions in limine | Nov. 3, 2008 | March 13, 2009 |
| Last day to submit voir dire and verdict forms | Nov. 6, 2008 | March 18, 2009 |
| Last day to submit daily transcript request | Nov. 10, 2008 | March 23, 2009 |
| Final pretrial conference | Nov. 10, 2008 | March 23, 2009 |
| Last day to provide copies of exhibits to Court | Nov. 14, 2008 | March 27, 2009 |
| Trial | Nov. 17, 2008 | March 30, 2009 |

## XVIII. TRIAL

### A. Joby

Joby's claims for trade dress infringement, false designation of origin and unfair competition under the Lanham Act (15 U.S.C. § 1051, et seq.) are triable to a jury, as is its claim for compensatory damages. Joby's claims for statutory unfair competition and false advertising under California Business & Professions Code §§ 17200 and 17500 and under the common law are triable to the Court, as are its claims for injunctive relief, disgorgement of profits, and attorneys fees and costs. Joby expects that trial of this matter can be completed in four days.

### B. Tocad

Tocad's counterclaim for tortious interference with a prospective relationship is triable by jury, as is its claim for damages. Joby's claim for statutory unfair competition under California Business and Professions Code § 17200 et. seq. and common law is triable by the Court, as are its claims for injunctive relief, other equitable relief, attorney's fees and costs. Tocad expects that trial of this matter can be completed in one week.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

### A. Joby

Joby filed its "Certification of Interested Entities or Persons" on December 21, 2007 and restates that aside from the named parties, there is no such interest to report. *See* Dkt. No. 3.

///

**B.     Tocad**

Tocad is filing its "Certification of Interested Entities or Persons" with the Court. It states that ToCAD Energy Co. Ltd is the Japanese parent corporation of ToCAD America, Inc.

Respectfully submitted,

Dated: April 11, 2008                               FENWICK & WEST LLP


By:   /s/ Charlene M. Morrow
        Charlene M. Morrow

Attorneys for Plaintiff
JOBY, INC.


Dated: April 11, 2008                               PERKINS COIE LLP


By:   /s/ Brandy R. McMillion
        Brandy R. McMillion

Attorneys for Defendant
TOCAD AMERICA, INC.


Pursuant to the above Joint Case Management Statement, IT IS SO ORDERED.

Dated:_____, 2008


Honorable Susan Illston
United States District Judge

## ATTESTATION PURSUANT TO GENERAL ORDER 45

I, Charlene M. Morrow, attest that concurrence in the filing of this document has been obtained from Brandy R. McMillion, counsel for defendant Tocad America, Inc.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day of April, 2008 in Mountain View, California.

                                                       /s/ Charlene M. Morrow
                                                     Charlene M. Morrow