**PERKINS COIE LLP**
MICHAEL O. WARNECKE, IL Bar No. 2942291
Email: MWarnecke@perkinscoie.com
*(Pro Hac Vice Application Pending)*
DEBRA R. BERNARD, IL Bar No. 6191217
Email: DBernard@perkinscoie.com
*(Pro Hac Vice Application Pending)*
BRANDY R. MCMILLION, IL Bar No. 6294679
Email: BMcMillion@perkinscoie.com
*(Pro Hac Vice Application Pending)*
131 South Dearborn Street, Suite 1700
Chicago, IL  60603-5559
Telephone:  312.324.8400
Facsimile:  312.324.9400

**PERKINS COIE LLP**
JASON YURASEK (SBN 202131)
Email: JYurasek@perkinscoie.com
Four Embarcadero Center
Suite 2400
San Francisco, CA 94111-4131
Telephone:  415.344.7021
Facsimile:  415.344.7221

Attorneys for Defendant

TOCAD AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOBY, INC., <br><br> Plaintiff, <br><br> v. <br><br> TOCAD AMERICA, INC., <br><br> Defendant. | Case No. 3:07-cv-06455-SI <br><br> **MOTION TO ENLARGE TIME [L.R.6-3]** |

# INTRODUCTION

Defendant Tocad America Inc. ("Tocad") submits this motion to change time pursuant to Local Rule 6-3 in connection with Joby's Motion for Preliminary Injunction, which is currently scheduled for hearing on May 16, 2008, to June 13, 2008. Joby filed its Preliminary Injunction motion on March 28, 2008, less than two weeks after service of the Complaint on Tocad. The parties have met and conferred in an attempt to resolve the scheduling conflicts and have not been able to agree on an acceptable schedule.

## I. REASONS FOR THE REQUESTED ENLARGEMENT OF TIME

On March 17, 2008, Joby served Tocad with its complaint alleging that Tocad's flexible tripod products, "Flexpod" and "Flexpod Plus" infringe the alleged trade dress of Joby's "Gorillapod" flexible tripod and various related claims and which had been pending but unserved since December 2007. From in or about April 2007 – many months before Joby initiated this lawsuit – through March 2008, the parties attempted to negotiate a resolution of Joby's and Tocad's claims (Bernard Decl. ¶ 2). In fact, in response to Joby's prelitigation complaints, Tocad redesigned the "Flexpod" product and marketed it instead as "Flexpod Plus." (Id.) Tocad reasonably believes the "Flexpod Plus" product does not infringe Joby's alleged trade dress, assuming a trade dress in fact exists. However, on March 14, 2008, it became clear that the parties were at an impasse and Joby served its complaint on Tocad on March 17, 2008. (Id.) Less than two weeks later, on Friday March 28, 2008 at 4:30 pm (Central time), and without prior notice or consultation with Tocad's counsel, Joby filed and served a Motion for Preliminary Injunction, supporting memorandum and six declarations originally noticing it for hearing on May 2, 2008 (Bernard Decl. ¶ 4). On March 31, 2008, the Clerk reset the preliminary injunction hearing to May 16, 2008. As will be explained below, Tocad's lead counsel, Michael Warnecke is out of the country on business on May 16, 2008. (Id.) The parties have attempted to negotiate an agreement on rescheduling but have been unable to do so.

## II. EFFORTS OF THE PARTIES TO OBTAIN A STIPULATION ON SCHEDULING AND PREJUDICE TO TOCAD IF THE HEARING AND BRIEFING IS NOT RESCHEDULED

Tocad's lead counsel, Michael Warnecke, advised Joby's counsel that he is in Germany on business on May 16 and proposed exploring the parties' and the Court's availability to have the hearing on the preliminary injunction motion for May 30, 2008 (Bernard Decl. ¶ 5)[1]. Under Local Rule 7-3, Tocad's Opposition would then be due May 9, 2008 and Joby's Reply would be due May 16, 2008. However, Joby's counsel will not agree to the May 30 hearing date unless Tocad agrees to file its Opposition brief on May 2, 2008 and agrees that Joby's brief would be due May 16, 2008 (Bernard Decl. ¶ 5, 9). Hence the parties are at an impasse.

However, prior to Tocad's answer, on April 4, 2008 Joby served Requests for Production of Documents and Interrogatories for discovery Joby is requesting largely in connection with the preliminary injunction hearing (Bernard Decl. ¶ 6). Thereafter, on April 7, 2008, Tocad served Requests for Production of Documents and Interrogatories to be answered by Joby. (Id.) Both parties have also indicated that they would like to take some depositions in connection with the preliminary injunction proceeding. While the parties have discussed certain categories of documents and information to provide on an expedited basis, in view of the fact that both parties hope to engage in some pre-hearing discovery, Tocad does not believe that it is necessary or a wise use of resources to proceed with the preliminary injunction hearing on such an accelerated and expedited basis that would be required by the May 30, 2008 hearing date. (Id.) Even in a best case scenario, because of travel and scheduling issues, as a practical matter, Tocad will likely be unable to provide whatever expedited discovery may be agreed upon before April 28 or be able to take any of the Joby depositions until that week assuming Joby's relevant document production is

---

[1] Originally, Mr. Warnecke suggested May 23, 2008 not realizing he was returning to the U.S. from Germany May 21st and that travel fatigue and lack of preparation make May 23 impractical. He then suggested the hearing be rescheduled to May 30 or June 13, 2008. Ms DeMarchi would not consider the June 13 date (Bernard Decl. ¶ 5, n. 1).

