**PERKINS COIE LLP**
MICHAEL O. WARNECKE, IL Bar No. 2942291
Email: MWarnecke@perkinscoie.com
*(Pro Hac Vice Application Pending)*
DEBRA R. BERNARD, IL Bar No. 6191217
Email: DBernard@perkinscoie.com
*(Pro Hac Vice Application Pending)*
BRANDY R. MCMILLION, IL Bar No. 6294679
Email: BMcMillion@perkinscoie.com
*(Pro Hac Vice Application Pending)*
131 South Dearborn Street, Suite 1700
Chicago, IL 60603-5559
Telephone: 312.324.8400
Facsimile: 312.324.9400

**PERKINS COIE LLP**
JASON YURASEK (SBN 202131)
Email: JYurasek@perkinscoie.com
Four Embarcadero Center
Suite 2400
San Francisco, CA 94111-4131
Telephone: 415.344.7021
Facsimile: 415.344.7221

Attorneys for Defendant

TOCAD AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOBY, INC., <br><br>                Plaintiff, <br><br>        v. <br><br> TOCAD AMERICA, INC., <br><br>                Defendant. | Case No. 3:07-cv-06455-SI <br><br> **DECLARATION OF DEBRA R. BERNARD IN SUPPORT OF MOTION TO ENLARGE TIME** |

1.      On December 21, 2007, Joby filed a complaint against Tocad alleging that Tocad's flexible camera tripod products, the "Flexpod" and "Flexpod Plus," infringed Joby's trade dress in its flexible camera tripod, the Joby "Gorillapod" and which sets forth various other claims arising from those allegations.

2. The parties had been attempting to reach a resolution of this matter both prior to Plaintiff's filing of the complaint (i.e. since April 2007) and thereafter. In fact, in response to Joby's prelitigation complaints, the "Flexpod" product was redesigned by Tocad and marketed as "Flexpod Plus". Tocad reasonably believes the "Flexpod Plus" product does not infringe Joby's alleged trade dress, assuming a trade dress in fact exists. Joby disagreed but in view of the ongoing negotiations, Joby deferred service of the Complaint until March 17, 2008 when it appeared that the parties had reached an impasse in the settlement discussions.

3. During the course of the negotiations, Tocad had proposed various alternative designs for a flexible camera tripod which were rejected by Joby. Tocad continues to pursue new designs and in fact, its President was recently in Hong Kong meeting with its manufacturer to develop another design to propose to Joby. Tocad expects to be in a position to provide Joby with a design drawing and prototype of this new design within the next two weeks.

4. On Friday March 28, 2008 at 4:30 pm Plaintiff served its Motion for Preliminary Injunction, supporting memorandum and 6 declarations in support thereof and noticed it for hearing on May 2, 2008, without any consultation with Tocad's counsel. The original hearing date of May 2, 2008 was immediately continued by the Court's clerk to May 16, 2008.

5. Tocad's lead counsel, Michael Warnecke, advised Joby's counsel Ms. Virginia DeMarchi that he is in Germany on business on May 16 and proposed exploring the parties' and the Court's availability to have the hearing on the preliminary injunction motion for May 30, 2008.[1] Under Local Rule 7-3, Tocad's Opposition would then be due May 9 and Joby's Reply would be due May 16, 2008. However, on April 10, 2008 and April 15, 2008 Ms. DeMarchi advised me that Joby will not agree to the May 30 hearing date unless Tocad agrees to file its Opposition brief on May 2, 2008 and agrees that Joby's Reply brief would be due May 16, 2008. However, in view of the parties' requested discovery as noted in Paragraph 6 and the lack of

---

[1] Mr. Warnecke originally suggested May 23rd not quite realizing the impracticality of that date since his is returning to the U.S. on May 21st. Travel fatigue and preparation time would make a May 23rd hearing date extremely difficult. Mr. Warnecke then suggested May 30 or June 13, 2008, Ms. DeMarchi would not consider June 13.

urgency in this matter, Tocad believes that a more rational schedule is appropriate. The parties have attempted to resolve this and have been unable to do so.

