CHARLENE M. MORROW (CSB NO. 136411)
cmorrow@fenwick.com
VIRGINIA K. DEMARCHI (CSB NO. 168633)
vdemarchi@fenwick.com
KIMBERLY I. CULP (CSB NO. 238839)
kculp@fenwick.com
SALAM RAFEEDIE (CSB NO. 250191)
srafeedie@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone:   (650) 988-8500
Facsimile:   (650) 938-5200

Attorneys for Plaintiff
JOBY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOBY, INC., | Case No. 3:07-CV-06455 (SI) |
| Plaintiff, | **JOBY, INC.'S OPPOSITION TO TOCAD AMERICA, INC.'S MOTION TO ENLARGE TIME** |
| v. | |
| TOCAD AMERICA, INC., | |
| Defendant. | |

## INTRODUCTION

Joby is seeking a preliminary injunction to stop the harm Tocad is causing, and will continue to cause, Joby through continued sales of Tocad's knock-offs of Joby's Gorillapod tripod. As Joby's motion explains, the harm to Joby is and will be irreparable, and any further delay has consequences that cannot be remedied by an award of monetary damages later. (*See* Dkt. No. 11, Joby, Inc.'s Motion for a Preliminary Injunction ("Motion").) In these circumstances, Tocad's request for a continuance is highly prejudicial to Joby.

Tocad asks the Court to continue the hearing date on Joby's preliminary injunction motion from May 16 to June 13 – a full month beyond the current hearing date and six weeks from the day the motion was originally noticed to be heard. While Joby is willing to accommodate counsel's conflicts with the current May 16 hearing date and to stipulate to a hearing on May 30, Joby is not willing to delay this proceeding until June 13. Tocad's motion to enlarge time has nothing to do with any legitimate needs for discovery or concerns about counsel's ability to prepare adequately for the hearing. It is simply a ploy to further delay the relief Joby seeks.

Joby's objections to Tocad's knock-off tripod were not new to Tocad when Joby served its complaint on March 17, 2008. As of that date, Tocad had had a courtesy copy of the complaint for several weeks and the parties had already engaged in extensive discussions in an effort to resolve the matter without litigation, including in person settlement negotiations. (*See* Dkt. No. 11, Motion at 8-9; Dkt. No. 18, Declaration of Virginia K. DeMarchi in Support of Joby, Inc.'s Motion for a Preliminary Injunction, ¶¶ 5-14, Exs. D-M.) Those negotiations broke down in substantial part because while Tocad promised a good faith redesign of its tripods, what it actually provided to Joby was wholly unacceptable. (Declaration of Virginia K. DeMarchi in Support of Joby, Inc.'s Opposition to Tocad America, Inc.'s Motion to Enlarge Time ("DeMarchi Decl."), ¶¶ 2-3.) Joby should not be forced to play this game with Tocad again – waiting indefinitely for a promised redesign that turns out to be insignificantly different from the current product. It is time for Tocad to either stipulate to the injunction Joby seeks or respond to the motion.

## I. THE CONTINUANCE TOCAD SEEKS IS EXCESSIVE AND UNNECESSARY

### A. Joby Has Made Reasonable Efforts to Accommodate Tocad's Scheduling Conflicts

Joby filed its motion for a preliminary injunction at about 1:00 p.m. on March 28, 2008. Because Tocad's counsel had not yet registered as an ECF user, Joby also emailed its papers directly to Tocad's counsel and had them hand-delivered to counsel's offices in Chicago the same afternoon. (DeMarchi Decl., ¶ 4.) On March 31, 2008, the next business day following service of the motion, Joby's counsel conferred with Tocad's counsel by telephone. During that call,

Tocad expressed a possible need for discovery including the depositions of Joby's declarants. Joby invited Tocad to indicate what information it required. In addition, Michael Warnecke, Tocad's lead counsel, indicated that he would be unavailable on May 16 and asked that Joby stipulate to continue the hearing to May 23. Later, Mr. Warnecke indicated that he would not be prepared for a hearing on May 23, and asked that Joby stipulate to continue the hearing to May 30. (*Id.*, ¶¶ 5-6.)

