**EXHIBIT C TO DECLARATION OF VIRGINIA K. DEMARCHI**

**FENWICK & WEST LLP**

555 CALIFORNIA STREET, 12TH FLOOR   SAN FRANCISCO, CA 94104
TEL 415.875.2300   FAX 415.281.1350   WWW.FENWICK.COM

April 16, 2008

VIRGINIA K. DEMARCHI

EMAIL VDEMARCHI@FENWICK.COM
DIRECT DIAL (650) 335-7967

## VIA EMAIL AND U.S. MAIL

Debra R. Bernard, Esq.
Perkins Coie LLP
131 S. Dearborn Street
Suite 1700
Chicago, Illinois  60603-5559

Re:   *Joby, Inc. v. Tocad America, Inc.*

Dear Debra:

Thank you for your letter of April 15, 2008.

Enclosed please find a proposed protective order. As I indicated when we had our Rule 26(f) conference on March 31, Joby proposes that the parties use the form protective order posted on the Northern District's website. We have adapted that form to this case, and the attached proposed order indicates the few case-specific changes that we have made. In any event, the entry of a protective order need not delay the production of documents either party may require on an expedited basis. We can easily stipulate to restricting disclosure of non-public material to outside counsel only, if necessary, until a protective order is entered by the court.

We expect to be able to begin producing the documents we have offered early next week. You have asked that Joby produce documents showing the number of units of the Gorillapod sold on a monthly basis. While the volume of Gorillapod sales may be relevant to consideration of the preliminary injunction motion, we do not understand why Tocad requires this information on a monthly basis at this time. We will inquire whether reports at that level of granularity are available, but please advise if there are particular periods of time that are of interest. Similarly, we do not understand why Tocad requires information about Joby's revenue and profit margin, or why Tocad has asked for this information also on a monthly basis. Such information is relevant only to damages.

As for the timing of Tocad's production of the categories of documents we identified for expedited production, it is not clear from your letter whether your office has even begun to collect responsive documents – *i.e.*, you express doubt about what can be done before April 28 due to "travel and other business commitments." Clearly some categories of documents should be easily accessible, such as the documents showing the number of units of the FlexPod product line and the FlexPod Plus product line, respectively, sold by Tocad and remaining in inventory,

Debra R. Bernard, Esq.
April 16, 2008
Page 2

and documents identifying retailers and distributors to whom Tocad has sold its flexible tripods and monopods. We would expect a company like Tocad to have databases and reporting tools that permit ready access to this information. As for the other categories identified in my letter of April 11, we ask that Tocad *promptly* conduct a reasonable and diligent search for those categories of documents and that it produce responsive documents in time to give us a reasonable opportunity to review them in advance of the deadline to file Joby's reply brief.

Sincerely,

*Virginia K. DeMarchi*

Virginia K. DeMarchi

cc: Michael O. Warnecke

25933/00402/LIT/1283892.1