CHARLENE M. MORROW (CSB NO. 136411)
cmorrow@fenwick.com
VIRGINIA K. DEMARCHI (CSB NO. 168633)
vdemarchi@fenwick.com
KIMBERLY I. CULP (CSB NO. 238839)
kculp@fenwick.com
SALAM RAFEEDIE (CSB NO. 250191)
srafeedie@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

Attorneys for Plaintiff
JOBY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JOBY, INC.,

Plaintiff,

v.

TOCAD AMERICA, INC.,

Defendant.

Case No. 3:07-CV-06455 (SI)

**PLAINTIFF JOBY, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS DEFENDANT TOCAD AMERICA, INC.'S COUNTERCLAIM**

**Date: June 6, 2008**
**Time: 9:00 a.m.**
**Courtroom: 10, 19th Floor**
**The Honorable Susan Illston**

## TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 2

STATEMENT OF ISSUES ........................................................................ 2

STATEMENT OF FACTS ........................................................................ 2

ARGUMENT ........................................................................................ 4

I. TOCAD'S STATE LAW COUNTERCLAIMS SHOULD BE DISMISSED UNDER RULE 12(b)(6) ........................................................ 4

A. Tocad's State Law Tort Claims ........................................................ 4

B. Tocad's Counterclaims Should Be Dismissed Under Rule 12(b)(6) Because They Are Preempted by Federal Law ........................................ 5

1. 35 U.S.C. § 154(d) Provides for "Actual Notice" of Published Applications ........................................................ 6

2. Joby's Communications with Retailers Are Permitted by 35 U.S.C. § 154(d) ........................................................ 7

C. Tocad's Counterclaims Should Be Dismissed Under Rule 12(b)(6) Because They Assert Tort Liability for Conduct Permitted by Law ..................... 9

II. TOCAD'S COUNTERCLAIMS SHOULD BE DISMISSED UNDER RULE 12(b)(1) BECAUSE THEY ARE NOT RIPE FOR ADJUDICATION .......................... 10

CONCLUSION ........................................................................................ 12

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**


*Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696 (9th Cir. 1988) ....................5

*Bank of the West v. the Sup. Ct. of Contra Costa Cty.*, 2 Cal. 4th 1254 (1992)....................4

*Bernhardt, L.L.C. v. Collezione Europa USA, Inc.*, 386 F.3d 1371 (Fed. Cir. 2004)....................8

*Branch v. Tunnell*, 14 F.3d 449 (9th Cir. 1994) ....................7

*Cel-Tech Commc'ns., Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163 (1999)....................4, 9

*Chavez v. Whirlpool Corp.*, 93 Cal. App. 4th 363 (Cal. App. 2d Dist 2001) ....................4, 10

*Chip-Mender, Inc. v. The Sherwin-Williams, Co.,* No. C-05-3465-PJH, 2006 U.S. Dist. LEXIS 2176 (N.D. Cal. Jan. 3, 2006)....................6

*Contemporary Servs. Corp. v. Staff Pro Inc.*, 152 Cal. App. 4th 1043 (Cal. App. 4th Dist. 2007) ....................10

*Elbex Video, Ltd. v. Sensormatic Elecs. Corp.*, 508 F.3d 1366 (Fed Cir. 2007)....................11

*GAF Bldg. Materials Corp. v. Elk Corp. of Dallas*, 90 F.3d 479 (Fed. Cir. 1996) ....................10, 11

*Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) ....................7

*Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 362 F.3d 1367 (Fed. Cir. 2004)....................5, 9

*Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318 (Fed. Cir. 1998)....................5

*Judkins v. HT Window Fashion Corp.*, No. 2007-1434, 2008 U.S. App. LEXIS 7423 (Fed. Cir. Apr. 8, 2008)....................8

*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134 (2003)....................5, 9, 10

*Medimatch, Inc. v. Lucent Techs., Inc.*, 120 F. Supp. 2d 842 (N.D. Cal. 2000)....................7


FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

*Midwest Industries, Inc. v. Karavan Trailers, Inc.*,
175 F.3d 1356 (Fed. Cir. 1999)........................................................................5

