# Exhibit B



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/324,994 | 01/03/2006 | JoeBen Bevirt | 1040-US | 6733 |

7590    02/01/2008
MICHAEL A. GUTH
2-2905 EAST CLIFF DRIVE
SANTA CRUZ, CA 95062

| EXAMINER |
|---|
| GARCIA, ERNESTO |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3679 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 02/01/2008 | PAPER |

Please find below and/or attached an Office communication concerning this application or proceeding.

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 11/324,994 | BEVIRT, JOEBEN |
| | Examiner | Art Unit |
| | ERNESTO GARCIA | 3679 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☒ Responsive to communication(s) filed on <u>13 November 2007 and 01 August 2007</u>.
2a) ☒ This action is **FINAL**.    2b) ☐ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

4) ☒ Claim(s) <u>11,14,15 and 17-25</u> is/are pending in the application.
    4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) <u>11,14,15 and 17-25</u> is/are rejected.
7) ☐ Claim(s) _____ is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

## Application Papers

9) ☒ The specification is objected to by the Examiner.
10) ☒ The drawing(s) filed on <u>13 November 2007 and 01 August 2007</u> is/are: a) ☒ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

## Priority under 35 U.S.C. § 119

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All  b) ☐ Some * c) ☐ None of:
    1. ☐ Certified copies of the priority documents have been received.
    2. ☐ Certified copies of the priority documents have been received in Application No. _____.
    3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.

Attachment(s)
1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO/SB/08)
   Paper No(s)/Mail Date _____.
4) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date _____.
5) ☐ Notice of Informal Patent Application
6) ☐ Other: _____.

Application/Control Number: 11/324,994                                              Page 2
Art Unit: 3679

## DETAILED ACTION

The text of those sections of Title 35, U.S. Code not included in this action can be found in a prior Office action.

### Drawings

The drawings were received on October 13, 2007 and August 1, 2007. These drawings are acceptable; however, the drawings contain a discrepancy.

The drawings are objected to because the lines in the cross hatching of the gripping portion in Figures 6A appear to give the impression that the cross hatching is for metal. It is suggested to make the lines much thicker to show rubber. Further, the thin lines in Figure 6A appear to be broken and should be made solid as show in Figure 3. The same objection applies to Figure 14A.

The drawings are objected to under 37 CFR 1.83(a) because they fail to show line 603 being tangent to the outside surface as described in the specification at paragraph [0042]. Note that the line 603 has to touch the surface for it to be tangent; otherwise, the line is offset from the outside surface. Further, line 601 does not appear as a centerline as described on paragraph [0042] since the line is offset from the center of the ring in Figure 14A. Any structural detail that is essential for a proper

Application/Control Number: 11/324,994                                                                    Page 3
Art Unit: 3679

understanding of the disclosed invention should be shown in the drawing. MPEP § 608.02(d).

The drawings are objected to under 37 CFR 1.83(a). The drawings must show every feature of the invention specified in the claims. Therefore, the midpoint of the gripping portion (claim 18, line 12) must be shown or the feature(s) canceled from the claim(s). No new matter should be entered. Note that Figure 14A merely shows a midpoint 604 of the connector as described on new paragraph [0042] and not of the gripping portion.

Corrected drawing sheets in compliance with 37 CFR 1.121(d) are required in reply to the Office action to avoid abandonment of the application. Any amended replacement drawing sheet should include all of the figures appearing on the immediate prior version of the sheet, even if only one figure is being amended. The figure or figure number of an amended drawing should not be labeled as "amended". If a drawing figure is to be canceled, the appropriate figure must be removed from the replacement sheet, and where necessary, the remaining figures must be renumbered and appropriate changes made to the brief description of the several views of the drawings for consistency. Additional replacement sheets may be necessary to show the renumbering of the remaining figures. The replacement sheet(s) should be labeled "Replacement Sheet" in the page header (as per 37 CFR 1.84(c)) so as not to obstruct any portion of the drawing figures. If the examiner does not accept the changes, the

Application/Control Number: 11/324,994                                                                 Page 4
Art Unit: 3679

applicant will be notified and informed of any required corrective action in the next Office action. The objection to the drawings will not be held in abeyance.

