# Exhibit C

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Applicant(s): | J. Bevirt |
| Assignee: | |
| Title: | Mounting Apparatus Using Ball and Socket Joints With Gripping Features |
| Serial No.: | 11/324,994     Filing Date:    01/03/2006 |
| Examiner: | E. Garcia       Group Art Unit:  3679 |
| Docket No.: | 1040-US |

Santa Cruz, California
February 22, 2008

COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, VA 22313-1450

### REQUEST FOR CONTINUING EXAMINATION

Dear Sir,

This is a response to the Office Action with a mailing date of February 1, 2008.

An Amendments to the Claims section begins on page 2.

An Amendments to the Specification section begins of page 8.

A Remarks section begins on page 9.

04/21/2008 CCHAU1  00000035 11324994
01 FC:2801           405.00 OP

-1-                                   Serial No. 11/324,994

# AMENDMENTS TO THE CLAIMS

1. (Cancelled)

2. (Cancelled)

3. (Cancelled)

4. (Cancelled)

5. (Cancelled)

6. (Cancelled)

7. (Cancelled)

8. (Cancelled)

9. (Cancelled)

10. (Cancelled)

11. (Currently amended) A ~~connector comprising:~~ plurality of connector bodies adapted for use in the leg of a camera tripod, each of said connector bodies comprising:

~~a connector body, said connector body comprising:~~

-2-                                                        Serial No. 11/324,994

a first end portion;

a second end portion; <u>and</u>

a longitudinal axis extending from said first end portion to said second end portion<s>;</s>

<u>wherein each of said first end portion and said second end portion includes</u>

a socket engaging end surface <s>at said first end portion, said socket engaging end surface being the</s> <u>as an</u> external surface <u>thereof</u> <s>at said first end portion;</s> <u>or</u>

an internal socket receiving cavity <s>at said second end portion, wherein said second end portion comprises</s> <u>having</u> a plurality of grooves along its outer periphery<s>,</s><u>;</u> and

a <s>gripping portion,</s> wherein <s>said</s> <u>a</u> gripping portion overlays said plurality of grooves.

12. (Cancelled)

13. (Cancelled)

14. (Previously presented) The connector of claim 11 wherein said gripping portion is a circumferential ring.

15. (Original) The connector of claim 14 wherein said gripping portion comprises a rubber compound.

16. (Cancelled)

17. (Previously presented) The connector of claim 11 wherein said gripping portion is co-molded to said second end portion.

18. (Currently amended) A connector <u>adapted for use in the leg of a camera tripod, said connector</u> comprising:

a connector body, said connector body comprising:

    a first end portion;

    a second end portion;

    a longitudinal axis extending from said first end portion to said second end portion;

    a spherical socket engaging end surface at said first end portion, said spherical socket engaging end surface being ~~the~~ <u>an</u> external surface at said first end portion;

    an internal socket receiving cavity ~~adapted to receive a spherical socket engaging end surface~~ at said second end portion; and

    a gripping portion, said gripping portion comprising a circumferential ring, said gripping portion located along the exterior of said internal socket receiving cavity, ~~the~~ <u>a</u> midpoint of said gripping portion along said longitudinal axis <u>being</u> ~~closer to~~ <u>farther from the end of</u> said ~~first~~ <u>second</u> end portion than ~~the widest~~ <u>a wide</u> point of said second end portion.

19. (Currently amended) The connector of claim 18 wherein the external surface of said internal socket receiving cavity ~~comprises~~ <u>includes</u> a groove, and wherein said gripping portion overlays said groove.

20. (Previously presented) The connector of claim 18 wherein the external surface of said internal socket receiving cavity comprises a plurality of grooves, and wherein said gripping portion overlays said plurality of grooves.

21. (Currently amended) A connector comprising:

a connector body, said connector body comprising:

-4-     Serial No. 11/324,994

a first end portion;

a second end portion; ~~and~~

a longitudinal axis extending from said first end portion to said second end portion;

a socket engaging end surface at said first end portion, said socket engaging end surface being ~~the~~ an external surface at said first end portion;

an internal socket receiving cavity at said second end portion, wherein said second end portion comprises a groove along its outer periphery, wherein said groove has two sides and a bottom, said two sides perpendicular to said bottom; and

a gripping portion, wherein said gripping portion overlays said groove.


22. (Previously presented) The connector of claim 21 wherein said bottom of said groove is parallel to said longitudinal axis.


23. (Previously presented) The connector of claim 21 wherein said gripping portion comprises a circumferential ring.


