# EXHIBIT E



**Gorillapod SLR-ZOOM**
Supports professional tripod heads and SLR cameras with zoom lenses.
**Max weight: 3kg (6.6 lbs)**

**Gorillapod Original**
Small enough to fit in your pocket, but strong enough to hold most compact digital cameras.
**Max weight: 275g (9.7 oz)**

**Gorillapod SLR**
Designed for lightweight SLR cameras and video cameras.
**Max weight: 800g (1.75 lbs)**

The **Joby** Gorillapod firmly secures your camera to just about anything — anywhere and everywhere! Unlike traditional tripods, Gorillapods do not require a level or elevated surface for you to take the perfect shot.

Each Gorillapod is made up of 30 or more fully articulating ball-and-socket joints. You can bend and twist them into any shape, and they'll always keep your camera steady!

Soft rings and rubberized feet prevent your Gorillapod from slipping in even the toughest environments.

**ORDER NOW!**
Free ground shipping*

* in the continental US

**Find which Gorillapod is right for you!**

# EXHIBIT F



## PRODUCT OVERVIEW:

The Original Gorillapod is the lightest and most versatile camera tripod available today. Featuring over two dozen flexible leg joints that bend and rotate, the Gorillapod will firmly secure your compact digital camera to virtually any surface — anywhere and everywhere!

The Gorillapod is the ideal camera accessory for photographers on the go. Throw it in your pocket or backpack and you'll be ready for your next adventure! While the Gorillapod serves all the functions of a traditional camera tripod – steadying your camera under low-light conditions, taking timed group shots, etc. – it is the only tripod malleable enough to provide you with the perfect shot while wrapped around a tree branch, hanging from a pole, or perched on a jagged rock. The possibilities are endless!

## PRODUCT FEATURES:

- Flexible joints bend and rotate 360° to form the perfect shape. The Gorillapod uses high-quality; injection-molded plastic for snug joints that stay firm after lots of action
- The slim-line attachment stays connected to your camera and snaps into the Gorillapod for nearly instant setup
- The Gorillapod's lock ring enables extra security to ensure your camera is safely attached
- Rubberized ring and foot grips provide extra gripping power to grapple wherever you want to go

## PRODUCT SPECIFICATION:

Intended for: Compact digital cameras
Max weight load: 275g (9.7oz)
Adapter: Universal ¼-in tripod screw
Size: 15 x 3 x 3cm (5.9 x 1.2 x 1.2")
Weight: 45.3g (1.6oz)
Habitat: Anywhere!

The Gorillapod is available on-line at www.joby.com and at large retailers such as Best Buy, Amazon.com, Dell, REI, Kodak, and B&H Photo Video

## PRICING:

Packaged: $24.95
Unpackaged: $21.95
**Available colors:** Grey, Blue, Green, Pink, Red, Yellow

## MEDIA CONTACTS:

Erica Rogers                          Ashlee Duprey
Main: 888.569.5629 x810               888.569.5629 x806
Cell: 415-518-0189                    415.279.6142
erogers@joby.com                      aduprey@joby.com

JOBY 000177

# EXHIBIT G

1   CHARLENE M. MORROW (CSB NO. 136411)
    cmorrow@fenwick.com
2   VIRGINIA K. DEMARCHI (CSB NO. 168633)
    vdemarchi@fenwick.com
3   KIMBERLY I. CULP (CSB NO. 238839)
    kculp@fenwick.com
4   SALAM RAFEEDIE (CSB NO. 250191)
    srafeedie@fenwick.com
5   FENWICK & WEST LLP
    Silicon Valley Center
6   801 California Street
    Mountain View, CA 94041
7   Telephone:    (650) 988-8500
    Facsimile:    (650) 938-5200
8
    Attorneys for Plaintiff
9   JOBY, INC.

