CHARLENE M. MORROW (CSB NO. 136411)
cmorrow@fenwick.com
VIRGINIA K. DEMARCHI (CSB NO. 168633)
vdemarchi@fenwick.com
KIMBERLY I. CULP (CSB NO. 238839)
kculp@fenwick.com
SALAM RAFEEDIE (CSB NO. 250191)
srafeedie@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:  (650) 988-8500
Facsimile:   (650) 938-5200

Attorneys for Plaintiff
JOBY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOBY, INC.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>TOCAD AMERICA, INC.,<br><br>　　　　　Defendant. | Case No. 3:07-CV-06455 (SI)<br><br>**PLAINTIFF JOBY, INC.'S MOTION FOR ADMINISTRATIVE RELIEF REQUESTING A CONTINUANCE OF THE SUMMARY JUDGMENT HEARING**<br><br>**Date:        August 22, 2008**<br>**Time:        9:00 a.m.**<br>**Courtroom:  10, 19th Floor**<br>**　　　　　　Honorable Susan Illston** |

JOBY'S MOTION FOR ADMIN. RELIEF
CASE NO. 3:07-CV-06455 (SI)

1   Pursuant to Civil Local Rule 7-3(a), 7-11(a) and Federal Rule of Civil Procedure 56(f),
2   Joby, Inc. ("Joby") hereby requests an order of the Court continuing the August 22, 2008 hearing
3   date unilaterally set by Tocad America, Inc. ("Tocad") for its pending summary judgment motion
4   until after the September 12, 2008 deadline to designate experts. Joby requests an October 3,
5   2008 hearing date.

## INTRODUCTION

7   Tocad unilaterally noticed a motion for summary judgment to be heard on August 22,
8   2008, which is before the close of either fact or expert discovery. Discovery cutoff is August 29,
9   2008 and the expert discovery cutoff October 31, 2008. (Minute Entry Order, Dkt. 63,
10  05/19/2008.) The deadline to disclose expert opinions is September 12, 2008. (*Id.*)

11  Tocad has moved for summary judgment on two fact issues that are core to the analysis of
12  Joby's trade dress claim, functionality and secondary meaning. (Motion for Summary Judgment,
13  Dkt. 70, 06/17/2008.) Tocad's motion is premature. First, Tocad has not yet completed the
14  review and production of the documents that Joby has requested, and Joby believes that those
15  documents will be highly relevant to the issues of functionality and secondary meaning. Second,
16  Joby has not yet deposed the designer of Tocad's knock-off products. Third, the question of
17  which aspects of the product design at issue are functional rather than ornamental is something
18  that Joby will be asking an expert witness to address. Fourth, Joby currently anticipates that it will
19  be asking a competition expert witness to address facts that weigh into the secondary meaning
20  analysis. Therefore, pursuant to Federal Rule of Civil Procedure 56(f)(2), Joby requests a
21  continuance of the hearing date (and, in accordance with Civil Local Rule 7-3(a), a continuance
22  of the deadline for opposing Tocad's motion) on Tocad's motion for summary judgment so that
23  Joby may obtain the remainder of Tocad's document production, take core depositions of Tocad
24  personnel and have its experts complete their analyses on the timeline currently set by the Court.

## REASONS FOR MOVING THE SUMMARY JUDGMENT HEARING

26  Rule 56(f) provides that "[i]f a party opposing the motion shows by affidavit that, for
27  specified reasons, it cannot present facts essential to justify its opposition, the court may: . . . (2)
28  order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery

1  to be undertaken. . . ." Rule 56(f) motions should be granted "almost as a matter of course" and
2  should be "freely" granted if a party has not had a "realistic opportunity to pursue discovery
3  relating to its theory of the case." *See Burlington N. Santa Fe R.R. Co. v. The Assiniboine and*
4  *Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003); *see also Vines v.*
5  *U.S.*, No. S-05-2370 FCD, 2008 U.S. Dist. LEXIS 23681, at 10-11* (E.D. Cal. Mar. 24, 2008)
6  (granting Rule 56(f) motion to permit opponent to conduct discovery and designate experts).
7  Tocad has moved on both functionality and secondary meaning, which are issues on which Joby
8  believes it will find support in Tocad's documents, and which it also anticipates it will require the
9  benefit of expert discovery to prove.

### a. Evidence Needed on Ornamental Nature of Joby's Trade Dress

Tocad rightly points out in its motion for summary judgment that product functionality is a question of fact. (Memorandum in Support of Motion, Dkt. 78, 06/20/2008, at 10.) Tocad bases the functionality portion of its motion on the fact the Joby has sought patent protection via a utility patent on certain aspects of its product design. Tocad has critical facts in its possession that Joby should be permitted to obtain before responding to this argument. Tocad redesigned the first version of its product, apparently to remove some of the functional features that are likely to violate Joby's patent rights once Joby's utility patents issue. Tocad's documents on that redesign, are highly relevant to the issues raised in Tocad's motion, as they show that while Tocad made substantial mechanical changes, it was still able to maintain the same "look" for its product. That look, which is thus ornamental in nature, is the subject of Joby's trade dress claim, since it is a direct knock off of Joby's design:


Gorillapod



FlexPod


FlexPod Plus

Thus, Tocad is in possession of evidence directly relevant to Tocad's motion, as it would tend to establish that Tocad's own argument is incorrect.

In addition, in considering whether a design is ornamental or functional, the Court may consider whether alternatives exist to the trade dress at issue. Tocad has stipulated that it will discontinue sales of its existing designs shortly (Dkt. No. 62), and Joby understands that Tocad intends to introduce a redesigned product to the marketplace. Joby has asked for design documents relating to this redesign, but Tocad has wholly rebuffed Joby on that issue. (Declaration of Kimberly I. Culp in Support of Motion for Administrative Relief Requesting a Continuance of the Summary Judgment Hearing ("Culp Decl.") ¶ 4 and Ex. 2.)

