CHARLENE M. MORROW (CSB NO. 136411)
cmorrow@fenwick.com
VIRGINIA K. DEMARCHI (CSB NO. 168633)
vdemarchi@fenwick.com
KIMBERLY I. CULP (CSB NO. 238839)
kculp@fenwick.com
SALAM RAFEEDIE (CSB NO. 250191)
srafeedie@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

Attorneys for Plaintiff
JOBY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOBY, INC., <br><br> Plaintiff, <br><br> v. <br><br> TOCAD AMERICA, INC., <br><br> Defendant. | Case No. 3:07-CV-06455 (SI) <br><br> **DECLARATION OF KIMBERLY I. CULP IN SUPPORT OF PLAINTIFF JOBY, INC.'S MOTION FOR ADMINISTRATIVE RELIEF REQUESTING A CONTINUANCE OF THE SUMMARY JUDGMENT HEARING** <br><br> **REDACTED PUBLIC VERSION OF DOCUMENT SUBMITTED UNDER SEAL** <br><br> **Date:** August 22, 2008 <br> **Time:** 9:00 a.m. <br> **Courtroom:** 10, 19th Floor <br> Honorable Susan Illston |

I, Kimberly I. Culp, declare as follows:

1. I am an attorney with the law firm of Fenwick & West LLP and counsel to plaintiff Joby, Inc. ("Joby"). I make this declaration based upon my personal knowledge, and if called upon to testify, could and would testify competently to the matters set forth below.

2. Tocad has moved for summary judgment on functionality and secondary meaning.

Pursuant to Federal Rule of Civil Procedure 56(f), I submit this declaration requesting additional time to oppose Tocad's motion so that Joby may complete the fact discovery and expert discovery, outlined *infra,* necessary to oppose Tocad's motion for summary judgment.

3.      Since April 2008, the parties have been conducting discovery. The parties have served document requests on each other and have been producing documents in response to those requests. In particular, in its First Set of Requests for Production of Documents (served on April 4, 2008) and its Second Set of Requests for Production of Documents (served on May 23, 2008), Joby requested documents from Tocad relating to the issues of functionality. Joby's First Set of Requests for Production of Documents and Third Set of Requests for Production of Documents (served on June 20, 2008) also request documents relevant to secondary meaning. For example, Request Nos. 1, 5-7, 13-15, and 24-27 encompass issues such as channel overlap, evidence of actual confusion, and copying. Based on correspondence with counsel for Tocad, it is my belief that Tocad's production is not yet complete.

4.      Moreover, Tocad has refused to produce certain categories of documents relating to functionality that Joby has requested. On June 24, 2008 I wrote to Debra Bernard, counsel for Tocad, objecting that Tocad refused to produce documents relating to Tocad's re-design efforts in response to Joby's document requests. Attached hereto as **Exhibit 1** is a true and correct copy of that letter. On July 2, 2008, Ms. Bernard responded that Tocad would not produce the requested documents, except for a prototype (whose evidentiary use Tocad limited by reference to Federal Rule of Evidence 408). Attached hereto as **Exhibit 2** is a true and correct copy of that letter. Attached as **Exhibit 3** is a copy of my further correspondence with her of July 3, which follows up on, among other things, this issue.

5.      Tocad also recently informed Joby, for the first time on June 25, two and a half months after the Joby discovery requests were served, that it wanted to narrow the scope of documents to be reviewed in response to discovery requests because it had too many hits. Attached hereto as **Exhibit 4** is a true and correct copy of that letter. Joby is concerned, and has expressed that concern to counsel for Tocad, that responsive documents will be overlooked by Tocad's proposals to narrow the scope of discovery. Attached hereto as **Exhibit 5** is a true and

correct copy of my July 1 letter responding to Ms. Bernard's June 25 letter. Attached hereto as **Exhibit 6** is a true and correct copy of Ms. Bernard's response on July 3 to my correspondence. My most recent letter to Ms. Bernard, also on July 3, expressing our concern with Tocad's proposal to narrow discovery, among other things, is Exhibit 3 to this declaration. In that letter, I noted that if we are unable to promptly resolve the dispute over Tocad's obligation to search for and review documents for production, Joby will promptly seek assistance from the Court.

