# Exhibit 1

**FENWICK & WEST LLP**

SILICON VALLEY CENTER   801 CALIFORNIA STREET   MOUNTAIN VIEW, CA 94041
TEL 650.988.8500   FAX 650.938.5200   WWW.FENWICK.COM

June 24, 2008

KIMBERLY I. CULP

EMAIL KCULP@FENWICK.COM
DIRECT DIAL (650) 335-7138

## VIA ELECTRONIC AND U.S. MAIL

Debra R. Bernard, Esq.
Perkins Coie LLP
131 S. Dearborn Street, Suite 1700
Chicago, IL 60603-5559

  Re: *Joby, Inc. v. Tocad America, Inc.*

Dear Debra:

  I am writing to address concerns that we have with Tocad's responses to Joby's discovery requests.

### JOBY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

  Many of our issues with Tocad's responses to Joby's first set of requests have been addressed in previous correspondence between the parties, specifically relating to Joby's position that it is entitled to discovery on Tocad's world wide sales, costs, and profits. Joby also has the following concern with Tocad's discovery responses.

#### Request No. 12:

  In response to this request, Tocad stated that it has already provided information to Joby about additional designs or re-designs of the Flexpod or Flexpod Plus pursuant to Federal Rule of Evidence 408 in connection with the parties' settlement discussions. To the extent Tocad intends this response as limiting its obligation to produce documents in response to Request No. 12 or as limiting the use that can be made of such documents, it is improper. The requested documents are discoverable because they are likely to bear on (i) Tocad's efforts to design around Joby's trade dress, (ii) those design elements that are functional as compared to those that are not, and (iii) Tocad's defense that its copying of Joby's dress, or elements of that dress, was in good faith. Please confirm that Tocad will produce, without limitation on their use, all documents responsive to this request.

### JOBY'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

#### Request No. 20:

  This request asks for Tocad's organizational charts. Tocad objects to production of these charts on the ground that it has already identified employees it believes have knowledge relevant to the action through other means. These other disclosures do not obviate the need for the documents sought in Request No. 20. Joby is entitled to test Tocad's prior disclosures, including its selection of whom to list in its Rule 26 disclosures, against the company's documents reflecting the actual roles and reporting relationships of employees in the company. This is particularly true here,

Debra R. Bernard, Esq.
June 24, 2008
Page 2

where Tocad has responded to interrogatories seeking the identities of witnesses with knowledge by providing only partial or incomplete answers. (See discussion below.) Organizational charts are the documents most likely to reveal those roles and relationships.

Tocad's objections that this request is "overly broad" or "unduly burdensome" are absurd. The request specifically asks for organizational charts, and we fail to see how producing those charts imposes any unusual or extraordinary burden on Tocad. Please confirm that Tocad will produce the requested organizational charts.

### Requests Nos. 22 and 23:

These requests seek documents concerning Tocad's agreements with its factory regarding manufacturing and design efforts for flexible tripods and design documents reflecting Tocad's own design efforts for flexible tripods. Tocad responds that it will limit its production to documents concerning only the existing FlexPod and FlexPod Plus products and that it will not produce documents concerning the so-called "FlexPod 3" on the asserted ground that the FlexPod 3 is "beyond the scope of this litigation." Tocad has no grounds to so limit its responsive production. To the extent Tocad has developed a new design of its tripod, especially one that it claims does not infringe Joby's trade dress, documents relating to the design, development, or manufacture of that product are reasonably calculated to lead to evidence bearing on the question of whether Joby's own trade dress is non-functional. *See Disc Golf Ass'n v. Champion Discs, Inc.*, 158 F.3d 1002, 1006 (9th Cir. 1998) (existence of alternative design is relevant to whether claimed dress is functional). Documents reflecting Tocad's efforts (or lack thereof) to design around Joby's dress are also relevant to the question of whether Tocad's conduct has been willful or exceptional. Please confirm that Tocad will produce all responsive documents sought by these requests, including those that relate to the FlexPod 3.

### JOBY'S FIRST AND SECOND SET OF INTERROGATORIES

For Interrogatories Nos. 1 and 2 and for each interrogatory in Joby's second set of interrogatories, Tocad provides the incomplete response that "at least" a specified group of individuals had knowledge of the requested information. Tocad has an obligation to search for the information sought by each of these interrogatories. If Tocad is presently aware of any other individuals with knowledge, please provide their names now. Otherwise, please advise whether Tocad has investigated the information sought by these interrogatories and provide a full and complete answer to each

Sincerely,

FENWICK & WEST LLP

Kimberly I. Culp

*1287143*