# Exhibit   2



Perkins
Coie

131 S. Dearborn Street, Suite 1700
Chicago, IL 60603-5559
PHONE: 312.324.8400
FAX: 312.324.9400
www.perkinscoie.com

Debra R. Bernard
PHONE: (312) 324-8559
EMAIL: DBernard@perkinscoie.com

July 2, 2008

**VIA EMAIL AND US MAIL**

Kimberly Culp
Fenwick & West LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041

**Re:     Joby, Inc. v. Tocad America, Inc.**
**         Case No. 07 CV 6455**

Dear Kimberly:

This letter is in response to your June 24, 2008 letter.  In addition to responding to your concerns, please find below issues that we have with Joby's responses to discovery.

**TOCAD'S DISCOVERY RESPONSES**

*Joby's First Set of Requests for Production of Documents*

Request No. 12

This Request seeks documents relating to new designs beyond the Flexpod Plus which is what we have described in our various settlement discussions as the "Flexpod 3" or "Revision 3." As you know, all of the correspondence in connection with this redesign, from both Joby and Tocad, has indicated that it is "confidential," and that it is "pursuant to non-disclosure agreement and FRE 408."  Hence, in response to this request, Tocad appropriately responded that it had provided previous efforts at redesign pursuant FRE 408.  This most certainly limits the disclosure in discovery and the use of such documents.  If Joby seeks to use these documents beyond that purpose, we adamantly believe that to be a violation of FRE 408, the nondisclosure agreement and the spirit of the settlement discussions.  Given your refusal to produce Joby's patent related documents which directly deal with the functionality of the features of Joby's Gorillapod because the patent is not at issue, your position regarding Tocad's products that are

ANCHORAGE · BEIJING · BELLEVUE · BOISE · CHICAGO · DENVER · LOS ANGELES
MENLO PARK · OLYMPIA · PHOENIX · PORTLAND · SAN FRANCISCO · SEATTLE · WASHINGTON, D.C.
Perkins Coie LLP and Affiliates

Kimberly Culp
July 2, 2008
Page 2

not at issue is telling.  However, as promised, we will be providing you with a production sample of the new product shortly.

*Joby's Second Set of Requests for Production of Documents*

   Request No. 20

      Joby has requested Tocad's organizational charts.  Tocad reiterates that it has already provided any information which could possibly result from these charts through other discovery responses.  Joby's claims that it is entitled to test these disclosures can be done through depositions of those individuals provided.  This request is most certainly over broad as we have stated that Tocad makes over 1000 SKUs beyond the products at issue in this case and only a limited subset of Tocad employees work on the Flexpod and Flexpod Plus products.  To expect Tocad to create an organizational chart with just these employees is not required and Tocad will not undertake such an endeavor.

   Request Nos. 22 and 23

      Joby complains that Tocad is limiting its production to documents concerning only the existing Flexpod and Flexpod Plus, which are the products at issue in this case excluding those relating to the Flexpod 3—which is not at issue.  Joby claims that documents concerning Flexpod 3 are relevant to the question of whether Joby's own trade dress is non-functional.  Joby also claims that documents regarding Flexpod 3 go to whether Tocad's conduct has been willful or exceptional.  We strongly disagree with your position.  This litigation is about the Flexpod and Flexpod Plus products.  The Flexpod 3 will be on the market in the near future and Joby will be free to evaluate and analyze the functionality of the features of that product from publicly available information, not confidential settlement discussions.  Further, Tocad's conduct regarding the development of Flexpod 3 is not at issue in this case.

*Joby's First and Second Set of Interrogatories*

      Joby takes issue with Tocad's response to certain interrogatories that "at least" a specified group of individuals have knowledge of the requested information.  Tocad disagrees that these responses are incomplete as alleged in your letter.  As you are aware, discovery is an on-going process.  The information that has been provided is the information that has been obtained to date through a diligent investigation.  That said, it does not mean that there is not a possibility that additional persons may be discovered which would require supplementing the responses to these interrogatories.  Tocad expressly reserved the right to supplement its discovery responses to discovery, as is provided and, indeed, required by the Federal Rules – "Tocad's discovery and investigation in connection with this lawsuit is continuing.  As a result, Tocad's responses are limited to information obtained to date, and are given without prejudice to Tocad's right to amend or to supplement its responses after considering information obtained

Kimberly Culp
July 2, 2008
Page 3

through further discovery or investigation." To date, Tocad has provided Joby with the
individuals known and will supplement its responses only if it determines that there is additional
information which is responsive to these requests. We trust that Joby will do the same in
compliance with the Federal Rules.


## JOBY'S DISCOVERY RESPONSES

In addition to the many issues discussed in previous correspondence, Tocad also has the
following concerns with Joby's responses to discovery.

*Tocad's First Set of Interrogatories*

Interrogatory Nos. 9 & 10

For Interrogatory Nos. 9 & 10, Joby provides incomplete responses. In Interrogatory No.
9, Tocad requested that Joby "identify all persons and/or merchants with whom you have
communicated regarding the comparison of quality and design between Gorillapod product line
and the Tocad product line. For each such person or merchant, identify the date, nature of
contact and any disclosures made." In addition to numerous baseless objections, Joby identified
2 pages. We believe that this response is incomplete, does not comply with the clear definition
of "identify" in definition no. 14, and should be supplemented with all responsive information
known by Joby at this time. In Interrogatory No. 10, Tocad requested that Joby "identify all
customers, distributors, retailers, and/or wholesalers who have declined to carry, sell, and/or
distribute products in the Gorillapod product line and the causes therefore." In response Joby
simply identifies some retailers who it claims "declined to carry, sell and/or distribute products in
the Joby Gorillapod product line because of knock-off flexible tripods." This response wholly
fails to comply with the instructions and definitions and does not provide a complete response to
the information requested and should be supplemented accordingly.

*Tocad's First Set of Requests for Production of Documents*

With respect to nearly all the document requests, Joby's objections to the use of the terms
"any and all" are meritless. These terms simply request that Joby undertake its obligation to
investigate and produce all such documents that it finds responsive to this request.

Similarly, Joby's objections to the use of "relating to" as overbroad and unduly
burdensome is ridiculous. "Relating to" is defined as "concerning, referring to, reflecting,
resulting from, describing, evidencing, supporting or constituting." Therefore, please confirm
that documents "relating to" the particular topic will be produced or have been produced.

Kimberly Culp
July 2, 2008
Page 4

Request Nos. 20, 23, 24, 25

As discussed in our prior correspondence, we believe that these requests concerning Joby's pending patent applications are directly relevant to the functionality of Joby's alleged trade dress and therefore again request that Joby produce any such documents requested.

Very truly yours,

Debra R. Bernard

cc:  Vriginia Demarchi
     Charlene Morrow
     Michael O. Warnecke
     Jason Yurasek
     Brandy McMillion