**Exhibit 3**

**FENWICK & WEST LLP**

SILICON VALLEY CENTER   801 CALIFORNIA STREET   MOUNTAIN VIEW, CA 94041
TEL 650.988.8500   FAX 650.938.5200   WWW.FENWICK.COM

July 3, 2008

KIMBERLY I. CULP

EMAIL KCULP@FENWICK.COM
DIRECT DIAL (650) 335-7138

**VIA ELECTRONIC AND U.S. MAIL**

Debra R. Bernard, Esq.
Perkins Coie LLP
131 S. Dearborn Street, Suite 1700
Chicago, IL 60603-5559

Re:   *Joby, Inc. v. Tocad America, Inc.*

Dear Debra:

I am writing in response to your letter of today's date. Joby is, and has been, trying to work with Tocad to resolve any discovery protocol issues. Until your letter of June 25, asking to "reevaluate the scope" of discovery efforts and claiming that though "Joby may have rushed to a full scale review before the protocols were fully resolved [that] does not mandate that Tocad must do the same," we had no reason to believe that those protocols had not been worked out.

   *a. Search Criteria*

In your June 25 letter and in today's letter you make it clear that Tocad is trying to narrow the universe of data to review. While we agreed to work with Tocad to address concerns with any overbroad search terms, Tocad's proposals have unreasonably attempted to restrict discovery. Tocad has demanded that Joby propose alternative search terms to the nine it claims are overbroad, yet has not provided Joby with any of the information it needs to verify whether those terms are in fact overbroad, such as information about how many "hits" they would produce.

Contrary to your assertions, we have not asked you to identify how many documents are non-responsive. Rather, we asked for information about the universe being searched, the number of unique documents that are being hit by each term and an approximate percentage of non-responsive documents. Only with this information can we determine whether, as we suspect, Tocad is unreasonably refusing to review a reasonable number of documents.

   *b. Review of Imaged Data*

In addition, Tocad continues to refuse to review imaged data in a manner that ensures that responsive documents are produced. This is obviously a critical problem given that the "look" of Tocad's products is at issue.

We continue to dispute the viability of using search terms on .jpg images. As we have now explained multiple times, search terms for images will necessarily miss relevant documents. Searching for documents based on the names of the file or folder structure without conferring with custodians will in no way assure that responsive images will be reviewed. Moreover,

Debra R. Bernard, Esq.
July 3, 2008
Page 2

Tocad has limited its search terms to terms which Joby explicitly objected to on May 28 as under-inclusive.

### c. Discovery Requests

In your letter of July 2, 2008, you once again refused to produce documents in response to Request Nos. 12, 20, 22 and 23. As I explained in my June 24 letter, the documents relating to Tocad's efforts to design-around Joby's trade dress are relevant to Tocad's claim that Joby's trade dress is nonfunctional and Joby's claim that this case is exceptional. Tocad's outright refusal to produce these documents undermines our ability to respond to your motion for summary judgment and to address issues which are likely to arise at the settlement conference.

Your refusal to produce organizational charts similarly hampers our ability to conduct discovery in this case. Moreover, Joby has never asked Tocad to "create" an organizational chart. Rather, we requested that any organizational charts which exist be produced, which is in no way an overbroad request.

It seems clear from Tocad's letters that responsive data is not being reviewed and, therefore, not produced. Therefore, so that we may resolve these issues and move forward with discovery, please provide us with the requested information about the nine search terms Tocad has taken issue with. Also, please propose an alternative to reviewing images based solely on search terms. Finally, please confirm that you will produce documents responsive to Request Nos. 12, 20, 22 and 23. If we do not receive a substantive response from you, we will raise these issues with the Court next week.

Sincerely,

FENWICK & WEST LLP

Kimberly I. Culp

25933/00402/LIT/1287887.1