# Exhibit 4



131 S. Dearborn Street, Suite 1700
Chicago, IL 60603-5559
PHONE: 312.324.8400
FAX: 312.324.9400
www.perkinscoie.com

Debra R. Bernard
PHONE: (312) 324-8559
EMAIL: DBernard@perkinscoie.com

June 25, 2008

**VIA EMAIL**

Kimberly Culp
Silicon Valley Center
801 California Street
Mountain View, CA  94041

Re:   Joby v Tocad

Dear Kimberly:

This is in response to your letters dated June 18 and June 20, 2008.

Please note that contrary to your representation in your June 18 letter that we "made no objection" in the May 28 call to Joby's native production, nothing was "agreed" in that call and as you know in our response to your May 30 letter, we expressly raised concerns over Joby's decision in that regard. In any event, we reserve our rights to object to the native production if it ends up being problematic.

With respect to the .jpg issue, this case simply does not justify the expense of manually reviewing over 5000 jpg images which will be of questionable relevance to the merits of the case. The fact that Joby did so has no bearing on what may be reasonable. Additionally, Joby and Tocad are in very different positions—Joby has 2 products and Tocad sells over 1200 different SKUs not including the Flexpod products. Hence, a manual search of the jpg files will yield many other completely irrelevant products. It is entirely reasonable to consider an alternative method of review.

This brings up another issue that is becoming increasingly clear looking at the volume of data that you have indicated Joby has and the volume of data that we have collected—the search terms have resulted in almost 8 gigabytes of .psts alone. First, I do not know the amount of data that you are actually reviewing for responsiveness on a document by document basis or how much is actually responsive but it appears that the volumes of ESI collected and to be processed in this case are simply not justified by the scope of the case, relevant information that would be uncovered through these efforts or the amount realistically at issue. We only began discussing the ediscovery issues and protocols 3 weeks ago, agreed on search terms June 11 and have still been working out the details of review and production. Indeed, during the course of this correspondence, we have repeatedly indicated that the protocols may have to be revisited based upon data quantity. Indeed, it is fairly standard to try and agree on protocols taking into account volumes, the scope of the case and what may be reasonable for the particular case. At this time, we think that we should reevaluate the scope of the efforts that we are engaged in with respect to the

LEGAL14398601.1

Kimberly Culp
June 25, 2008
Page 2

discovery of ESI both in view of the pending settlement conference and our pending summary judgment. The fact that Joby may have rushed to a full scale review before the protocols were fully resolved does not mandate that Tocad must do the same.

For example, we need to reevaluate some of the search terms which as I previously advised you I thought would be overbroad. Terms that have yielded an excessive number of results and which include many other products not at issue are: PRO, Best Buy, B& H, Circuit, DBL, Gentec, PMA, Quantaray and Ritz. Please provide alternatives for these terms.

As you know, Tocad's gross profits on the Flexpod and Flexpod Plus products is only approximately $400,000 and by July 15, 2008, we will have stopped selling the existing Flexpod and Flexpod Plus products.[1] Further, we have made a counter proposal to Joby's settlement demand that we have not received a response to yet, and we have a settlement conference scheduled with Magistrate Judge Chen next month. We believe that the information most relevant for purposes of the settlement conference is the information already produced, i.e. the financial information and we will be producing some additional development documents this week. This is not a complicated case nor one that given its current posture, the parties should be expending substantial sums on with the incredibly expensive ediscovery process if it may settle or be resolved by summary judgment.

We welcome the opportunity to discuss these issues.

Very truly yours,

Debra R. Bernard

Enclosure

cc:   Michael O. Warnecke
      Jason A. Yurasek
      Brandy R. McMillion
      Virginia K. DeMarchi
      Charlene M. Morrow

---

[1] The sales and profits figures we have given you, as we have previously advised, are for worldwide sales. We are putting together cost information –again as you know, Tocad sells many other products so it is not as simple an exercise for Tocad as it is for Joby. Moreover, frankly, the cost information is of little relevance for settlement purposes—you have our worldwide sales and gross profits—which are substantially less than Joby and the legal fees likely to be incurred in this case.

LEGAL14398601.1