MICHAEL O. WARNECKE (IL Bar No. 2942291)
mwarnecke@perkinscoie.com
DEBRA R. BERNARD (IL Bar No. 6191217)
dbernard@perkinscoie.com
BRANDY R. MCMILLION (IL Bar No. 6294679)
bmcmillion@perkinscoie.com
PERKINS COIE LLP
131 S. Dearborn Street, Suite 1700
Chicago, IL 60603-5559
Telephone:     (312) 324-8587
Facsimile:     (312) 324-9587

JASON A. YURASEK (CSB No. 202131)
jyurasek@perkinscoie.com
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone:     (415) 344-7021
Facsimile:     (415) 344-7221

Attorneys for Defendant
TOCAD AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOBY, INC.,<br><br>            Plaintiff,<br><br>v.<br><br>TOCAD AMERICA, INC.,<br><br>            Defendant. | Case No. 3:07-CV-06455 (SI)<br><br>**DEFENDANT TOCAD'S OBJECTION AND OPPOSITION TO JOBY'S MOTION FOR ADMINISTRATIVE RELIEF REQUESTING A CONTINUANCE OF THE SUMMARY JUDGMENT HEARING**<br><br>Date:        August 22, 2008<br>Time:       9:00 a.m.<br>Courtroom:  10, 19th Floor<br>Before:     Honorable Susan Illston |

## I.   OBJECTION TO JOBY'S PROCEDURE IN FILING ITS MOTION

Joby improperly brought its Motion for Administrative Relief to Continue the Summary Judgment Hearing pursuant to Civil Local Rule 7-11(a) ("Joby's Motion").  Civil Local Rule 7-11(a) specifically addresses "miscellaneous administrative matters, *not otherwise governed by* a federal statute, *Federal or local rule* or standing order of the assigned judge."  However, Joby's request is governed by **both** federal and local rule—Local Rule 6-3 expressly addresses a Motion to Change Time and as acknowledged by Joby, Fed. R. Civ. P. 56(f) governs a motion to continue a summary judgment hearing.  Tocad raised this issue with Joby and was rebuffed as was Tocad's offer to meet either in person or via telephone to discuss the matter and determine what, if anything, Joby truly needed to respond to Tocad's Motion for Summary Judgment.  (Declaration of Debra R. Bernard in Support of Tocad's Objection and Opposition ("Bernard Declaration") ¶ 2).  Given Joby's contumacious disregard of the Court's local rules and Tocad's requests to resolve this matter informally, Tocad respectfully requests that the Court strike Joby's Motion.  However, if the Court should consider Joby's improperly filed request, Tocad responds as follows.

## II.   TOCAD'S SUMMARY JUDGMENT MOTION

Tocad's Motion raises a discrete issue—that Joby does not have a legally protectible trade dress.[1]  Tocad's motion is ripe for consideration because Joby's own admissions in its utility patent applications in the United States Patent and Trademark Office ("PTO") and its statements in advertising and promotional materials, demonstrate that the features Joby is claiming as its "trade dress" are clearly functional and therefore not protectible as trade dress as a matter of law.[2]  Joby is seeking utility patent protection, *inter alia,* on a flexible tripod with spherical segments in a ball and socket construction and a circumferential ring around the segments.  (Dkt. 72, 6/20/2008 at 1-7).[3]  Joby claims that its trade dress is comprised of "rounded segments (or "balls") connected together," a ring around the middle in a color that contrasts with the color of

---

[1] It is axiomatic that "trade dress protection may not be claimed for product features that are functional." *TrafFix Devices, Inc. v. Marketing Displays, Inc.,* 532 U.S. 23, 29 (2001).
[2] Indeed, one of the reasons that Tocad filed an early summary judgment is that discovery costs are escalating disproportionately to the issues in this case and Joby's own admissions are dispositive of the legal issues.
[3] Joby is seeking patent protection for the very same elements that it claims are its trade dress.  "If trade dress protection is sought for those features the strong evidence of functionality based on the previous patent adds great weight to the statutory presumption that features are deemed functional until proved otherwise by the party seeking trade dress protection." *TrafFix,* 532 U.S. at 29-30.

the segment"[4] and "rounded feet." (*Id.* at 1-2). Joby's advertising focuses on the functional aspects of these features not its appearance: the flexible joints that can "bend and rotate 360º to form the perfect shape" and the rubberized ring and foot grips that "provide extra gripping power to grapple wherever you want to go." (*Id*. at 1). Tocad's Motion also asserts that Joby cannot prove that its alleged trade dress acquired secondary meaning. Joby has not adequately set forth any specific facts it wishes to discover—as required by Rule 56(f)—that can overcome its own admissions and statements regarding the functionality of the claimed trade dress features and the lack of secondary meaning as a matter of law. Further discovery is an unnecessary expense.