3

MOTION TO ENLARGE TIME
Case No. 3:07-cv-06455-SI
64091-0006/LEGAL14177310.1

complete by that time. (Id.)  In view of the parties' requested discovery and the lack of urgency, Tocad believes that a more rational schedule is appropriate.[2]

Because of scheduling conflicts, the need to conduct some discovery and to prepare its opposition papers, Tocad does not believe Joby's request that Tocad's opposition be due May 2 as a "quid pro quo" to extend the preliminary injunction date is appropriate.  Joby has indicated that it is desirous of the additional week to prepare its Reply so that it may depose any declarants put forth by Tocad in its Opposition (Bernard Decl. ¶ 7).  Tocad has no objection to providing Joby such additional time which would require continuing the preliminary injunction hearing until June. (Id.)  Given the nature of this case and Tocad's continuing attempts to develop a design that would be acceptable to Joby, Tocad believes that such a proposed schedule is practical and reasonable.

Additionally, in a further attempt to be reasonable and inject some logic on the adjudication of the merits and on scheduling in this matter, on April 9, 2008, Tocad proposed to Joby that since Tocad was discontinuing the original Flexpod, is considering terminating the Flexpod Plus design and is working on a new design which Tocad should be able to provide shortly, that it made sense to propose an early trial date of November 2008, (which would be fewer than 8 months from service of the complaint) *in lieu of an unnecessarily compressed preliminary injunction proceeding*.  (Bernard Decl. ¶8, Ex. A thereto).  Joby refused to do so unless Tocad "stipulates to the injunction requested." (Id., Ex. B thereto).  However, if Joby intends to proceed with the preliminary injunction hearing, as set forth in the Joint CMC Statement filed on April 11, 2008, Tocad proposes a March 2009 trial date rather than the expedited November date which Tocad proposed as an accommodation to Joby to promptly address the merits.[3]  Tocad believes that a single trial in November 2008 obviates the need for

---

[2] It is likely that Joby will argue that the May 30 and June 13 dates are weeks after the May 2nd date that the motion was originally noticed.  However, the fact that Joby originally set a preliminary injunction motion for an unnecessarily short time frame (less than 6 weeks after service of the complaint) does not make a one month enlargement of time unreasonable.  This is especially true given the lack of urgency in this case.

[3] Given that the median time from filing of a complaint to a jury trial is 28.4 months in this District, Tocad's proposed trial of 1 year from the service of the complaint is eminently reasonable.

4

MOTION TO ENLARGE TIME
Case No. 3:07-cv-06455-SI
64091-0006/LEGAL14177310.1

two trials, one on a compressed and accelerated schedule this May or June, and a second one later in Spring 2009.

### III. NATURE OF JOBY'S MOTION AND COMPLIANCE WITH LOCAL RULE 37-1

Joby has filed a motion for preliminary injunction seeking to enjoin Tocad from manufacturing, marketing, promoting, distributing or selling the existing Flexpod and Flexpod Plus products "or any product design that appear confusingly similar to Joy's Gorillapod trade dress." Tocad has already advised Joby that it is discontinuing the original Flexpod, is considering terminating the Flexpod Plus, even though Tocad does not believe it infringes any alleged trade dress and is in the process of developing a new flexible tripod design to present to Tocad. In view of these facts and those set forth above and in the Bernard Declaration, there is simply no urgency that warrants an unreasonably accelerated discovery, briefing and hearing schedule. The parties have met and conferred on at least April 10, 11, 14 and 15, 2008 and have been unable to reach a resolution on these issues. (Bernard Decl. ¶¶ 5, 9).

### IV. EFFECT OF THE MODIFICATION OF THE HEARING AND BRIEFING ON THE MOTION FOR PRELIMINARY INJUNCTION ON THE SCHEDULING IN THE CASE

The requested modification in the preliminary injunction hearing and briefing schedule will have no effect on the schedule in this case. The Case Management Conference has not yet occurred in this case and is now scheduled for May 2, 2008. At that time, the parties and the Court can discuss what effect if any, the proposed June 13, 2008 preliminary injunction hearing date will have on the schedules proposed by the parties in the Joint CMC Statement which was filed on April 11, 2008.

Date:   April 15, 2008                          By:   /s/ Jason Yurasek
                                                      Jason A. Yurasek
                                                PERKINS COIE LLP
                                                Four Embarcadero Center
                                                Suite 2400
                                                San Francisco, CA 94111-4131
                                                Telephone: 415.344.7021
                                                Facsimile: 415.344.7221
                                                JYurasek@perkinscoie.com

5

MOTION TO ENLARGE TIME
Case No. 3:07-cv-06455-SI
64091-0006/LEGAL14177310.1

| | |
|---|---|
| 1 | Michael O. Warnecke, IL Bar No. 2942291 |
| 2 | Debra R. Bernard, Bar IL No. 6191217 |
|   | Brandy McMillion, IL Bar No. 6294679 |
| 3 | (*pro hac vice application pending*) |
|   | PERKINS COIE LLP |
| 4 | 131 South Dearborn Street, Suite 1700 |
|   | Chicago, IL  60603-5559 |
| 5 | Telephone:  312.324.8400 |
|   | Facsimile:  312.324.9400 |
| 6 | MWarnecke@perkinscoie.com |
| 7 | DBernard@perkinscoie.com |
|   | BMcmillion@perkinscoie.com |

Attorneys for Defendant
TOCAD AMERICA, INC.

6

MOTION TO ENLARGE TIME
Case No. 3:07-cv-06455-SI
64091-0006/LEGAL14177310.1