6. On April 4, 2008 (one week after serving the motion) Joby served Requests for Documents and Interrogatories and on April 7, 2008, Tocad served its Requests for Documents and Interrogatories to be answered by Joby. Both parties have also indicated that they would like to take some depositions in connection with the preliminary injunction proceeding and I have discussed with Ms. DeMarchi the possibility of providing certain categories of documents and information on an expedited basis. Due to travel, schedule conflicts and the efforts to be made to search for the responsive information, Tocad will likely be unable to provide expedited discovery agreed upon before April 28 or be able to take any of the Joby depositions until that week assuming Joby's relevant document production is complete by that time.

7. Because of scheduling conflicts, the need to conduct some discovery and to prepare its opposition papers, I indicated to Ms. DeMarchi that I did not believe that Joby's request that Tocad's opposition be due May 2 as a "quid pro quo" to extend the preliminary injunction date so Joby can have two weeks in which to file its Reply is appropriate. Ms. DeMarchi indicated that she is desirous of the additional week to prepare Joby's Reply so that she may depose any declarants put forth by Tocad in its Opposition. I advised Ms. DeMarchi that we can make our declarant available as soon as the opposition is filed and that we have no objection to providing Joby additional time, provided however, that such additional time for Joby would require continuing the preliminary injunction hearing until June, which in any event, I believe is a more rational schedule.

8. Further, on April 9, 2008, Tocad proposed to Joby that since Tocad was discontinuing the original Flexpod, is considering terminating the Flexpod Plus design and is working on a new design which Tocad should be able to provide shortly, that it made sense to propose an early trial date of November, 2008, (which would be less than 8 months from service of the complaint) *in lieu of an unnecessarily compressed preliminary injunction proceeding*. (A copy of Tocad's proposal is attached hereto as Exhibit A). Joby refused to do so unless Tocad

3

"stipulates to the injunction requested." (A copy of Joby's response is attached hereto as Exhibit B). However, if Joby intends to proceed with the preliminary injunction hearing, Tocad proposes a March 2009 trial date rather than the expedited November date.[2]

9. I have had numerous conversations with Joby's counsel, Virginia DeMarchi and have not been able to come to an agreement about scheduling issues. On April 15, 2008, I confirmed with Ms. DeMarchi that she would only agree to a May 30, 2008 hearing date if Tocad's brief was due May 2nd and Tocad does not agree to such an accelerated schedule. I suggested that a hearing date of June 13, 2008 would give both parties a reasonable amount of time to pursue discovery and prepare the opposition brief and reply. Ms. DeMarchi would not agree to a June 13 date.

Date:   April 15, 2008         By: _____
                               Debra R. Bernard
                               Perkins Coie LLP
                               131 South Dearborn, Suite 1700
                               Chicago, Illinois 60603
                               Phone: (312) 324-8400
                               Fax:    (312) 324-9400
                               Email: dbernard@perkinscoie.com

                               Attorneys For Defendant
                               TOCAD AMERICA, INC.

---

[2] Given that the median time from filing of a complaint to a jury trial is 28.4 months in this District, Tocad's proposed trial of 1 year from the service of the complaint is eminently reasonable.

4

DECLARATION OF DEBRA R. BERNARD IN SUPPORT OF MOTION TO ENLARGE TIME
Case No. 3:07-cv-06455-SI
64091-0006/LEGAL14177470.1

**EXHIBIT A**



Michael O. Warnecke
PHONE: (312) 324-8549
FAX:  (312) 324-9549
EMAIL: MWarnecke@perkinscoie.com

131 S. Dearborn Street, Suite 1700
Chicago, IL 60603-5559
PHONE: 312.324.8400
FAX: 312.324.9400
www.perkinscoie.com

April 9, 2008

**VIA FACSIMILE AND EMAIL** – (650) 938-5200

Virginia K. DeMarchi
Fenwick & West LLP
801 California Street
Mountain View, CA  94041