Given Tocad's counsel's constraints, Joby agreed to stipulate to a May 30 hearing date, even though this date was nearly a month later than the date for which Joby originally noticed its motion to be heard. Joby asked that its stipulation to this date be accompanied by a modification of the briefing schedule otherwise applicable under Local Rule 7-7(d), in light of the significant additional time such a continuance would give Tocad to prepare its opposition and Joby's potential need to obtain discovery from Tocad's declarants in advance of filing a reply. Accordingly, Joby proposed the following schedule:

| | |
|---|---|
| May 2 | Tocad files its opposition to Joby's motion |
| May 16 | Joby files a reply in support of its motion |
| May 30 | Hearing on Joby's preliminary injunction motion |

(*Id.*, ¶ 7.) This proposal would have afforded Tocad fully five weeks to take discovery and prepare an opposition to Joby's motion. Tocad declined this proposal and now insists on a continuance to June 13.

Preliminary relief under Rule 65 is intended to be available on an expedited basis to applicants who satisfy the Rule's criteria. While Joby is willing to accommodate counsel's genuine scheduling conflicts, Joby should not have to suffer the unreasonably delay Tocad seeks, simply because such delay will serve Tocad's strategic interests in the litigation.[1]

---

[1] Just as Joby should not have to suffer unreasonable delay of the hearing on its preliminary injunction motion, so too it should not have to forego preliminary relief altogether and be required to wait for a trial in November or next year.

### B. Tocad's Supposed Need for Discovery Is Just a Delay Tactic

To date, and nearly three weeks after being served with Joby's motion, Tocad has not asked for the deposition of a single Joby witness and has only just recently (*i.e.* the day it filed a motion for a continuance) indicated an interest "in principle" in the expedited production of certain categories of documents, and this was in response to a proposal *Joby* (not Tocad) made to move matters along. (DeMarchi Decl., ¶¶ 8-10, Exs. A, B.) So far, Joby's proposals to expedite the discovery Tocad claims it requires for the preliminary injunction proceeding have been met with expressions of skepticism about what can be accomplished due to the press of counsel's or the client's other commitments. (*Id.*, Ex. B.) Tocad should not be permitted to obtain an extension of time to conduct discovery when it has not been diligent in seeking discovery in the first place. *See Regents of the University of California et al. v. Synbiotics Corp.*, 29 U.S.P.Q. 2d 1463, 1993 U.S. Dist. LEXIS 20222 at *3 (S.D. Cal. Oct. 13, 1993) (finding defendant improperly used delayed discovery requests in effort to postpone preliminary injunction hearing).

In fact, Tocad requires little, if any, discovery to respond to Joby's motion for a preliminary injunction. Information concerning many of the factors relevant to Joby's success on the merits of its trade dress infringement claim are already known to Tocad such as, its own intentional copying, of the Gorillapod trade dress, the proximity of the products, the channels in which they are sold, the degree of care likely to be exercised by customers, and the quality of Tocad's product compared to Joby's.[2] At present, Joby does not know whether it will require any additional information from Tocad to prepare its reply. Once Tocad files its opposition, Joby may seek to depose some or all of Tocad's declarants. Joby hopes and expects that Tocad will be prepared to make its declarants reasonably available for deposition before Joby files its reply. Given that Joby may require some limited deposition discovery following service of Tocad's opposition, the briefing schedule Joby proposed (as outlined above) would give Joby one additional week to take any necessary discovery in aid of its reply.

---

[2] Although both parties have served document requests and interrogatories, neither party requires complete production of the requested documents or answers to the interrogatories in order to address the issues raised by the preliminary injunction.

# CONCLUSION

It is clear from Tocad's motion for a continuance that it hopes to avoid a preliminary injunction hearing altogether by promising to discontinue one of its knock-off tripods and to "consider" discontinuing the other tripod, while simultaneously holding out the promise of a "new" flexible tripod. Joby has heard these promises before. Meanwhile, Tocad continues to sell its infringing tripods and has declined to stipulate to an injunction.

If the Court is inclined to continue the May 16 hearing date Joby respectfully requests that the continuance not extend beyond May 30 and that the briefing schedule be modified such that Tocad is due to file its opposition 28 days in advance of the hearing and Joby is due to file its reply 14 days in advance of the hearing.

Dated: April 18, 2008					FENWICK & WEST LLP


						By:	/s/ *Virginia K. DeMarchi*
							Virginia K. DeMarchi

						Attorneys for Plaintiff
						JOBY, INC.

*1283885*