*Mullis v. United States Bankr. Ct.*,
828 F.2d 1385 (9th Cir. 1987) ........................................................................7

*Plastic Recovery Tech., Inc. v. Container Components, Inc.*,
No. 04-C-5249, 2004 U.S. Dist. LEXIS 22970 (N.D. Ill. Nov. 10, 2004)............................11

*Rubinstein Physical Therapy, Inc. v. PTPN, Inc.*,
148 Cal. App. 4th 1130 (Cal. App. 2d Dist. 2007) ...........................................................10

*Serio-US Indus., Inc. v. Plastic Recovery Tech. Corp.*,
459 F.3d 1311 (Fed. Cir. 2006).....................................................................5, 6

*Smith & Hawken, Ltd. v. Gardendance, Inc.*, No. C-04-1664-SBA,
2004 U.S. Dist. LEXIS 22934 (N.D. Cal. Nov. 5, 2004).......................................................4

*St. Clair v. Chico*,
880 F.2d 199 (9th Cir. 1989) ...........................................................................10, 11

*Zenith Elecs. Corp. v. Exzec, Inc.*,
182 F.3d 1340 (Fed. Cir. 1999).....................................................................5, 9

**STATUTES**

35 U.S.C. § 154(d) ...........................................................................passim

California Business and Professions Code § 17200 .....................................................4

Civil Local Rule 7-1(a) ...........................................................................1

Federal Rule of Civil Procedure 12(b)(1)........................................................ 1, 2, 10, 12

Federal Rule of Civil Procedure 12(b)(6)...........................................................passim

**OTHER AUTHORITIES**

The Manual of Patent Examining Procedure § 706.07 ..................................................8

The Manual of Patent Examining Procedure § 2100 ....................................................8

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that on June 6, 2008 at 9:00 a.m., or as soon thereafter as the matter may be heard, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California in the courtroom of the Honorable Susan Illston, plaintiff Joby, Inc. ("Joby") will and hereby does move for an order dismissing defendant Tocad America, Inc.'s ("Tocad") counterclaims, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and Civil Local Rule 7-1(a). Joby's Motion is based on this Notice and Motion, the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice, the Declaration of Virginia K. DeMarchi and such other matters as may be presented to the Court in connection with the hearing on the Motion.

## INTRODUCTION

Joby's popular Gorillapod flexible tripod has attracted a number of imitators eager to trade on Joby's success without investing the resources to develop their own mechanical design or a unique look. Joby has not sat idly by while knock-offs of its Gorillapod proliferate, but instead has taken steps to protect its intellectual property. Joby has attempted to persuade knock-off manufacturers, their distributors and their retailers to stop copying the Gorillapod's trade dress, and where those efforts have been unsuccessful, as in this case, it has taken legal action. Joby has also sought patent protection for certain functional aspects of its product design. Two of Joby's pending patent applications have now been published, and Joby has given notice to potential infringers that Joby may have provisional rights under 35 U.S.C. § 154(d) in the inventions claimed in those published applications.

Joby's current complaint against Tocad asserts claims for trade dress infringement, unfair competition and false advertising based on Tocad's imitation of the Gorillapod's unique look. In its make-weight counterclaims, Tocad asserts that Joby has competed unfairly against Tocad and interfered with its business prospects by notifying potential infringers – specifically, retailers selling Tocad's knock-offs of the Gorillapod – of Joby's published patent applications. According to Tocad, Joby's communications with these retailers are "unfair" because Tocad *believes* that one of Joby's two published applications, both of which are still undergoing

examination before the U.S. Patent and Trademark Office ("PTO"), will not result in an issued patent.

Joby's rights in its pending applications are governed by federal patent law. Joby was entitled by statute to notify potential infringers that it is seeking patent protection under 35 U.S.C. § 154(d). Indeed, for Joby to have any relief once its patents issue for infringement that took place while the applications were pending, it must give "actual notice" to those who will be infringers. Thus, Tocad's state law claims of unfair competition and interference are both preempted and founded entirely on conduct protected by law. Moreover, these claims are not ripe for review by this Court. The Court should dismiss these counterclaims in their entirety.