### *Specification*

The disclosure is objected to because of the following informalities:

on paragraph [0042], "centerline" in line 4 should be --centerline 601--, and "601" in line 5 should be --122--. Appropriate correction is required.

The specification is objected to as failing to provide proper antecedent basis for the claimed subject matter. See 37 CFR 1.75(d)(1) and MPEP § 608.01(o). Correction of the following is required: "the midpoint of said gripping portion along said longitudinal axial" recited in lines 12-13.

### *Claim Objections*

Claims 11, 18, 19, 21 and 25 are objected to because of the following informalities:

regarding claims 11, 18, and 21, "the external surface" in line 7 should be --an external surface--;

regarding claim 18, "the midpoint" in lines 11-12 should be --a midpoint--,

Application/Control Number: 11/324,994                                                                  Page 5
Art Unit: 3679

--being-- should be inserted before "closer" in line 12, and --the widest point--, in line 13 should be --a wide point--;

regarding claim 19, "comprises" in line 2 should be --includes--;

regarding claim 21, --groove-- should be inserted before "has" in line 9; and,

regarding claim 25, "the external surface" in line 8 should be --an external surface--. Appropriate correction is required. For purposes of examining the instant invention, the examiner has assumed these corrections have been made.

## Claim Rejections - 35 USC § 112

The following is a quotation of the second paragraph of 35 U.S.C. 112:

The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

Claims 18-20 and 25 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

Regarding claim 18, the recitation "a spherical socket engaging end surface at said second end portion" in lines 8-9 makes unclear whether this is another spherical engaging end surface or the same spherical engaging end surface recited in line 6. If the end surfaces are the same, how can the internal socket receiving cavity be adapted to receive the engaging surface end surface at the second end portion when the internal socket receiving cavity is at the other end as shown in Figure 6A? Isn't the spherical

socket engaging end surface located at the first end portion rather than the second end portion? Further, the recitation "closer to said first end portion than the widest point of said second end portion" in lines 12-13 is misdescriptive and/or inaccurate. Note that a midpoint of the gripping portion is closer to the second end portion instead since the second end portion is bigger than the first end portion and the gripping portion is always at the second end portion as shown in Figure 6A.

Regarding claim 25, "said plurality of grooves" in line 12 lacks proper antecedent basis. Note that line 4 only provides antecedent basis for a groove.

Regarding claims 19 and 20, the claims depend from claim 18 and therefore are indefinite.

## *Claim Rejections - 35 USC § 102*

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (e) the invention was described in (1) an application for patent, published under section 122(b), by another filed in the United States before the invention by the applicant for patent or (2) a patent granted on an application for patent by another filed in the United States before the invention by the applicant for patent, except that an international application filed under the treaty defined in section 351(a) shall have the effects for purposes of this subsection of an application filed in the United States only if the international application designated the United States and was published under Article 21(2) of such treaty in the English language.

Application/Control Number: 11/324,994                                                                 Page 7
Art Unit: 3679

Claims 11, 14, 15, and 17 are rejected under 35 U.S.C. 102(b) as being anticipated by Lai, 6,408,524.

Regarding claim 11, Lai discloses, in Figure 5, a connector comprising a connector body **1** comprising a first end portion **A1** (see marked-up attachment), a second end portion **A2**, a longitudinal axis **A3**, a socket engaging end surface **11**, an internal socket receiving cavity **122**, and a gripping portion **2**. The longitudinal axis **A3** extends from the first end portion **A1** to the second end portion **A2**. The socket engaging end surface **11** is at the first end portion **A1**. The socket engaging end surface **11** is an external surface **7** at the first end portion **A1**. The internal socket receiving cavity **122** is at the second end portion **A2**. The second end portion **A2** comprises grooves **12** along its outer periphery. The gripping portion **2** overlays the grooves **12**.

Regarding claim 14, the gripping portion **2** is a circumferential ring.

Regarding claim 15, the gripping portion comprises a rubber compound.

Regarding claim 17, applicant is reminded that it is the patentability of the product, not recited process steps, that is to be determined irrespective of whether only a process step is recited. Accordingly, how the gripping portion is placed in the grooves, e.g., by being co-molded to the second end portion, is of little consequence

when Lai possesses such gripping portion. Therefore, this limitation has been given limited patentable weight. See MPEP 2113.