24. (Previously presented) The connector of claim 23 wherein said gripping portion is of a rubberized material.


25. (Currently amended) A connector comprising:

a connector body, said connector body comprising:

a first end portion;

a second end portion, wherein said second end portion comprises a ~~groove~~ plurality of grooves along its outer periphery; and

a longitudinal axis extending from said first end portion to said second end portion;

a spherical socket engaging end surface at said first end portion, said socket engaging end surface being ~~the~~ an external surface at said first end portion;

an internal socket receiving cavity at said second end portion, said internal socket receiving cavity adapted to receive said spherical socket engaging end surface of an identical second connector; and

a gripping portion, wherein said gripping portion overlays said plurality of grooves.

26. (New) A camera tripod leg, comprising a plurality of coupled connector bodies, each of said connector bodies including:

a first end portion;

a second end portion; and

a longitudinal axis extending from said first end portion to said second end portion wherein each of said first end portion and said second end portion includes either

a socket engaging end surface as an external surface thereof, said socket engaging end surface being adapted to connect to an internal socket receiving cavity, or

an internal socket receiving cavity having a plurality of grooves along its outer periphery, said internal socket receiving cavity being adapted to connect to a socket engaging end surface, and wherein a gripping portion overlays said plurality of grooves.

27. (New) A tripod leg, comprising a plurality of coupled connector bodies, each of said connector bodies including:

a first end portion;

a second end portion;

a longitudinal axis extending from said first end portion to said second end portion;

a spherical socket engaging end surface at said first end portion, said spherical socket engaging end surface being an external surface at said first end portion;

an internal socket receiving cavity at said second end portion; and

a gripping portion, said gripping portion comprising a circumferential ring, said gripping portion located along the exterior of said internal socket receiving cavity, a midpoint of said gripping portion along said longitudinal axis being farther from the end of said second end portion than ~~the~~ a wide point of said second end portion.


28. (New) A connector adapted to be coupled in series with two of more similar connectors to help form a leg of a tripod, said connector comprising:

a first end portion adapted to be coupled to an end portion of a first of said two or more similar connectors to help form a leg of a tripod;

a second end portion adapted to be coupled to an end portion of a second of said two or more similar connectors to help form a leg of a tripod; and

a longitudinal axis extending from said first end portion to said second end portion wherein each of said first portion and said second end portion includes either

a socket engaging end surface as an external surface thereof, said socket engaging end surface being adapted to connect to an internal socket receiving cavity, or

an internal socket receiving cavity having a plurality of grooves along its outer periphery, said internal socket receiving cavity being adapted to connect to a socket engaging end surface, and wherein a gripping portion overlays said plurality of grooves.

## AMENDMENTS TO THE SPECIFICATION

Please the previously added paragraph after paragraph 0042 with the following paragraph:

Figures 14 and 14a illustrate a geometric relationship of the grip ring and the connector body according to some embodiments of the present invention. Vertical lines 603 are vertical tangent lines at the outer periphery of the outside of the connector body. These intersect the horizontal 602 through the widest part of the <u>external periphery of the</u> connector's <u>internal socket receiving cavity</u> at a point 604. The centerline <u>601</u> of the grip ring <s>601</s> <u>122</u> is seen further from the base of the connector than the horizontal 602 through the widest portion of the connector. <u>A midpoint 605 is seen on the grip ring along the centerline 601 of the grip ring.</u>

## REMARKS

Claims 11, 14, 15, and 17-25 are pending in the application. Claims 11, 14, 15, and 17-25 stand rejected. Claims 18, 19, 21, and 25 have been amended. New claims 26-28 have been added.

Applicant feels that arguments could be presented to overcome the rejections presented in the Office Action. Nevertheless, claims have been amended to facilitate prosecution of this application. Claims have been amended, and new claims have been presented, directed towards tripods only. Applicant feels that these claims are clearly patentable to the prior art of record.

**Drawings**

The Office Action has objected to the drawings. Replacement drawings have been prepared and are attached to this paper. Figures 6A and 14A have been altered.

The Office Action has requested darker cross hatching for the grip rings in Figures 6A and 14A. This change has been made. The Office Action has requested that the hatching for the gripping portion in Figures 6A and 14A use dark lines. This change has been made. The Office Action has stated that the thin (hatch) lines in Figures 6A and 14A appear to be broken. Although not submitted as broken, perhaps the thinner aspect of the lines presented reproduction problems at the Patent Office. The thinner hatch lines in these figures have been redrawn to be thicker, and more clearly solid, yet still thinner than the alternating hatch lines.