10

11                  UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13                    SAN FRANCISCO DIVISION

14

15  JOBY, INC.,                          Case No. 3:07-CV-06455 (SI)

16              Plaintiff,               **JOBY'S RESPONSE TO TOCAD'S
                                         FIRST SET OF INTERROGATORIES**
17  v.

18  TOCAD AMERICA, INC.,

19              Defendant.

20

21  PROPOUNDING PARTY:    TOCAD AMERICA, INC.

22  RESPONDING PARTY:    JOBY, INC.

23  SET NO.:    ONE

24      Pursuant to Federal Rule of Civil Procedure Rule 33, Plaintiff Joby, Inc. ("Joby") hereby

25  objects and responds to Defendant Tocad America Inc.'s ("Tocad") First Set of Interrogatories as

26  follows:

27                        **GENERAL OBJECTIONS**

28      Joby makes the following General Objections to Tocad's First Set of Interrogatories.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   Each of these General Objections is incorporated into the Specific Objections set forth below by

2   this reference, whether or not separately set forth therein.

3       1.    Joby objects to all definitions, instructions and interrogatories to the extent that they

4   seek to impose obligations upon Joby that are broader than or inconsistent with the obligations

5   imposed by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of

6   California, and/or relevant standing orders.

7       2.    Joby objects to all definitions, instructions and interrogatories to the extent that they

8   seek the disclosure of information protected by the attorney-client privilege, work-product

9   doctrine, or any other applicable privilege or protection, as provided by any applicable law.  Joby

10  does not intend to produce such privileged or protected information.  Any inadvertent disclosure

11  of any such information shall not to be deemed a waiver of any privilege or protection, and Joby

12  expressly reserves the right to object to the introduction at trial or any other use of such

13  information that may be inadvertently disclosed.  Joby objects to the reading, copying,

14  summarizing, or other use by Tocad of such information, and requests that Tocad immediately

15  notify Joby of any instance where Tocad knows, or reasonably suspects, that such an inadvertent

16  production has occurred, and immediately return such information to Joby.

17      3.    Joby objects to all definitions, instructions and interrogatories to the extent that they

18  seek documents or information concerning or containing trade secrets, proprietary information, or

19  other confidential or competitively sensitive business information.  Such information or

20  documents will be produced in accordance with the terms of the parties' Stipulated Protective

21  Order.

22      4.    Joby objects to all definitions, instructions and interrogatories to the extent that they

23  are overly broad, unduly burdensome, seeks information not relevant to any claim or defense in

24  this lawsuit, or otherwise exceed the boundaries of discoverable information.

25      5.    Joby objects to all definitions, instructions and interrogatories to the extent that they

26  are vague, ambiguous, fail to describe the information sought with the required reasonable

27  particularity, or are so unintelligible that Joby cannot ascertain what information is responsive.

28      6.    Joby objects to all definitions, instructions and interrogatories to the extent that they

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    purport to require Joby to identify documents or communications containing any information

2    received from a third party under a nondisclosure agreement or other confidentiality obligation.

3    Joby also objects to producing the contents of any part of any agreement between Joby and a third

4    party, which, by its terms, may not be disclosed by Joby.

5        7.    Joby objects to all definitions, instructions and interrogatories to the extent that they

6    call for the disclosure of information protected by Joby's employees' or any third parties' rights

7    of privacy or other confidentiality obligations.

8        8.    Joby objects to all definitions, instructions and interrogatories to the extent that they

9    seek to impose upon Joby an obligation to investigate or discover information, materials or

10   documents from any entity other than Joby.

11       9.    Joby objects to all definitions, instructions and interrogatories to the extent that they

12   seek information already in the possession, custody, or control of Tocad, information of public

13   record, or other information equally available to Tocad as to Joby on the grounds that such

14   interrogatory causes unnecessary expense, harassment or annoyance and are unduly burdensome.

15       10.   Joby objects to all definitions, instructions and interrogatories to the extent that they

16   are not limited to a relevant time period.