While Tocad has produced some of the other requested documents, its production is not yet complete, and in fact, recently Tocad attempted to renege on what it had agreed to provide. (*Id.* ¶¶ 3 – 5.) In addition, Tocad is completely refusing to provide the requested documents relating to the redesign. (*Id.* ¶ 4 and Exs. 1 and 2.) Accordingly, Tocad's motion for summary judgment should be continued so that Joby can obtain the remainder of these documents prior to filing its opposition, and so that Joby can take the deposition of Tocad's designer. (*Id.* ¶¶ 2 – 6.) If Tocad continues to prove uncooperative on these topics, Joby will promptly seeking the assistance of the Court. (*Id.* ¶ 5 and Ex. 3.)

In addition, under the Court's current schedule, Joby has until September 12 to serve opening expert reports. It is well established that a technical expert witness can offer relevant testimony to the issue of whether the "the design in issue 'is essential to the use or purpose of the article or if it affects the cost or quality of the article.'" 1 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION, §7:75, 4th Ed. (2008). An expert may also investigate whether there are alternatives which perform the function just as well. *Id.* This expert testimony would be relevant to understanding whether the asserted trade dress is functional or not. Here, Joby anticipates having an expert witness offer opinion testimony on how the claimed trade dress is different from the functional aspects of the product, and therefore protectable. (Culp Decl. ¶ 7.) With the assistance of expert testimony, Joby expects that it will be able to raise a material issue of fact that its trade dress is not functional. *See Keystone Mfg. Co. v. Jaccard Corp.*, 394 F. Supp. 2d

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

543, 562 (W.D.N.Y. 2005) ("The record contains competing expert opinions on the issue of functionality, either of which the jury could credit. That alone precludes summary judgment."). Given the timing in the Court's schedule, Joby has already begun a search for such an expert witness, but one has not yet been retained. (Culp Decl. ¶ 7.) Accordingly, Joby should be given time to retain an expert witness, and that expert witness should be given time to conduct the necessary investigation and render a thoughtful opinion on this issue. (*Id.*)

### B. Evidence Needed on Secondary Meaning

Secondary meaning is also a question of fact. *See Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 843-845 (9th Cir. 1987). A variety of factors go into the analysis of whether secondary meaning exists, such as: direct consumer testimony, a consumer survey, exclusivity (including the length and manner of use), the amount and manner of advertising, the amount of sales and number of customers, the established place in the market, proof of intentional copying, and actual consumer confusion. *See* 2 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION, §§ 15:30 and 15:37 4th Ed. (2008).

Given that channel overlap, evidence of actual confusion, and copying are relevant to the issue of secondary meaning, Joby has requested that Tocad produce documents relating to those topics. (Culp Decl. ¶ 3.) As discussed above, Joby believes that Tocad is refusing to review documents that may lead to such evidence, and it should be given the opportunity to obtain those documents from Tocad. (*Id.* ¶¶ 3 and 5.) Once Joby has the universe of relevant documents in hand, it can determine what further deposition testimony is necessary in order to gain admissible evidence for trial.

Here too, in light of the Court's previous order on the close of expert discovery, Joby has not yet retained an expert, although it has been conducting an active search. (*Id.* ¶ 8.) Once it does retain an expert, that expert will need time to conduct fact investigation relevant to secondary meaning before his or her opinion can be provided to the Court. (*Id.*) Joby expects that through expert testimony it will be able to raise a material issue of fact as to whether the Gorillapod acquired secondary meaning. *See Lanard Toys Ltd. v. Novelty Inc.*, 511 F. Supp. 2d 1020, 1041-42 (C.D. Cal. 2007) (denying defendant's motion for summary judgment on

JOBY'S MOTION FOR ADMIN. RELIEF  
CASE NO. 3:07-CV-06455 (SI)

4

secondary meaning because expert evidence on confusion created material fact as to secondary meaning).

### C. A Short Continuance Would Permit Joby to Collect Critical Evidence

The Court's current schedule gives Joby until September 12, 2008 to provide expert disclosures. A brief continuance of the summary judgment hearing from August 22, 2008 until after that expert deadline will give Joby a fair opportunity to obtain expert opinions which Joby would also offer in opposition to Tocad's motion for summary judgment. This brief continuance should also allow sufficient time for Tocad to complete its production and proffer relevant witnesses for deposition. Absent a continuance, and with its opposition due on August 1, 2008, Joby would be placed in the unfair position of having barely more than one month to complete this discovery and to retain its experts, for them to review any documents relevant to their opinion, for them to conduct fact investigation, and for them to formulate their opinions on the issues of functionality and secondary meaning. Joby respectfully submits that Tocad's attempt to impose this schedule on Joby via its motion practice should be rejected, and the Court should continue the hearing date to no sooner than Friday, October 3, 2008.

### CONCLUSION

Joby respectfully requests that the Court order that the hearing date for Tocad's motion for summary judgment be continued to no sooner than Friday, October 3, 2008, with Joby's opposition and Tocad's reply due 21 and 14 days prior to that hearing date, respectively.

Dated: July 7, 2008                                   FENWICK & WEST LLP


By: _____
    Kimberly I. Culp

Attorneys for Plaintiff
JOBY, INC.

25933/00402/LIT/1287512.2A

JOBY'S MOTION FOR ADMIN. RELIEF
CASE NO. 3:07-CV-06455 (SI)

5