6. Once Joby has obtained the relevant documents from Tocad, it anticipates taking the depositions of Tocad representatives involve in the design, and redesign, of Tocad's products. Joby certainly anticipates taking the deposition of Richard Darrow, Tocad's CEO, who appears to have been directly involved in the product design.

7. Joby is in the process of retaining a technical expert to offer opinion testimony on the issue of functionality. It is anticipated that this expert will analyze the products at issue, and will in part respond to Tocad's claim that certain aspects of its product design are functional. The founder of Joby and designer of the Gorillapod previously provided declaration testimony that he made aesthetic, non-functional choices in deciding the look of the Gorillapod. (Declaration of JoeBen Bevirt in Support of Joby Inc.'s Motion for Preliminary Injunction, Dkt. 16, 05/27/2008.) Through expert testimony, Joby should be able to explain the difference between the choices Mr. Bevirt made as to the product aesthetics and the functional aspects of the products at issue. I believe that such expert testimony will at a bare minimum raise a material issue of fact as to the non-functionality, and hence the protectability, of the Gorillapod trade dress. Joby currently anticipates no issue with disclosing any expert opinion on this issue on September 12, 2008, the date set by the Court for the deadline to disclose expert opinions.

8. Joby plans to retain a competition expert who will, among other things, support Joby's claim that the Gorillapod trade dress acquired secondary meaning. Though Joby has begun the process of finding an expert whose opinion should be relevant to secondary meaning, Joby has not yet retained anyone. Because no expert has yet been retained, Joby needs time to complete the retention process, time for the expert to design and conduct a survey, if any, and then time to allow the expert to render a thoughtful opinion. I believe that such expert testimony

will assist Joby in raising at least a triable issue of material fact on the issue of secondary meaning. Joby currently anticipates no issue disclosing any expert opinion on this issue on September 12, 2008, the date set by the Court for the deadline to disclose expert opinions.

9. Counsel for Joby has conferred with Tocad about stipulating to a continuance of the hearing date for Tocad's motion for summary judgment. Counsel for Tocad informed counsel for Joby that Tocad will only agree to stipulate to a continuance if Joby agrees to stay all discovery except as may be necessary, as set forth in this Rule 56(f) affidavit, to oppose Tocad's motion for summary judgment. Attached hereto as **Exhibit 7** is a true and correct copy of Tocad's response to Joby's request for a stipulation. Joby is not willing to trade its right to prepare its own case through discovery, and also risk delaying its trial date, for the right to seek a fair hearing on Tocad's motion for summary judgment. Counsel for Tocad expressed concern that the legal expenses in this case were becoming unreasonable in light of Tocad's assessment of the value of the case. However, based on Tocad's own records, its profits from sale of infringing tripods through July 15, 2008 will be approximately REDACTED. With trebling for Tocad's willful infringement, Tocad's exposure is in excess of REDACTED. Tocad would also need to reimburse Joby for its reasonable attorneys' fees. Therefore, Joby does not agree that the expense of discovery outweighs Joby's interest in obtaining critical discovery necessary to prepare its own case for trial. Joby rejected Tocad's proposal to delay discovery in exchange for a continuation of the summary judgment hearing. Attached hereto as **Exhibit 8** is a true and correct copy of Joby's response to Tocad's proposal regarding stipulation. Thus, Joby seeks an order from the Court continuing the hearing on Tocad's motion for summary judgment.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed this 7th day of July, 2008, in Mountain View, California.

*/s/ Kimberly I. Culp*
Kimberly I Culp

25933/00402/LIT/1288042.1

CULP DECL. ISO OF JOBY'S MOTION ADMIN. RELIEF
CASE NO. 3:07-CV-06455 (SI)

4