### III. JOBY'S IMPROPERLY FILED MOTION SHOULD BE DENIED

As Joby points out, a Rule 56(f) may only be granted if "a party opposing a motion shows by affidavit that, for *specified* reasons, it cannot present facts to justify its opposition." Fed. R. Civ. P. 56(f)(2) (emphasis added). Joby has wholly failed to present such facts.[5]

#### A. Joby's Rule 56(f) Motion Is Not Pled With Specificity

Joby's Motion does not meet the requirements of Rule 56(f). Joby claims that Rule 56(f) motions should be "freely" granted "almost as a matter of course." (Joby Mem. at 2). However, to succeed on a Rule 56(f) motion, a litigant must show… that further discovery opportunities will reveal facts that will *preclude* summary judgment. The movant must '***make clear what information is sought and how it would preclude summary judgment***'." *Chaganti v. Cerifian Benefits Services, Inc.*, 208 Fed.Appx. 541, 546 (9th Cir. 2006) (internal citations omitted) (emphasis added). The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought even exists. *Woods v. Wright Institute*, 141 F.3d 1183 (9th Cir. 1998). Rule 56(f) motions should be denied where the evidence sought is almost certain to be non-existent or the object of pure speculation. *Vanke v. Block*, 77 Fed.Appx. 948, 950 (9th Cir. 2003).

Joby does not specifically identify any facts which would help it overcome Tocad's

---

[4] The only nonfunctional aspect of its trade dress claimed by Joby is the contrasting color of the circumferential ring. However, Joby cannot claim protection in the use of "contrasting colors." *Keystone Camera Products Corp. v. Ansco Photo-Optical Products Corp.,* 667 F. Supp. 1221, 1229 (N.D. Ill. 1987). In *Keystone Camera,* the Court noted that to "grant plaintiff trade dress protection for combinations of unspecified contrasting colors would allow the plaintiff to monopolize all combinations of contrasting colors." *Id.*

[5] As set forth in the Bernard Declaration, most if not all of Joby's complaints regarding discovery are unfounded, inaccurate and irrelevant and do not provide a basis to continue the summary judgment hearing.

Motion. Instead, Joby asserts "fanciful allegations [and] bare assertions" that the evidence it seeks is in the hands of Tocad, yet does not identify any specific such evidence—and indeed, Tocad's products are irrelevant to whether the claimed features of *Joby's* product are functional as admitted by Joby in its PTO submissions. *Id.* Recognizing the significant substantive import of Tocad's Motion, Joby tries to rescue its position by claiming to need a paid expert to spout its legal position, which cannot stand on its own. However, Joby has failed show why expert testimony is even needed on these issues. Expert testimony is only appropriate in circumstances where the issue is too complicated for the fact finder to comprehend. *Maffei v. Northern Ins. Co. of New York,* 12 F.3d 892, 897 (9th Cir. 1993).

Joby claims that there is discovery it has allegedly not received (as discovery is ongoing) but wholly fails to specifically identify how the information will preclude summary judgment as required by Rule 56(f).[6] *Chaganti, supra.* Given that Joby has failed to identify how the additional discovery will aid its opposition and failed to identify that the evidence actually exists beyond pure speculation, the Court should deny its Motion.

### B.    Joby's Request For Evidence On Ornamental Nature Of Joby's Trade Dress

Joby's request for additional discovery on the "ornamental" nature of its own alleged trade dress is an attempt to mislead this Court into thinking that it can create a genuine issue of material fact with respect to the functionality of its trade dress. However, what Joby fails to inform the Court is that while functionality is a question of fact, *it can be decided on summary judgment*. *Global Manufacture Group, LLC v. Gadget Universe.com,* 417 F.Supp.2d 1161, 1167 (S.D. Cal. 2006) (internal citation omitted) (emphasis added). No genuine issue of material fact exists, as Tocad's Motion is based entirely on Joby's own documents evidencing the functionality of the features Joby claims constitute its trade dress and the applicable case law.