Dear Virginia:

      In further reviewing the timing issues based upon your discussions with Debra and Brandy and our previous discussions, we continue to believe that it is not a wise use of our respective clients' resources or judicial resources to proceed with a preliminary injunction on such an accelerated and compressed schedule.  This is particularly true where we have told you that our client has discontinued manufacturing the Flexpod and only has a few thousand left in inventory.  With respect to Flexpod Plus, which we believe is not confusingly similar to the Gorillapod we are considering terminating this design as well..  As we have also advised you, we are working on a new design that we believe is even more significantly different and will present that to you as promptly as we can—Richard is currently in Hong Kong in discussions with the manufacturer regarding the proposed redesigned product and we hope to advise you further in a week or so..

      In view of the foregoing, we are willing to agree to your proposed trial schedule (with a slight modification that actually accelerates it) in lieu of the unnecessarily compressed preliminary injunction proceeding.  Since it is likely that in the next few weeks, we will have agreed to provide you assurances with respect to Flexpod and Flexpod Plus, it seems to us that there will be nothing to enjoin and the preliminary injunction proceeding will be moot and unnecessary.  The new design, in our view, will be outside any legitimate scope of any alleged trade dress.  If there are any issues remaining to be addressed by a court, such issues will likely be very limited both substantively and temporally.  Hence, in view of the above, we would agree to the following schedule in lieu of the preliminary injunction briefing and hearing:

LEGAL14162806.1

ANCHORAGE · BEIJING · BELLEVUE · BOISE · CHICAGO · DENVER · LOS ANGELES · MENLO PARK
OLYMPIA · PHOENIX · PORTLAND · SAN FRANCISCO · SEATTLE · SHANGHAI · WASHINGTON, D.C.
Perkins Coie LLP and Affiliates

April 9, 2008
Page 2

       August 25: Fact discovery closes

       September 2: Expert reports due

       September 22: Rebuttal Expert Reports due

       October 6: Expert Discovery closes

       October 16: Final Pretrial Order

       November 10-14: Trial

       We think that proceeding in this way makes eminently more sense than the unnecessarily accelerated schedule you propose in connection with the Preliminary Injunction. Under these circumstances, we do not see the need for such a costly proceeding. Moreover, we think that the Judge will appreciate our efforts to compress the matter so that there is only one trial on the merits, if it gets to that. Given that we have been engaging in good faith efforts to come to some resolution and address your client's concerns, we believe that this proposal provides your client with an expedited adjudication without having to do it twice.

       Please review and let me know your thoughts.

Sincerely,

*[signature]*

Michael O. Warnecke

MOW:ps

cc:    Richard Darrow
       Debra Rae Bernard
       Brandy McMillion

LEGAL14162806.1

Case 3:07-cv-06455-SI    Document 41    Filed 04/15/2008    Page 8 of 9

**EXHIBIT B**

**FENWICK & WEST LLP**

555 CALIFORNIA STREET, 12TH FLOOR   SAN FRANCISCO, CA 94104
TEL 415.875.2300   FAX 415.281.1350   WWW.FENWICK.COM

April 10, 2008

VIRGINIA K. DEMARCHI

EMAIL VDEMARCHI@FENWICK.COM
DIRECT DIAL (650) 335-7967

**VIA EMAIL AND U.S. MAIL**

Michael O. Warnecke, Esq.
Perkins Coie LLP
131 S. Dearborn Street
Suite 1700
Chicago, Illinois 60603-5559

Re:   *Joby, Inc. v. Tocad America, Inc.*

Dear Michael:

Thank you for your letter of April 9. As I explained to your colleagues during our call this afternoon, Joby is not willing to take the preliminary injunction motion off calendar unless Tocad stipulates to the injunction Joby has requested. Unfortunately, our past experience with your client has convinced us that the preliminary injunction proceeding is necessary.

Sincerely,

Virginia K. DeMarchi

cc:  Debra Bernard

25933/00402/LIT/1283630.1