## MEMORANDUM OF POINTS AND AUTHORITIES

Joby respectfully submits the following memorandum in support of its motion to dismiss Tocad's state law counterclaims.

## STATEMENT OF ISSUES

1. Whether Tocad's state law claims for unfair competition and interference with prospective economic relationships should be dismissed under Rule 12(b)(6) for failure to state a claim because they are preempted by federal law.

2. Whether Tocad's state law claims for unfair competition and interference with prospective economic relationships should be dismissed under Rule 12(b)(6) for failure to state a claim because they asserted tort liability for conduct permitted by law.

3. Whether Tocad's state law claims for unfair competition and interference with prospective economic relationships should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction because they are not ripe for adjudication.

## STATEMENT OF FACTS

Tocad recites the following "facts" in support of its unfair competition and tortious interference claims:[1]

- On January 3, 2006, Joby filed a patent application with the PTO for technology

---

[1] These allegations are treated as if they were true for purposes of this Motion, only.

utilized in the Joby Gorillapod. (Counterclaim ¶ 5.)

- As part of that application, Joby filed an Information Disclosure Statement with the PTO that included a declaration from the inventor, JoeBen Bevirt. (Counterclaim ¶ 6.) In his declaration, Mr. Bevirt disclosed to the PTO that ten years prior to filing the application, in 1996, he publicly displayed a flexible tripod utilizing a series of connectors having ball and socket features. (*Id.*)
- In October 2007, "Joby communicated with customers, known by Joby to be Tocad customers, threatening litigation for violations of Joby patents not yet issued, if they did not cease selling Tocad products." (Counterclaim ¶ 7.)
- On January 28, 2008, the PTO issued a "final rejection" of all the claims in the application based in part on the information provided in Mr. Bevirt's declaration. (Counterclaim ¶ 8.)
- On February 19, 2008, "Joby sent a letter to Fry['s] Electronics, another known Tocad customer, again referencing [the patent application], and threatening litigation for violations of patent protection," even though that application "had been rejected by the PTO." (Counterclaim ¶ 10.)

Tocad did not attach to its counterclaims Joby's patent application, the declaration of Mr. Bevirt, or the PTO's "final rejection," each of which it specifically cites in its counterclaims. Tocad did, however, attach a copy of the February 19, 2008 letter to Fry's of which it complains. (Counterclaim ¶ 10, Ex. 1.)

For purposes of this Motion only, the Court should assume as true the allegations of fact in Tocad's counterclaims, except to the extent they are contradicted by the documents on which those allegations rely or by other documents and matters of which the Court may properly take judicial notice. (*See* Joby, Inc.'s Request for Judicial Notice ("RFJN"), filed herewith.)

/ / /

/ / /

/ / /

/ / /

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

## ARGUMENT

### I. TOCAD'S STATE LAW COUNTERCLAIMS SHOULD BE DISMISSED UNDER RULE 12(b)(6)

#### A. Tocad's State Law Tort Claims

All of Tocad's counterclaims are premised on Joby's communications with retailers about its published patent applications and potential liability for violations of provisional patent rights.

Tocad's first counterclaim alleges "unfair competition" under California Business and Professions Code Section 17200. (Counterclaim ¶ 12.) Section 17200 prohibits "unlawful, unfair, or fraudulent" business practices and "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. Tocad appears to rely solely on the "unfair" business practices provision. (*See* Counterclaim ¶ 11.) Such a claim can only be based on conduct that "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech Commc'ns., Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 187 (1999). Conduct which is explicitly permitted by law cannot be unfair. *Id.* at 182; *Chavez v. Whirlpool Corp.*, 93 Cal. App. 4th 363, 374-75 (Cal. App. 2d Dist 2001). As pled, Tocad's second counterclaim for common law unfair competition appears to be entirely coextensive with its statutory unfair competition claim.[2] (*See* Counterclaim ¶¶ 14-16.)