Claims 18, 19, and 21-25 are rejected under 35 U.S.C. 102(e) as being anticipated by Luettgen et al., 2005/0082824.

Regarding claim 18, as best understood, Luettgen et al. disclose, in Figure 17, a connector comprising a connector body **102** comprising a first end portion **A1** (see marked-up attachment), a second end portion **A2**, a longitudinal axis **A3**, a spherical socket engaging end surface **A4**, an internal socket receiving cavity **A5**, and a gripping portion **36**. The longitudinal axis **A3** extends from the first end portion **A1** to the second end portion **A2**. The spherical socket engaging end surface **11** is at the first end portion **A1**. The spherical socket engaging end surface **11** is an external surface **7** at the first end portion **A1**. The gripping portion **36** comprises a circumferential ring **36**. the gripping portion is located along an exterior of the internal socket receiving cavity **A5**. A midpoint **A6** of the gripping portion, along the longitudinal axis **A3**, is closer to the second end portion **A2** than a wide point **A7** of the first end portion.

Regarding claim 19, the external surface of the internal socket receiving cavity **A5** includes a groove (not shown; see paragraph [0086], lines 14-18).

Application/Control Number: 11/324,994                                                                 Page 9
Art Unit: 3679

Regarding claim 21, Luettgen et al. disclose, in Figure 17, a connector comprising a connector body **102** comprising a first end portion **A1** (see marked-up attachment), a second end portion **A2**, a longitudinal axis **A3**, a socket engaging end surface **A4**, an internal socket receiving cavity **A5**, and a gripping portion **36**. The longitudinal axis **A3** extends from the first end portion **A1** to the second end portion **A2**. The socket engaging end surface **11** is at the first end portion **A1**. The socket engaging end surface **11** is an external surface **7** at the first end portion **A1**. The internal socket receiving cavity **A5** is at the second end portion A2. The second end portion comprises a groove along its outer periphery (not shown; see paragraph [0086], lines 14-18). The groove has two sides and a bottom. The two sides are perpendicular to the bottom. The gripping portion overlays the groove.

Regarding claim 22, the bottom of the groove is parallel to the longitudinal axis.

Regarding claim 23, the gripping portion comprises a circumferential ring.

Regarding claim 24, the gripping portion is of a rubberized material (paragraph [0069]).

Regarding claim 25, Luettgen et al. disclose, in Figure 17, a connector comprising a connector body **102** comprising a first end portion **A1** (see marked-up attachment), a second end portion **A2**, a longitudinal axis **A3**, a spherical socket

Application/Control Number: 11/324,994 Page 10
Art Unit: 3679

engaging end surface A4, an internal socket receiving cavity A5, and a gripping portion 36. The second end portion A2 comprises a groove along its outer periphery (not shown; see paragraph [0086]). The longitudinal axis A3 extends from the first end portion A1 to the second end portion A2. The spherical socket engaging end surface 11 is at the first end portion A1. The spherical socket engaging end surface 11 is an external surface 7 at the first end portion A1. The internal socket receiving cavity A5 is at the second end portion A2. The gripping portion 36 overlays the groove. Note that the receiving cavity can be adapted to receive a spherical socket engaging end surface of an identical connector.

### *Claim Rejections - 35 USC § 103*

Claim 20 is rejected under 35 U.S.C. 103(a) as being unpatentable over Luettgen et al., 2005/0082824 in view of Gomas, 5,740,586.

Regarding claim 20, Luettgen et al., as discussed, discloses one groove on the external surface of the internal socket and the gripping portion 36 overlaying the groove; however, Luettgen et al. fail to disclose more than one groove and the gripping portion overlying the grooves. Gomas teaches, In Figure 4, more than one groove (at 28) and a gripping portion 28 overlying the grooves to provide better bonding of the gripping portion to a body. Therefore, as taught by Gomas, it would have been obvious to one of

Application/Control Number: 11/324,994                                                      Page 11
Art Unit: 3679

ordinary skill in the art at the time the invention was made to provide more than one groove so that the gripping portion is better bonded to the connector body.