The Office Action has commented on the vertical tangent lines 603 of Figure 14A. The lines have been redrawn to more clearly show the tangent aspect. The Office Action has also commented on the centerline 601, stating that the line is offset from the center of the ring. Although it appears to Applicant that it is indeed a centerline as previously submitted, the

drawing has been clarified in this area in response to the Office Action's concern. Also, a numeric reference designator has been added for the midpoint of the gripping portion.

**Specification**

The Office Action has objected to the specification because of some informalities. See Office Action, page 4. Applicant has amended the specification in response to the Office Action's stated concern.

The Office Action has also objected to the specification regarding antecedent basis for a portion of the claimed subject matter. Applicant has amended the specification in response to the Office Action's stated concern.

**Claim Objections**

The Office Action has presented objections to claims 11, 18, 19, 21, and 25. These claims have been amended to address this objection. Applicant requests withdrawal of this objection.

**Claim Rejections – 35 USC § 102**

The Office Action has rejected claims 18-20 and 25 "under 35 U.S.C. 112, second paragraph, as being indefinite for failing to point out and distinctly claim the subject matter which applicant regards as the invention." Office Action, page 5. The cited claims have been amended to address the specifically stated concerns. Applicant requests withdrawal of this rejection.

**Claim Rejections – 35 USC § 102**

The Office Action has rejected claims 11, 14, 15, and 17 "under 35 U.S.C. 102(b) as being anticipated by Lai, 6,408,524." Office Action, page 7. Applicant respectfully requests reconsideration of this rejection in light of amendments to the claims and in view of the arguments below.

Applicant asserts that the cited reference simply does not teach or disclose the elements of claim 11, or of claims 14, 15, and 17, which depend upon claim 11. In addition to this broad assertion, Applicant points out that the Office Action appears to have made errors referencing aspects of the cited reference against elements of claim 11. The text discussion wherein the referencing aspect takes place is seen on page 7 of the Office Action, and the Examiner has included a graphic on page 16, assigning new reference designators A1 to the first end portion, and A2 to the second end portion. The text discussion states that the "internal receiving cavity 122 is at the second end portion A2", yet the Examiner's own self created designator's show the designator 122 clearly right at the end of the piece 1 which is designated A1, not A2. Thus, due to this error, any attempt by the Examiner to show disclosure of the elements of claim 11 in this reference has been muddied. The Applicant therefore asks for withdrawal of this rejection.

In the interest of saving time in the overall prosecution of this application, the Applicant will address the *Lai* reference anyway. The Office Action refers to element 122 of *Lai* as an internal socket receiving cavity. As seen in cross-section in Figure 3a, the opening 122 appears to be an internal area of a tube. No disclosure is made of the opening 122 being adapted to receive a socket engaging end surface, nor is disclosure made of the opening 122 engaging any exterior element. In Figure 3b, however, the opening 122 has been shown in cross-section as having been filled with another compound, described in the text as a molding operation. Opening 122 is simply not shown to be an internal socket receiving cavity in any way. The Office Action also refers to element 11 of *Lai* as a socket engaging end surface. As seen in Figure 3b, there are 6 similar portions of the piece which have the similar portion designate with reference designator 11. Each of the portions have an internal curve, which are not adapted to engage with a socket. Further, in the final piece of *Lai*, as seen in the cross-sectional view, each of the portions 11 are between raised areas molded onto the overall piece.

These raised areas would preclude an end of the overall piece from engaging another external piece, as each of the raised areas 12 are of a larger diameter.

In sum, *Lai* simply does not teach or disclose the elements of claim 11, nor its dependent claims 114, 15, and 17. The Applicant asserts that claims 11, 14, 15, and 17 are allowable over the cited reference for at least the foregoing reasons. Applicant requests withdrawal of this rejection.

The Office Action has rejected claims 18, 19, and 21-25 "under 35 U.S.C. 102(e) as being anticipated by Luettgen et al., 2005/0082824." Office Action, page 8. Applicant requests reconsideration of this rejection in light of amendments to the claims and in view of the arguments below.