17       11.   Joby objects to all definitions, instructions and interrogatories to the extent that they

18   contain subparts, are compound and conjunctive and are otherwise inconsistent with or exceed the

19   number of interrogatories permitted by Rule 33(a) of the Federal Rules of Civil Procedure.

20       12.   Joby objects to each and every interrogatory herein to the extent that such

21   interrogatory is duplicative or cumulative with other interrogatories or requests for production

22   served on Joby by Tocad.

23       13.   Joby objects to the definition of "Joby", "you", or "your" as overbroad, vague and

24   ambiguous. Joby will interpret this term to mean Joby, Inc. and any entity from whom it has the

25   legal right to obtain the discovery sought herein.

26       14.   Joby objects to the definition of "person" as overly broad, vague and ambiguous.

27   Joby will interpret this term to mean "any natural person, company, corporation, sole

28   proprietorship, government entity, partnership, association, and all other entities similar to any of

1    the foregoing, however denominated."

2        15.    Joby's agreement to furnish information in response to Tocad's First Set of

3    Interrogatories to Joby shall not be deemed to constitute an admission as to its relevancy, nor is it

4    intended to waive any right to object to its admissibility at trial.

5        16.    A representation that Joby will produce copies of non-privileged, responsive

6    documents that are within its possession, custody, or control, or any production of such

7    documents, is not a representation that any such documents exist.

8        17.    Joby has not yet completed its investigation, collection of information, discovery, or

9    analysis concerning this action.  The following responses are based on information known and

10   available to Joby at this time.  Joby expressly reserves the right to modify, change, or supplement

11   its responses and to produce additional evidence at trial, whether consistent or inconsistent with

12   these responses.

### SPECIFIC OBJECTIONS AND RESPONSES

13

14   **INTERROGATORY NO. 1:**

15       Identify all persons involved in responding to these interrogatories.

16   **RESPONSE TO INTERROGATORY NO. 1:**

17       Joby incorporates by reference each of the General Objections as though fully set forth

18   herein.  Joby objects that the interrogatory is vague and ambiguous to the extent is seeks the

19   identity of persons "involved" in responding, without specifying the nature of the involvement.

20   Joby also objects to this interrogatory to the extent it seeks discovery of information protected by

21   the attorney-client privilege, work-product immunity, or any other applicable privilege or

22   protection.  Joby further objects to this interrogatory on the ground that it seeks information that

23   is neither relevant to any claim or defense in the action nor reasonably calculated to lead to the

24   discovery of admissible evidence.  Furthermore, Joby objects to this interrogatory to the extent

25   that it seeks information not relevant to any claim or defense in this lawsuit, or otherwise exceeds

26   the boundaries of discoverable information.  Subject to and without waiving the foregoing

27   objections, Joby responds as follows:

28       The following Joby employees provided information used in responses to these

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    interrogatories: Ken Minn and Melissa Burns.

2    **INTERROGATORY NO. 2:**

3        Identify and describe the trade dress of the Joby Gorillapod.

4    **RESPONSE TO INTERROGATORY NO. 2:**

5        Joby incorporates by reference each of the General Objections as though fully set forth

6    herein.  Subject to and without waiving the foregoing objections, Joby responds as follows:

7        Pursuant to Rule 33(d) Joby responds that the Gorillapod trade dress is shown in the

8    images attached as Exhibit D to the Declaration of JoeBen Bevirt in Support of Joby's Motion for

9    Preliminary Injunction (Dkt. No. 16).  The Gorillapod has a body section and three legs made of

10   rounded segments (or "balls") connected together.  Each of the segments in the legs has a ring

11   around the middle in a color that contrasts with the color of the segment, and each segment ends

12   in a rounded "foot."  The rounded body, the rounded leg segments, the rounded feet, and the

13   contrasting rings give the tripod a playful, striped look.

14   **INTERROGATORY NO. 3:**

15       Identify all persons with knowledge of the design, manufacture, marketing, and/or sell

16   [sic] of Joby flexible tripods, including but not limited to the Gorillapod product line.