Joby disingenuously claims that Tocad has in its possession documents that are essential to the functionality issue because Tocad redesigned the first version of its product (which became Flexpod Plus) and those design documents will somehow show mechanical changes were made, but the same look was achieved. (Joby Mem. at 2). However, Tocad has produced various

---

[6] Joby misrepresents to the Court that Tocad has refused certain relevant discovery. However, after filing, Joby admits that Tocad has cooperated with discovery. This issue is addressed in the Bernard Declaration. (Bernard Decl. ¶ 6).

design drawings and actual prototypes to Joby during each redesign process. (Bernard Decl. ¶ 3). The products themselves, which Joby has, are obviously the best evidence of the redesign and allow Joby to evaluate the functional features of the products—if that were even a relevant consideration. Tocad has also agreed to produce and has produced information relating to the subsequent redesigns of it product (which is known as "Flexpod 3").[7] *Id*. at ¶ 3. Therefore, documents relating to the design and functionality of Tocad's products (although the functionality of Tocad's products is not at issue) are already in Joby's possession.[8]

Joby also claims that it needs to take the deposition of the Flexpod designer. But again, Joby fails to state with specificity what, if any facts, it can adduce that will assist it in overcoming the undisputed facts in Joby's own documents that demonstrate the functionality of the claimed trade dress features. Additionally, Joby is seeking a continuance to allow for a "technical expert" to opine on the issue of whether there are alternative designs which prove the features it claims as its trade dress are non-functional. This is red hearing. If a product feature is functional, it does not matter whether there are alternative designs available that perform the same function — the availability of alternative designs is irrelevant. *TrafFix,* 532 U.S. at 33 ("There is no need…to engage…in speculation about other design possibilities which might serve the same purpose where functionality is established."). Joby's own statements to the PTO indicate the functionality of the product features and the inquiry can end there.

### C.    Joby's Request For Evidence On Secondary Meaning is Insufficient

Since Joby cannot establish the non-functionality of its trade dress in the first instance, the Court need not even consider whether or not Joby can establish secondary meaning. In any event, the existence of secondary meaning is proper for consideration on summary judgment as a matter of law. *See Cont'l. Lab. Products v. Medax Int'l, Inc.*, 114 F.Supp.2d 992 (S.D. Cal. 2000). Joby claims that it needs evidence of channel overlap, actual confusion and copying to determine "what further deposition testimony is necessary in order to gain admissible evidence for trial."

---

[7] Indeed, design documents were produced during the course of settlement discussions pursuant to F.R.E. 408 and Tocad has now produced those documents without the Rule 408 protection. Tocad also produced the correspondence relating thereto which includes Joby's assertions regarding those designs. While Joby wants the design documents, Joby objects to the production of the correspondence which sets forth Joby's meritless objections to those designs.

[8] Interestingly, during the course of discovery, Joby has refused Tocad's requests for documents related to Joby's pending utility patent applications. (Bernard Declaration ¶ 5). Notwithstanding Joby's baseless refusal to produce those documents, Tocad believes that the patent applications provide further evidence of Joby's admissions to the PTO regarding the functionality of the claimed features.

TOCAD'S OBJECTION AND OPPOSITION TO JOBY'S MOTION FOR ADMINISTRATIVE RELIEF REQUESTING A CONTINUANCE OF THE SUMMARY JUDGMENT HEARING
CASE NO. 3:07-CV-06455 (SI)     - 4 -
64091-0006/LEGAL14453438.3

(Joby Mem. at 4). However, the issues "for trial" are irrelevant to Tocad's Motion. The relevant inquiry is whether Joby can identify information that will defeat Tocad's Motion—which it has not done. Moreover, Tocad has already produced documents related to this issue. (Bernard Decl. ¶ 7).

Joby's additional claim that it will need a "competition expert" to opine on secondary meaning is also insufficient to overcome the undisputed evidence set forth in Tocad's Motion upon which the Court can determine whether a flexible tripod has established secondary meaning as a matter of law—based on the amount and nature of Joby's advertising already provided and the short eight month period of exclusivity. *Braun Inc. v. Dynamic Corp. of America,* 975 F.2d 815, 826 (Fed. Cir. 1992).

### D.     CONCLUSION

Joby has not specifically identified how any expert opinion, deposition testimony or additional documents will preclude Tocad's Motion. To the contrary, the Court is already armed with the essential information —Joby's own admissions to the PTO and its advertising which touts the functional features of its product rather than the "look" —to determine the issues ripe for summary judgment. The Court should not be distracted by the red hearings that Joby now puts before it. Tocad respectfully requests that the Court strike Joby's Motion or deny it in its entirety.

Respectfully submitted,

Dated: July 10, 2008

PERKINS COIE LLP

By:     /s/ Jason A. Yurasek
　　　　Jason A. Yurasek
　　　　Perkins Coie LLP
　　　　Four Embarcadero Center, Suite 2400
　　　　San Francisco, CA 94111-4131
　　　　Telephone:     (415) 344-7021
　　　　jyurasek@perkinscoie.com

Attorneys for Defendant
TOCAD AMERICA, INC.