Tocad's third counterclaim asserts that Joby has interfered with Tocad's business prospects. (Counterclaim ¶¶ 17-23.) A claim for tortious interference with prospective economic relationships requires allegations that (1) Tocad and a third party were in an economic relationship that probably would have resulted in an economic benefit to Tocad; (2) Joby knew of the relationship; (3) Joby intended to disrupt the relationship; (4) Joby engaged in "wrongful" conduct; (5) the relationship was disrupted; and (6) Tocad suffered economic harm proximately

---

[2] In fact, common law unfair competition is limited to claims of "passing off." *See Bank of the West v. the Sup. Ct. of Contra Costa Cty.*, 2 Cal. 4th 1254, 1263 (1992); *Smith & Hawken, Ltd. v. Gardendance, Inc.*, No. C-04-1664-SBA, 2004 U.S. Dist. LEXIS 22934, at *19 (N.D. Cal. Nov. 5, 2004). Tocad has alleged no such conduct by Joby. For this additional reason, Tocad has not stated a claim for common law unfair competition, and its second counterclaim should be dismissed.

caused by such "wrongful" conduct. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153-54 (2003). An act is wrongful only if it is unlawful. *Id.* at 1159.

These counterclaims should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted because they are preempted by federal law and because they assert tort liability for conduct permitted by law. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988) (dismissal proper where no cognizable legal theory asserted or facts alleged are insufficient to support cognizable legal theory).

**B. Tocad's Counterclaims Should Be Dismissed Under Rule 12(b)(6) Because They Are Preempted by Federal Law**

Federal patent law preempts all of Tocad's state law tort claims because the state law cause of action frustrates "'the accomplishment and execution of the full purposes and objectives of Congress,'" which has enacted statutes protecting patent rights and regulating their enforcement. *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1335 (Fed. Cir. 1998), *overruled on other grounds by Midwest Industries, Inc. v. Karavan Trailers, Inc.,* 175 F.3d 1356 (Fed. Cir. 1999); *Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1353-54 (Fed. Cir. 1999) (holding Lanham Act claim preempted by patent statute; preemption gives "effect both to the rights of the patentees as protected by the patent laws . . . and to the salutary purposes of the Lanham Act"); s*ee also Serio-US Indus., Inc. v. Plastic Recovery Tech. Corp.*, 459 F.3d 1311, 1320-21 (Fed. Cir. 2006) (affirming dismissal of state law claims preempted by patent law); *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 362 F.3d 1367, 1374, 1376-77 (Fed. Cir. 2004) (affirming grant of summary judgment that state law claims were preempted by federal patent law).

Absent allegations that the claims Joby made in its communications with retailers were "objectively baseless," such that "no reasonable litigant could realistically expect success on the merits," accurate communications about the status of pending patent applications and the rights associated with such applications do not give rise to state tort liability, as a matter of law. *See Globetrotter Software,* 362 F.3d at 1376-77 ("federal patent laws preempt state laws that impose tort liability for a patentholder's good faith conduct in communications asserting infringement of

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

its patent and warning about potential litigation"); *Chip-Mender, Inc. v. The Sherwin-Williams, Co.,* No. C-05-3465-PJH, 2006 U.S. Dist. LEXIS 2176, at *32-33 (N.D. Cal. Jan. 3, 2006) (dismissing section 17500 counterclaim because plaintiff failed to identify anything that was untrue or misleading; statement that product was patented was true). Tocad does not plead that Joby's communications with potential infringers were objectively baseless or made in bad faith, and the facts alleged in the counterclaims in no way support such a conclusion.

**1. 35 U.S.C. § 154(d) Provides for "Actual Notice" of Published Applications**

Section 154(d) of Title 35 of the United States Code affords a patent holder "provisional rights" to obtain royalties for another's use of a claimed invention following publication of an application and prior to issuance of the patent:

> [A] patent shall include the right to obtain a reasonable royalty from any person who, during the period beginning on the date of publication of the application for such patent . . . and ending on the date the patent is issued –
>
> makes, uses, offers for sale, or sells in the United States the invention as claimed in the published patent application . . .
>
> and
>
> ***had actual notice of the published patent application*** . . . .