Claims 11, 14, 15, and 17-25 are rejected under 35 U.S.C. 103(a) as being unpatentable over applicant's admitted prior art, see declaration, in view of Vanesky, et al., 5,851,036, and Gomas, 5,740,586.

Regarding claims 11, 21, and 25, , applicant's has admitted that the connector has a groove machined into the outer periphery and an O-ring in placed in the groove to provide for the gripping portion. However, the prior art fails to disclose the gripping portion overlaying grooves at the outer periphery of the second end portion.

Vanesky's teaches in Figures 5-7 placing the O-ring separable from the groove and integral with the connector (see col. 2, lines 53-59) as an alternative design consideration for gripping with another component. Therefore, as taught by Vanesky, it would have been obvious to one of ordinary skill in the art at the time the invention was made to mold the admitted prior art O-ring with the connection instead of separately making the O-ring and later inserting the ring in the groove.

Gomas teaches a gripping portion overlaying grooves at the outer periphery of the second end portion to provide for better connection of the gripping portion to a body during molding. Therefore, as taught by Gomas, it would have been obvious to one of

Application/Control Number: 11/324,994                                                                Page 12
Art Unit: 3679

ordinary skill in the art at the time the invention was made to provide grooves and mold the gripping portion to the grooves such that the gripping portion overlays the grooves at the other periphery of the second end portion to provide better bonding between the gripping portion and the body.

Regarding claim 14, given the modification, the gripping portion would have been a circumferential ring.

Regarding claim 15, given the modification, the gripping portion would have been comprised of a rubber compound.

Regarding claim 17, the gripping portion would have been co-molded to the second end portion.

Regarding claim 18, see rejection to claim 11 and further, it would have been obvious to locate the gripping portion in the second end portion such that the midpoint of the gripping portion along the longitudinal axis is closer to the first end portion than a widest point of the second end portion.

Regarding claim 19, the external surface of the internal socket receiving cavity includes a groove. The gripping portion overlays the groove.

Application/Control Number: 11/324,994 Page 13
Art Unit: 3679

Regarding claim 20, given the modification above, the prior art fails to disclose the gripping portion overlaying grooves at the outer periphery of the second end portion. Gomas teaches a gripping portion overlaying grooves at the outer periphery of the second end portion to provide for better connection of the gripping portion to a body during molding. Therefore, as taught by Gomas, it would have been obvious to one of ordinary skill in the art at the time the invention was made to provide grooves and mold the gripping portion to the grooves such that the gripping portion overlays the grooves at the other periphery of the second end portion to provide better bonding between the gripping portion and the body.

Regarding claim 22, the bottom of the groove is parallel to the longitudinal axis.

Regarding claim 23, the gripping portion comprises a circumferential ring.

Regarding claim 24, the gripping portion is of a rubberized material (o-rings are made of rubber).

### *Response to Arguments*

Applicant's arguments with respect to claims 11, 14, 15, and 17-25 have been considered but are moot in view of the new ground(s) of rejection.

Application/Control Number: 11/324,994                                                    Page 14
Art Unit: 3679

### Conclusion

Applicant's amendment necessitated the new ground(s) of rejection presented in this Office action. In particular, the new limitation "said second end portion comprises a plurality of grooves along its outer periphery" in claim 11, line 8-9, and "said gripping portion overlays said plurality of grooves" in claim 11, lines 10-11, necessitated the new grounds of rejection. Accordingly, **THIS ACTION IS MADE FINAL**. See MPEP § 706.07(a). Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action. In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the date of this final action.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Ernesto Garcia whose telephone number is 571-272-

Application/Control Number: 11/324,994 Page 15
Art Unit: 3679

7083. The examiner can normally be reached from 9:30AM-6:00PM. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Daniel P. Stodola can be reached at 571-272-7087.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free).

/E. G./
Examiner, Art Unit 3679

January 25, 2008
Attachments: one marked-up page of Lai, 6,408,524
one marked-up page of Lueegen et al., 2005/0082824

DANIEL P. STODOLA
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 3600

Lai, 6,408,524



Fig.2

Application/Control Number: 11/324,994 Page 17
Art Unit: 3679

Lueegen et al., 2005/0082824



Fig. 17