Applicant asserts that the Office Action mis-stated the claim as it selected features from *Luettgen* and matched them with elements of claim 18. In the discussion of claim 18 and the cited reference, the Office Action states that a "midpoint A6 of the gripping portion, along the longitudinal axis A3, is closer to the second end portion A2 than the wide point A7 of the first end portion." Office Action, page 8. Yet claim 18, as submitted, recited that "the midpoint of said gripping portion along said longitudinal axis closer to said first end portion than the widest point of said second end portion". Thus, the Office Action mis-construed the claim as it ascribed aspects of the cited reference to it. Applicant requests withdrawal of this rejection for at least this reason.

Applicant does, however, acknowledge that amendments to claim 18 in this response render the argument above moot, and will proceed now to discuss the cited reference relative to claim 18 as amended.

Using Figure 17 as an example, the midpoint of the band 36 (A6) is seen closer to the end A5 than a wide point of the end portion, which can be selected as the area just at the far

-12- Serial No. 11/324,994

end (closest to the end A7) of the band 36. Thus, the cited reference does not teach or disclose "a gripping portion, said gripping portion comprising a circumferential ring, said gripping portion located along the exterior of said internal socket receiving cavity, a midpoint of said gripping portion along said longitudinal axis being farther from the end of said second end portion than a wide point of said second end portion", as recited in claim 18, as amended.

With regard to claim 21, the Office Action states that "(t)he second end portion comprises a groove along its outer periphery (not shown; see paragraph [0086], lines 14-18). The groove has two sides and a bottom. The two sides are perpendicular to the bottom." Office Action, page 9. Applicant asserts that the Examiner has mis-characterized the reference. *Luettgen* discloses, in the referenced portion, that "the fitting 36 material may extend into a **recess** (not shown) formed on the connector body 102 to facilitate a stronger bond between the two materials, instead of being formed flush on the connector body 102 surface." Paragraph 0086, lines 14-18. The mention of a recess simply does not teach or disclose a "a groove along its outer periphery, wherein said groove <u>has two sides and a bottom, said two sides perpendicular to said bottom</u>", as recited in claim 21, emphasis added. The Applicant asserts that claim 21 and its dependent claims 22-25 are allowable over the cited reference for at least the foregoing reasons.

**Claim Rejections – 35 USC § 103**

The Office Action has rejected claims 11, 14, 15, and 17-25 under 35 U.S.C. 103(a). Applicant asserts that these claims are allowable in light of the amendments to the claims and in light of the arguments presented above with regard to Section 102. Applicant requests withdrawal of this rejection.

**Summary**

Applicant has responded to all objections and rejections. Applicant believes all claims to be in a position for allowance and requests allowance of all claims.

Should there be any question regarding this response, please contact the undersigned at (831) 462-8270.

| EXPRESS MAIL LABEL NO: |
|---|
| EB 239 981596 US |

Respectfully submitted,

*Michael A. Guth* (signature)

Michael A. Guth
Attorney for Applicant
Reg. No. 45,983



Replacement Sheet
Ser. No. 11/324,994



**FIGURE 6**



**FIGURE 6A**

-15-                                      Serial No. 11/324,994



Replacement Sheet
Ser. No. 11/324,994



**FIGURE 14**



**FIGURE 14A**

PTO/SB/17 (10-07)
Approved for use through 06/30/2010. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number

Effective on 12/08/2004.
Fees pursuant to the Consolidated Appropriations Act, 2005 (H.R. 4818).

# FEE TRANSMITTAL
## For FY 2008

| Complete if Known | |
|---|---|
| Application Number | 11/324,994 |
| Filing Date | 01/03/2006 |
| First Named Inventor | BEVIRT |
| Examiner Name | E. GARCIA |
| Art Unit | 3679 |
| Attorney Docket No. | 1040-US |

☑ Applicant claims small entity status. See 37 CFR 1.27

**TOTAL AMOUNT OF PAYMENT** ($) 405.

**METHOD OF PAYMENT** (check all that apply)

☑ Check  ☐ Credit Card  ☐ Money Order  ☐ None  ☐ Other (please identify):_____

☐ Deposit Account  Deposit Account Number:_____ Deposit Account Name:_____

For the above-identified deposit account, the Director is hereby authorized to: (check all that apply)

☐ Charge fee(s) indicated below        ☐ Charge fee(s) indicated below, **except for the filing fee**

☐ Charge any additional fee(s) or underpayments of fee(s) under 37 CFR 1.16 and 1.17    ☐ Credit any overpayments

WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.