17   **RESPONSE TO INTERROGATORY NO. 3:**

18       Joby incorporates by reference each of the General Objections as though fully set forth

19   herein.  Joby also objects to this interrogatory to the extent it seeks discovery of information

20   protected by the attorney-client privilege, work-product immunity, or any other applicable

21   privilege or protection.  Joby objects to this interrogatory on the grounds that it is overly broad

22   (particularly because of the word "all"), unduly burdensome and is not reasonably calculated to

23   lead to the discovery of admissible evidence.  Joby objects to this interrogatory to the extent that

24   it contains subparts, is compound and conjunctive, and is otherwise inconsistent with Rule 33(a)

25   of the Federal Rules of Civil Procedure.  Subject to and without waiving the foregoing objections,

26   Joby responds as follows:

27       The person with the most knowledge regarding the design of the Gorillapod product line

28   is JoeBen Bevirt.  The person with the most knowledge regarding the manufacture of the

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   Gorillapod product line is JoeBen Bevirt.  The person with the most knowledge regarding the

2   marketing of the Gorillapod product line is Melissa Burns.  The person with the most knowledge

3   regarding the sale of the Gorillapod product line is Ken Minn.

4   **INTERROGATORY NO. 4:**

5          Identify all customers, distributors, retailers, and/or wholesalers to whom you have sold

6   Joby flexible tripods, including but not limited to the Gorillapod product line.

7   **RESPONSE TO INTERROGATORY NO. 4:**

8          Joby incorporates by reference each of the General Objections as though fully set forth

9   herein.  Joby specifically objects to this interrogatory on the grounds that it is overly broad,

10  unduly burdensome and is not reasonably calculated to lead to the discovery of admissible

11  evidence.  Joby objects to this interrogatory to the extent that it contains subparts, is compound

12  and conjunctive, and is otherwise inconsistent with Rule 33(a) of the Federal Rules of Civil

13  Procedure.  Joby will limit its response to distributors, retailers, and/or wholesalers to whom Joby

14  has sold the Gorillapod product line.  Subject to and without waiving the foregoing objections,

15  Joby responds as follows:

16         Pursuant to Rule 33(d), Joby identifies the following documents in response to this

17  interrogatory: JOBY 000001-12.

18  **INTERROGATORY NO. 5:**

19         Identify what advertising efforts Joby has taken with respect to the Joby Gorillapod

20  product line.  For each such advertising method, please identify the amount of money spent on

21  that particular advertising method.

22  **RESPONSE TO INTERROGATORY NO. 5:**

23         Joby incorporates by reference each of the General Objections as though fully set forth

24  herein.  Joby objects to this interrogatory to the extent that it contains subparts, is compound and

25  conjunctive, and is otherwise inconsistent with Rule 33(a) of the Federal Rules of Civil

26  Procedure.  Joby objects to this interrogatory on the grounds that it is overly broad, unduly

27  burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.

28  Subject to and without waiving the foregoing objections, Joby responds as follows:

1       Pursuant to Rule 33(d), Joby identifies the following documents in response to this

2 interrogatory: JOBY 000022-32 and JOBY 000289-300.

3 **INTERROGATORY NO. 6:**

4       Identify all customers, distributors, retailers, and/or wholesalers who have expended

5 money or to whom you have offered incentives for marketing Joby flexible tripods, including but

6 not limited to the Gorillapod product line. For each such customer, distributor, retailer and/or

7 wholesaler, please provide the following:

8       A.     Name

9       B.     Number of Units Sold

10       C.     Type of Incentives Given

11       D.     Amount Customer/Distributor/Retailer/Wholesaler spent on Advertising.

12 **RESPONSE TO INTERROGATORY NO. 6:**

13       Joby incorporates by reference each of the General Objections as though fully set forth

14 herein. Joby objects to this interrogatory to the extent that it contains subparts, is compound and

15 conjunctive, and is otherwise inconsistent with Rule 33(a) of the Federal Rules of Civil

16 Procedure. Joby objects to this interrogatory on the grounds that it is overly broad, unduly

17 burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.