35 U.S.C. § 154(d)(1) (emphasis added).

By its express terms, section 154(d) permits the patent applicant to give potential infringers "actual notice" of a published patent application during the time it is undergoing examination by the PTO and before any claims have issued. *Id.* Indeed, such notice is *required* if the applicant hopes to enjoy the benefit of provisional rights once the patent has issued. The Federal Circuit has explained that the policy behind allowing a patent holder to notify potential infringers of its rights allows the accused infringer to "determine whether to cease its allegedly infringing activities, negotiate a license if one is offered, or decide to run the risk of liability and/or the imposition of an injunction." *Serio-US Indus.,* 459 F.3d at 1321. Accordingly, the "actual notice" provision of section 154(d) serves to protect not only the applicant's interests but the potential infringer's as well.

**2. Joby's Communications with Retailers Are Permitted by 35 U.S.C. § 154(d)**

Each of Tocad's state law counterclaims asserts tort liability for precisely the type of communication permitted by 35 U.S.C. § 154(d): Joby's notice of its published patent applications.

The only specific communication that Tocad cites in its counterclaims is Joby's February 19, 2008 letter to Fry's. In that letter, which is attached as Exhibit 1 to Tocad's Answer and Counterclaim, Joby objected to Fry's sale of three different knock-offs of Joby's Gorillapod as violating Joby's intellectual property rights. (Counterclaim Ex. 1.) The letter does not, as Tocad asserts, "threaten[] litigation for violations of patent protection." (Counterclaim ¶ 7, Ex. 1.) Instead, the letter makes clear that Joby has *applied for* patent protection and that, as a result of publication of two of its applications, Fry's has *potential liability* for royalties under section 154(d):

> . . . Joby has applied for utility patents concerning aspects of the Gorillapod®. Please consider this formal notice that two of these applications, Application No. 20070154254 and Application No. 20070212163, have been published by the U.S. Patent and Trademark Office. Accordingly, any use, sale, offer for sale or importation of these knock-off tripods subjects Fry's to potential liability for royalties up through the time the patents issue. *See* 35 U.S.C. § 154(d).

(Counterclaim Ex. 1.) Tocad alleges no different communications made in October 2007. (*See* Counterclaim ¶ 7.)

As of the date of the letter, both of Joby's published applications, including the application about which Tocad complains, were (and still are) pending before the PTO.[3] (RFJN at 3-4; Declaration of Virginia K. DeMarchi in Support of Joby, Inc.'s Request for Judicial Notice and Motion to Dismiss ("DeMarchi Decl.") ¶ 4, Ex. C.)

The apparent basis for Tocad's allegations that Joby should have known it would not get a

---

[3] In determining whether Tocad has alleged facts sufficient to establish the elements of the claims asserted, the Court may consider documents referred to in the counterclaim, but which Tocad failed to attach. *See, e.g., Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *Medimatch, Inc. v. Lucent Techs., Inc.*, 120 F. Supp. 2d 842, 848 (N.D. Cal. 2000). The Court may also consider other facts that are subject to judicial notice. *See Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987); *Medimatch,* 120 F. Supp. 2d at 863.



FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

patent is the fact that there was a prior art rejection in one of the two pending applications. However, the PTO's issuance of a "final" office action rejecting the pending claims of Application No. 11/324,994 (Publication No. 2007154254) did not conclude examination of the application or terminate its pendency before the PTO. The Manual of Patent Examining Procedure ("MPEP") makes clear that a "final rejection" does not represent the last word on the patentability of the claimed invention. *See* MPEP § 706.07 (explaining procedure for replying to final rejection letter; applicant has three months to reply). The office action itself states that Joby may submit a reply to the action within three months. (RFJN at 2-3; DeMarchi Decl. ¶ 3, Ex. B at 14.) In fact, Joby is still actively prosecuting the application before the PTO. (RFJN at 3-4; DeMarchi Decl. ¶ 4, Ex. C; *see also* http://portal.uspto.gov/external/portal/pair.) It would be premature to conclude that no patent will issue from this application. Moreover, the other application is also still pending before the PTO. (RFJN at 3-4; *see* http://portal.uspto.gov/external/portal/pair (Application No. 11/801,234).) Accordingly, Tocad has asserted no basis recognized by the applicable law for concluding that Joby's statements are actionable. *See Judkins v. HT Window Fashion Corp.*, No. 2007-1434, 2008 U.S. App. LEXIS 7423, at *9 (Fed. Cir. Apr. 8, 2008) ("If a district court weighing a motion to enjoin a patentee from communicating its rights determines the patent in question is not necessarily invalid or unenforceable, the objective baselessness requirement is not met. . . .").