**FEE CALCULATION**

**1. BASIC FILING, SEARCH, AND EXAMINATION FEES**

| Application Type | FILING FEES Fee ($) | Small Entity Fee ($) | SEARCH FEES Fee ($) | Small Entity Fee ($) | EXAMINATION FEES Fee ($) | Small Entity Fee ($) | Fees Paid ($) |
|---|---|---|---|---|---|---|---|
| Utility | 310 | 155 | 510 | 255 | 210 | 105 | |
| Design | 210 | 105 | 100 | 50 | 130 | 65 | |
| Plant | 210 | 105 | 310 | 155 | 160 | 80 | |
| Reissue | 310 | 155 | 510 | 255 | 620 | 310 | |
| Provisional | 210 | 105 | 0 | 0 | 0 | 0 | |

**2. EXCESS CLAIM FEES**

| Fee Description | Fee ($) | Small Entity Fee ($) |
|---|---|---|
| Each claim over 20 (including Reissues) | 50 | 25 |
| Each independent claim over 3 (including Reissues) | 210 | 105 |
| Multiple dependent claims | 370 | 185 |

Total Claims    Extra Claims    Fee ($)    Fee Paid ($)
_____ - 20 or HP = _____ x _____ = _____
HP = highest number of total claims paid for, if greater than 20.

Indep. Claims    Extra Claims    Fee ($)    Fee Paid ($)
_____ - 3 or HP = _____ x _____ = _____
HP = highest number of independent claims paid for, if greater than 3.

Multiple Dependent Claims
Fee ($)    Fee Paid ($)

**3. APPLICATION SIZE FEE**
If the specification and drawings exceed 100 sheets of paper (excluding electronically filed sequence or computer listings under 37 CFR 1.52(e)), the application size fee due is $260 ($130 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s).

Total Sheets    Extra Sheets    Number of each additional 50 or fraction thereof    Fee ($)    Fee Paid ($)
_____ - 100 = _____ / 50 = _____ (round up to a whole number) x _____ = _____

**4. OTHER FEE(S)**                                                                Fees Paid ($)
Non-English Specification, $130 fee (no small entity discount)
Other (e.g., late filing surcharge): RCE FEE                                         405

**SUBMITTED BY**

| Signature | *signature* | Registration No. (Attorney/Agent) 45,983 | Telephone 831 462-8270 |
|---|---|---|---|
| Name (Print/Type) | MICHAEL A. GUTH | | Date 04/18/2008 |

This collection of information is required by 37 CFR 1.136. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 30 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/SB/21 (01-08)
Approved for use through 04/30/2008. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# TRANSMITTAL FORM

*(to be used for all correspondence after initial filing)*

| Application Number | 11/324,994 |
|---|---|
| Filing Date | 01/03/2006 |
| First Named Inventor | BEVIRT |
| Art Unit | 3679 |
| Examiner Name | E. GARCIA |
| Attorney Docket Number | 1040-US |

Total Number of Pages in This Submission

## ENCLOSURES (Check all that apply)

- [✓] Fee Transmittal Form
- [✓] Fee Attached
- [✓] Amendment/Reply
  - [ ] After Final
  - [ ] Affidavits/declaration(s)
- [ ] Extension of Time Request
- [ ] Express Abandonment Request
- [ ] Information Disclosure Statement
- [ ] Certified Copy of Priority Document(s)
- [ ] Reply to Missing Parts/Incomplete Application
  - [ ] Reply to Missing Parts under 37 CFR 1.52 or 1.53

- [ ] Drawing(s)
- [ ] Licensing-related Papers
- [ ] Petition
- [ ] Petition to Convert to a Provisional Application
- [ ] Power of Attorney, Revocation Change of Correspondence Address
- [ ] Terminal Disclaimer
- [ ] Request for Refund
- [ ] CD, Number of CD(s) _____
  - [ ] Landscape Table on CD

Remarks
RCE

- [ ] After Allowance Communication to TC
- [ ] Appeal Communication to Board of Appeals and Interferences
- [ ] Appeal Communication to TC (Appeal Notice, Brief, Reply Brief)
- [ ] Proprietary Information
- [ ] Status Letter
- [ ] Other Enclosure(s) (please identify below):

## SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT

| Firm Name | |
| Signature | *[signed]* |
| Printed name | MICHAEL A. GUTH |
| Date | April 18, 2008 | Reg. No. | 45,983 |

## CERTIFICATE OF TRANSMISSION/MAILING

I hereby certify that this correspondence is being facsimile transmitted to the USPTO or deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450 on the date shown below:

| Signature | *[signed]* | | |
| Typed or printed name | MICHAEL A. GUTH | Date | April 18, 2008 |

This collection of information is required by 37 CFR 1.5. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*