18 Further, Joby objects to this interrogatory on the grounds that it is duplicative or cumulative with

19 other interrogatories or requests for production served on Joby by Tocad. Joby also objects to the

20 extent that this interrogatory seeks documents or information concerning proprietary information

21 or other confidential or competitively sensitive business information. Subject to and without

22 waving the foregoing objections, Joby responds as follows:

23       Pursuant to Rule 33(d), Joby identifies the following documents in response to this

24 interrogatory: JOBY 000289-300.

25 **INTERROGATORY NO. 7:**

26       Identify sales figures attributable to each product in the Gorillapod product line for each

27 of the following categories:

28       A.     Total Sales in the United States as of March 31, 2008

ENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    B.    Total Sales outside of the United States as of March 31, 2008.

2    C.    Sales in the United States prior to October 1, 2006.

3    D.    Sales outside of the United States prior to October 1, 2006.

4    **RESPONSE TO INTERROGATORY NO. 7:**

5    Joby incorporates by reference each of the General Objections as though fully set forth

6    herein. Joby objects to this interrogatory to the extent that it contains subparts, is compound and

7    conjunctive, and is otherwise inconsistent with Rule 33(a) of the Federal Rules of Civil

8    Procedure. Joby objects to this interrogatory on the grounds that it is overly broad, unduly

9    burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.

10    Subject to and without waiving the foregoing objections, Joby responds as follows:

11    Pursuant to Rule 33(d), Joby identifies the following documents in response to this

12    interrogatory: JOBY 000013-20 and JOBY 000314-329.

13    **INTERROGATORY NO. 8:**

14    Identify all persons and/or merchants with whom you have communicated regarding

15    confusion between the Gorillapod product line and the Tocad product line. For each such person

16    or merchant, identify the date, nature of contact, and any disclosures made.

17    **RESPONSE TO INTERROGATORY NO. 8:**

18    Joby incorporates by reference each of the General Objections as though fully set forth

19    herein. Joby also objects to this interrogatory to the extent it seeks discovery of information

20    protected by the attorney-client privilege, work-product immunity, or any other applicable

21    privilege or protection. Joby objects to this interrogatory to the extent that it contains subparts, is

22    compound and conjunctive, and is otherwise inconsistent with Rule 33(a) of the Federal Rules of

23    Civil Procedure. Joby objects to this interrogatory on the grounds that it is overly broad, unduly

24    burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.

25    Subject to and without waiving the foregoing objections, Joby responds as follows:

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  Pursuant to Rule 33(d), Joby identifies the following documents in response to this

2  interrogatory: JOBY 000249-288.

3  **INTERROGATORY NO. 9:**

4  Identify all persons and/or merchants with whom you have communicated regarding the

5  comparison of quality and design between Gorillapod product line and the Tocad product line.

6  For each such person or merchant, identify the date, nature of contact and any disclosures made.

7  **RESPONSE TO INTERROGATORY NO. 9:**

8  Joby incorporates by reference each of the General Objections as though fully set forth

9  herein. Joby also objects to this interrogatory to the extent it seeks discovery of information

10  protected by the attorney-client privilege, work-product immunity, or any other applicable

11  privilege or protection. Joby objects to this interrogatory to the extent that it contains subparts, is

12  compound and conjunctive, and is otherwise inconsistent with Rule 33(a) of the Federal Rules of

13  Civil Procedure. Joby objects to this interrogatory on the grounds that it is overly broad, unduly

14  burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.

15  Subject to and without waiving the foregoing objections, Joby responds as follows:

16  Pursuant to Rule 33(d), Joby identifies the following documents in response to this

17  interrogatory: JOBY 000254-255.