Tocad further implies, but does not specifically allege, that the public display in 1996 of a flexible tripod utilizing a series of ball and socket connectors – a fact Mr. Bevirt voluntarily disclosed to the PTO in his declaration – necessarily precludes patent protection for the invention claimed in one of Joby's published applications, thereby rendering the communications "unfair." (*See* Counterclaim ¶ 6.) There is no basis in law or fact for such a claim. Whether this prior display renders the invention claimed in the application unpatentable requires a detailed comparison of the 1996 tripod with the claimed invention, an analysis that must be handled in the first instance by the PTO and which is governed exclusively by the federal patent law. *See* MPEP § 2100 *et. seq.* (explaining detailed patentability requirements); *see also Bernhardt, L.L.C. v. Collezione Europa USA, Inc.*, 386 F.3d 1371, 1377 (Fed. Cir. 2004) (invalidity for prior use

requires a detailed comparison of the patent claims to the alleged prior use; "each limitation of the construed patent claim must be anticipated or rendered obvious by the prior public use of the invention"). Tocad neither alleges, nor does the record support, a claim that the tripod displayed in 1996 renders every claim in the published application unpatentable or invalid. In fact, the very declaration on which Tocad relies states that the tripod displayed in 1996 "did not have all the features of any of the independent claims submitted with the application." (RFJN at 2-3; DeMarchi Decl. ¶ 2, Ex. A.)

Tocad has thus failed to state a claim that Joby's communications with potential infringers were either objectively baseless or made in bad faith. The communications were accurate when made and *necessary* for Joby to satisfy the actual notice requirements of 35 U.S.C. § 154(d). *Globetrotter Software,* 362 F.3d at 1377 ("bad faith is not supported when the information is objectively accurate"). As a matter of law, Joby's communications with potential infringers about its patent rights in published applications – an area in which Congress has chosen to act – are preempted by federal law and should be dismissed under Rule 12(b)(6). *Id.*, at 1376-77; *Zenith Elecs.*, 182 F.3d at 1353-54.

**C. Tocad's Counterclaims Should Be Dismissed Under Rule 12(b)(6) Because They Assert Tort Liability for Conduct Permitted by Law**

Tocad also fails to state claims for unfair competition or tortious interference because the conduct of which it complains is expressly permitted by law.[4] These claims are premised on the assertion that Joby's communications with retailers about its published patent applications were "wrongful" or "unlawful." As explained above, 35 U.S.C. § 154(d) expressly permits these communications.

Neither Tocad's unfair competition claims nor its tortious interference claim may be based on conduct that is permitted by law. *Cel-Tech*, 20 Cal. 4th at 182 (conduct expressly permitted by

---

4 Tocad's claim for tortious interference also fails to state a claim because Tocad did not plead that Joby's conduct was unlawful for some reason other than the alleged interference, a necessary element of the claim. *See Korea Supply*, 29 Cal. 4th at 1153 ("a plaintiff seeking to recover damages for interference with prospective economic advantage must plead and prove as part of its case-in-chief that the defendant's conduct was 'wrongful by some legal measure other than the fact of interference itself'").

law cannot be unfair); *Chavez*, 93 Cal. App. 4th at 374-75 (same; holding conduct protected by safe harbor); *Korea Supply*, 29 Cal. 4th at 1159 (for purposes of tortious interference claim, act is wrongful only if it is unlawful); *see, e.g., Rubinstein Physical Therapy, Inc. v. PTPN, Inc.*, 148 Cal. App. 4th 1130, 1142 (Cal. App. 2d Dist. 2007) (holding conduct which was authorized by the California Insurance Code could not form the basis for an unfair competition claim); *Contemporary Servs. Corp. v. Staff Pro Inc.*, 152 Cal. App. 4th 1043, 1060 (Cal. App. 4th Dist. 2007) (dismissing tortious interference claim because plaintiffs failed to show that the conduct "was wrongful by some legal measure other than the fact of the interference itself"). Even if these state law tort claims were not preempted by federal patent law, Tocad has not pled facts sufficient to satisfy a necessary element of each of these claims – some "wrongful" or "unlawful" act.