18  **INTERROGATORY NO. 10:**

19  Identify all customers, distributors, retailers, and/or wholesalers who have declined to

20  carry, sell, and/or distribute products in the Joby Gorillapod product line and the causes therefore.

21  **RESPONSE TO INTERROGATORY NO. 10:**

22  Joby incorporates by reference each of the General Objections as though fully set forth

23  herein. Joby objects to this interrogatory to the extent that it contains subparts, is compound and

24  conjunctive, and is otherwise inconsistent with Rule 33(a) of the Federal Rules of Civil

25  Procedure. Joby objects to this request as overly broad, vague and unduly burdensome. Subject

26  to and without waiving the foregoing objections, Joby responds as follows:

27  Best Buy, Circuit City, Radio Shack, Sahalie, OfficeMax, and Ritz Camera declined to

28  carry, sell and/or distribute products in the Joby Gorillapod product line because of knock-off

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    flexible tripods.

2    **INTERROGATORY NO. 11:**

3          Identify all customers, distributors, retailers, and/or wholesalers whom you have contacted

4    regarding the "possible patent prosecution" claimed in U.S. Patent Application No. 2007154254

5    and/or U.S Patent Application No. 20070212163.

6    **RESPONSE TO INTERROGATORY NO. 11:**

7          Joby incorporates by reference each of the General Objections as though fully set forth

8    herein. Joby objects to this request as overly broad, vague and unduly burdensome. Furthermore,

9    Joby objects to interrogatories addressed to Tocad's counterclaim as improper and irrelevant to

10    the action, for the reasons set forth in Joby's pending Motion to Dismiss Defendant Tocad

11    America Inc.'s Counterclaim (Dkt. No. 57).

12    **INTERROGATORY NO. 12:**

13          When was the Joby Gorillapod and/or any other flexible tripod utilizing the claims of U.S.

14    Patent Application No. 2007154254 and/or U.S. Patent Application No. 20070212163, first

15    reduced to practice and/or publicly disclosed?

16    **RESPONSE TO INTERROGATORY NO. 12:**

17          Joby incorporates by reference each of the General Objections as though fully set forth

18    herein. Joby objects to this interrogatory to the extent it seeks information not relevant to any

19    claim or defense in this lawsuit. Furthermore, Joby objects to interrogatories addressed to

20    Tocad's counterclaim as improper and irrelevant to the action, for the reasons set forth in Joby's

21    pending Motion to Dismiss Defendant Tocad America Inc.'s Counterclaim (Dkt. No. 57).

22    **INTERROGATORY NO. 13:**

23          Please identify the nature of the Spring 1996 Gorillapod disclosure by JoeBen Bevirt

24    referenced in U.S. Patent Application No. 2007154254 and/or U.S. Patent Application No.

25    20070212163, including but not limited to any person to whom it was disclosed, whether or not a

26    prototype was created, and/or whether or not drawings were made?

27    **RESPONSE TO INTERROGATORY NO. 13:**

28          Joby incorporates by reference each of the General Objections as though fully set forth

herein. Joby objects to this interrogatory to the extent it seeks information not relevant to any

claim or defense in this lawsuit. Joby objects to this interrogatory to the extent that it contains

subparts, is compound and conjunctive, and is otherwise inconsistent with Rule 33(a) of the

Federal Rules of Civil Procedure. Joby objects to the extent that this interrogatory seeks

information of public record, or other information equally available to Tocad as to Joby on the

grounds that such interrogatory causes unnecessary expense, harassment or annoyance and is

unduly burdensome. Furthermore, Joby objects to interrogatories addressed to Tocad's

counterclaim as improper and irrelevant to the action, for the reasons set forth in Joby's pending

Motion to Dismiss Defendant Tocad America Inc.'s Counterclaim (Dkt. No. 57).

Dated: May 9, 2008                           FENWICK & WEST LLP

                                             By: _____
                                                 Salam Rafeedie

                                             Attorneys for Plaintiff
                                             JOBY, INC.