The facts alleged in the counterclaims, even if taken as true, show only that Joby made accurate statements about its published patent applications. These statements were permitted by the notice provisions of 35 U.S.C. § 154(d) and cannot be deemed "wrongful" or "unlawful." For this independent reason, the counterclaims fail to state a claim on which relief could be granted and should be dismissed under Rule 12(b)(6).

## II. TOCAD'S COUNTERCLAIMS SHOULD BE DISMISSED UNDER RULE 12(b)(1) BECAUSE THEY ARE NOT RIPE FOR ADJUDICATION

Tocad's state law tort claims should also be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction because the claims are not ripe for adjudication. *See St. Clair v. Chico*, 880 F.2d 199, 201 (9th Cir. 1989) (affirming dismissal). As explained above, the proceedings before the PTO regarding Joby's published patent applications have not yet concluded, and there has been no final determination by the PTO regarding which claims will issue and in what form. The Court should not be asked to engage in premature review of purported injuries that have not occurred and may never occur.

Tocad's counterclaims are premised on its *belief* that Joby's patent applications (or one of them at least) will not issue. (*See* Counterclaim ¶ 9.) Such claims are "purely hypothetical and call[] for an impermissible advisory opinion." *See GAF Bldg. Materials Corp. v. Elk Corp. of*

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

*Dallas*, 90 F.3d 479, 483 (Fed. Cir. 1996) (granting motion to dismiss that claim based on pending application was not ripe). For example, in *GAF Building Materials*, the Federal Circuit held no justifiable case or controversy existed with respect to charges of infringement of a patent that had not yet issued, even though the patent applicant had received a notice of allowance from the PTO. In that case, the Court observed that, at the time of the complaint, "[t]he district court did not know with certainty whether a patent would issue or, if so, what legal rights it would confer upon" the patent holder. *Id.* at 482. The same type of uncertainty precludes adjudication of Tocad's state law tort claims.

Until the proceedings before the PTO have concluded and prosecution activity ceases, there is no way for this Court to determine whether Tocad has even sustained a cognizable injury. As the Federal Circuit has explained, the prosecution of a patent application reflects an ongoing "negotiation" between the PTO and the applicant. *Elbex Video, Ltd. v. Sensormatic Elecs. Corp.*, 508 F.3d 1366, 1372 (Fed Cir. 2007). Joby's negotiation with the PTO is not yet complete. If Tocad is permitted to proceed with its state law claims based on allegations that Joby "knew or should have known . . . that it was not entitled to patent protection" before proceedings before the PTO have concluded, these tort claims will necessarily intrude on the PTO's mandate to decide whether a patent should issue. *See Plastic Recovery Tech., Inc. v. Container Components, Inc.*, No. 04-C-5249, 2004 U.S. Dist. LEXIS 22970, at * (N.D. Ill. Nov. 10, 2004) (complaint for declaratory judgment of noninfringement and invalidity of pending patent applications dismissed as the claim was not ripe); *see also St. Clair*, 880 F.2d at 202-203 (holding claim not ripe because the purpose of avoiding premature judicial review of an agency's determination was accomplished by deferring review until the agency issued a "final, definitive position" regarding how it would apply the regulations at issue). Tocad's counterclaims should be dismissed as not ripe for adjudication.

/ / /

/ / /

/ / /

/ / /

**CONCLUSION**

For the foregoing reasons, Joby respectfully requests that the Court dismiss Tocad's counterclaims with prejudice for failure to state a claim under Rule 12(b)(6) and/or for lack of subject matter jurisdiction under Rule 12(b)(1).

Dated: April 30, 2008

FENWICK & WEST LLP

By: /s/ *Charlene M. Morrow*
Charlene M. Morrow

Attorneys for Plaintiff
JOBY, INC.

1283594