## VERIFICATION

I, Melissa Burns, am a representative for Joby, Inc. and am authorized to make this
verification on Joby's behalf. I have read the foregoing **JOBY'S RESPONSE TO TOCAD'S
FIRST SET OF INTERROGATORIES TO JOBY, INC.**, and know the contents thereof. To
the best of my knowledge and belief, I am informed and believe that the matters stated therein are
true.

I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

Date: 5/9/08                               _Mel B_____
                                              Melissa Burns

25933/00402/LIT/1284389.2

1  CHARLENE M. MORROW (CSB NO. 136411)
   cmorrow@fenwick.com
2  VIRGINIA K. DEMARCHI (CSB NO. 168633)
   vdemarchi@fenwick.com
3  KIMBERLY I. CULP (CSB NO. 238839)
   kculp@fenwick.com
4  SALAM RAFEEDIE (CSB NO. 250191)
   srafeedie@fenwick.com
5  FENWICK & WEST LLP
   Silicon Valley Center
6  801 California Street
   Mountain View, CA  94041
7  Telephone:     (650) 988-8500
   Facsimile:     (650) 938-5200
8
   Attorneys for Plaintiff
9  JOBY, INC.

10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13                SAN FRANCISCO DIVISION

14

15  JOBY, INC.,                      Case No. 3:07-CV-06455 (SI)

16              Plaintiff,           **CERTIFICATE OF SERVICE**

17  v.

18  TOCAD AMERICA, INC.,

19              Defendant.

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

# CERTIFICATE OF SERVICE

The undersigned declares as follows: I am a citizen of the United States and employed in County of Santa Clara, State of California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Fenwick & West LLP, 801 California Street, Mountain View, California 94041. On the date set forth below, the following document(s) were served electronically and by U.S. Mail: **JOBY'S RESPONSE TO TOCAD'S FIRST SET OF INTERROGATORIES** on the interested parties in the subject action by attaching to an email or by placing true copy(ies) thereof addressed as follows:

Michael Warnecke
mwarnecke@perkinscoie.com
Brandy R. McMillion
bmcmillion@perkinscoie.com
Debra R. Bernard
dbernard@perkinscoie.com
Andrea S. Homier
ahomier@perkinscoie.com
PERKINS COIE LLP
131 South Dearborn Street, Suite 1700
Chicago, IL 60603-5559

Jason A. Yurasek
jyurasek@perkinscoie.com
Kelly Kernan
kkernan@perkinscoie.com
PERKINS COIE LLP
Four Embarcadero Center
Suite 2400
San Francisco, CA 94111

☒ **BY US MAIL:** by placing the document(s) listed above in a sealed envelope for collection and mailing following our ordinary business practices. I am readily familiar with our ordinary business practices for collecting and processing mail for the United States Postal Service, and mail that I place for collection and processing is regularly deposited with the United States Postal Service that same day with postage prepaid.

☒ **BY E-MAIL:** by causing to be transmitted via e-mail the document(s) listed above to the e-mail address(es) listed above.

I declare under penalty of perjury under the laws of the State of California and the United States that the above is true and correct.

Date: May 9, 2008

_____
Leslie Rubinstein

# EXHIBIT H

## <u>MANUAL FILING NOTIFICATION</u>

Regarding:    DECLARATION OF BRANDY R. MCMILLION IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This exhibit is filed in paper or physical form only, and is being maintained in the case file in the Clerk's office.  If you are a participant in this case, this filing will be served in hard-copy shortly. For information on retrieving this filing directly from the court, please see the court's main web site at http://www.cand.uscourts.gov under Frequently Asked Questions (FAQ).

**THIS EXHIBIT WAS NOT EFILED BECAUSE IT IS PROVISIONALLY UNDER SEAL.**

# EXHIBIT I



**original Gorillapod**



**Gorillapod SLR-Zoom**            **Gorillapod SLR**

JOBY 000176